No. 21-10373

# In the United States Court of Appeals
# for the Fifth Circuit

---

EXXON MOBIL CORPORATION,
PLAINTIFF-APPELLANT/CROSS-APPELLEE

*v.*

UNITED STATES OF AMERICA,
DEFENDANT-APPELLEE/CROSS-APPELLANT

---

*ON APPEAL FROM THE UNITED STATES DISTRICT COURT*
*FOR THE NORTHERN DISTRICT OF TEXAS (CIV. NO. 16-2921)*
*(THE HONORABLE DAVID C. GODBEY, J.)*

---

## RECORD EXCERPTS

---

EMILY A. PARKER
MARY A. MCNULTY
LEONORA S. MEYERCORD
J. MEGHAN MCCAIG
THOMPSON & KNIGHT LLP
  *1722 Routh Street, Suite 1500*
  *Dallas, TX 75201*

KEVIN L. KENWORTHY
GEORGE A. HANI
ANDREW L. HOWLETT
MILLER & CHEVALIER, CHARTERED
  *900 16th Street, N.W.*
  *Washington, DC 20006*

KANNON K. SHANMUGAM
BRIAN M. LIPSHUTZ
MATTEO GODI
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
  *2001 K Street, N.W.*
  *Washington, DC 20006*
  *(202) 223-7300*

ADAM P. SAVITT
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
  *1285 Avenue of the Americas*
  *New York, NY 10019*

# TABLE OF CONTENTS

Page

1. Docket sheet ................................................................... ROA.1-52

2. Notices of appeal ................................................. ROA.5814-5817

3. Summary judgment order .................................... ROA.1249-1251

4. Findings of fact and conclusions of law ............... ROA.5164-5188

5. Order on penalties and additional findings ....... ROA.5757-5770

6. Final judgment .................................................. ROA.5776-5777

7. Complaint ............................................................. ROA.53-65

8. Supplemental complaint ....................................... ROA.700-711

9. Exxon Mobil Corporation's Rule 52(b) motion for additional findings .............................................. ROA.5189-5193

10. Excerpt of IRS Form 720, Quarterly Federal Excise Tax Return ....................................................... ROA.771-772

11. Excerpts of Exxon Mobil Corporation's trial exhibits ......................................... ROA.6977, 6980, 6994, 7085, 7114, 7170

12. Exxon Mobil Corporation's Exhibit 318, from filing of excerpts of Ayob Yahaya's deposition testimony ............. ROA.4964-4965

13. Certificate of service

# TAB 1

APPEAL,CLOSED,DISCREF,EXH-ADM,RAMIREZ,STAYED

# U.S. District Court
## Northern District of Texas (Dallas)
## CIVIL DOCKET FOR CASE #: 3:16-cv-02921-N-BH

| | |
|---|---|
| Exxon Mobil Corporation v. United States of America | Date Filed: 10/18/2016 |
| Assigned to: Judge David C Godbey | Date Terminated: 02/19/2021 |
| Referred to: Magistrate Judge Irma Carrillo Ramirez | Jury Demand: None |
| Related Case:  3:17-cv-02318-N | Nature of Suit: 870 Federal Tax Suits: Taxes |
| Case in other court:  USCA5, 21-10373 | (US Plaintiff or Defendant) |
| Cause: 28:1346 Recovery of IRS Tax | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**Exxon Mobil Corporation**                    represented by    **Emily A Parker**
Thompson & Knight LLP
1722 Routh Street
Suite 1500
Dallas, TX 75201
214-969-1502
Fax: 214-880-3184
Email: emily.parker@tklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Andrew Lewis Howlett**
Miller & Chevalier Chartered
900 16th St NW
Washington, DC 20006
202-626-5821
Fax: 202-626-5801
Email: ahowlett@milchev.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Dina McKenney**
Thompson & Knight LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
214-969-1757
Fax: 214-969-1751
Email: dina.mckenney@tklaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**George Anthony Hani**
Miller & Chevalier Chartered
900 16th St NW
Washington, DC 20006
202-626-5953
Fax: 202-626-5801

Email: ghani@milchev.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Jennifer Meghan Nylin McCaig**
Thompson & Knight LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
214-893-2844
Fax: 214-969-1751
Email: meghan.mccaig@tklaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Kevin L Kenworthy**
Miller & Chevalier Chartered
900 Sixteenth St NW
Washington, DC 20006
202-626-5848
Fax: 202-626-5801
Email: kkenworthy@milchev.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Leonora Susan Meyercord**
Thompson & Knight LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
214-969-1315
Fax: 214-999-1590
Email: Lee.Meyercord@tklaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Mary A McNulty**
Thompson & Knight LLP
1722 Routh St
Suite 1500
Dallas, TX 75201
214-969-1187
Fax: 214-880-3182
Email: Mary.McNulty@tklaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Richard B Phillips, Jr**
Thompson & Knight
1722 Routh St
Suite 1500
Dallas, TX 75201-2533
214/969-1148
Email: rich.phillips@tklaw.com
*ATTORNEY TO BE NOTICED*

*Bar Status: Admitted/In Good Standing*

**William Mayer Katz, Jr**
Thompson & Knight LLP
1722 Routh St
Suite 1500
Dallas, TX 75201-2533
214-969-1330
Fax: 214-880-3279 FAX
Email: william.katz@tklaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**Defendant**

**United States of America**                    represented by    **Cory A Johnson**
U.S. Department of Justice, Tax Division
PO Box 26
Washington, DC 20044-0026
202-307-3046
Fax: 202-514-9440
Email: cory.a.johnson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Elizabeth Ann Kanyer**
US Department of Justice - Tax Division
Ben Franklin Station
Washington, DC 20044
202-514-0600
Email: elizabeth.a.kanyer@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jonathan L Blacker**
US Department of Justice
Tax Division
717 N Harwood
Suite 400
Dallas, TX 75201
214-880-9765
Fax: 214-880-9741
Email: jonathan.blacker2@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Joshua David Smeltzer**
Gray Reed & McGraw PLLP
1601 Elm Street, Suite 4600
Dallas, TX 75201-3005

972-922-0129
Fax: 214-953-1332
Email: jsmeltzer@grayreed.com
*TERMINATED: 01/04/2019*
*Bar Status: Admitted/In Good Standing*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/18/2016 | 1 (p.53) | COMPLAINT against United States of America filed by Exxon Mobil Corporation. (Filing fee $400; Receipt number 0539-7941491) Plaintiff will submit summons(es) for issuance. In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 (p.53) Cover Sheet) (Katz, William) (Entered: 10/18/2016) |
| 10/18/2016 | 2 (p.67) | Request for Clerk to issue Summons to Attorney General for the United States Loretta E. Lynch filed by Exxon Mobil Corporation. (Katz, William) (Main Document 2 replaced with flattened image on 5/3/2021) (ajb) (Entered: 10/18/2016) |
| 10/18/2016 | 3 (p.69) | Request for Clerk to issue Summons to Civil Process Clerk, United States Attorney filed by Exxon Mobil Corporation. (Katz, William) (Main Document 3 replaced with flattened image on 5/3/2021) (ajb) (Entered: 10/18/2016) |
| 10/18/2016 | 4 (p.71) | Request for Clerk to issue Summons to John A. Koskinen, Commissioner, Internal Revenue Service filed by Exxon Mobil Corporation. (Katz, William) (Main Document 4 replaced with flattened image on 5/3/2021) (ajb) (Entered: 10/18/2016) |
| 10/18/2016 | 5 (p.73) | New Case Notes: A filing fee has been paid. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge (Judge Ramirez). Clerk to provide copy to plaintiff if not received electronically. (ndt) (Entered: 10/18/2016) |
| 10/18/2016 | 6 (p.75) | Summons issued as to United States of America, U.S. Attorney, and U.S. Attorney General. (Attachments: # 1 (p.53) Additional Page(s) Summons) (ndt) (Entered: 10/18/2016) |

| 10/18/2016 | 7 (p.79) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Exxon Mobil Corporation. (Katz, William) (Main Document 7 replaced with flattened image on 5/3/2021) (ajb) (Entered: 10/18/2016) |
|---|---|---|
| 10/19/2016 | 8 (p.81) | Request for Clerk to issue Summons on United States of America by Service Upon Commissioner of IRS - John A. Koskinen filed by Exxon Mobil Corporation. (Katz, William) (Main Document 8 replaced with flattened image on 5/3/2021) (ajb) (Entered: 10/19/2016) |
| 10/19/2016 | 9 (p.83) | Summons issued as to United States of America. (ndt) (Entered: 10/19/2016) |
| 11/09/2016 | 10 (p.85) | SUMMONS Returned Executed as to United States of America, served on 10/25/2016; US Attorney, served on 10/24/2016; Attorney General, 10/25/2016. (rekc) (Entered: 11/09/2016) |
| 11/14/2016 | 11 (p.94) | Unopposed Motion for Extension of Time to File Answer *United States' Unopposed Motion for Extension of the Time to Answer or Otherwise Respond* filed by United States of America Attorney Joshua David Smeltzer added to party United States of America(pty:dft) (Smeltzer, Joshua) (Entered: 11/14/2016) |
| 11/15/2016 | 12 (p.98) | NOTICE of Attorney Appearance by Jennifer Meghan Nylin on behalf of Exxon Mobil Corporation. (Filer confirms contact info in ECF is current.) (Nylin, Jennifer) (Entered: 11/15/2016) |
| 11/21/2016 | 13 | ELECTRONIC ORDER granting 11 (p.94) Motion for Extension of Time to File Answer. United States of America answer due 2/6/2017. (Ordered by Judge David C Godbey on 11/21/2016) (chmb) (Entered: 11/21/2016) |
| 02/06/2017 | 14 (p.101) | ANSWER to 1 (p.53) Complaint,,,, filed by United States of America. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. Attorney Cory A Johnson-DOJ added to party United States of America(pty:dft) (Johnson-DOJ, Cory) (Entered: 02/06/2017) |
| 02/06/2017 | 15 (p.109) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by United States of America. (Smeltzer, Joshua) (Entered: 02/06/2017) |
| 02/07/2017 | 16 (p.111) | ORDER REQUIRING STATUS AND SCHEDULING CONFERENCE: The parties are directed to confer within 14 days of the date of this Order regarding the following |

| | | |
|---|---|---|
| | | matters, and report to the Court within 14 days after the conference the parties' position. (Ordered by Judge David C Godbey on 2/7/2017) (twd) (Entered: 02/07/2017) |
| 03/07/2017 | 17 (p.113) | Joint STATUS REPORT *of Rule 26(f) Status and Scheduling Conference* filed by Exxon Mobil Corporation. (Nylin, Jennifer) (Entered: 03/07/2017) |
| 03/15/2017 | 18 (p.131) | ORDER REFERRING CASE to Magistrate Judge Irma Carrillo Ramirez for all pretrial discovery matters. (Ordered by Judge David C Godbey on 3/15/2017) (twd) (Entered: 03/15/2017) |
| 03/23/2017 | 19 | ELECTRONIC Minute Entry for proceedings held before Judge David C Godbey and Magistrate Judge Ramirez: Status Conference held on 3/23/2017. Attorney Appearances: Plaintiff - Emily A. Parker, Kevin L. Kenworthy and George Anthony Hani; Defense - Cory A. Johnson. (Court Reporter: Linda Langford) (No exhibits) Time in Court - :35. (chmb) (Entered: 03/23/2017) |
| 03/23/2017 | 20 | ELECTRONIC Minute Entry for proceedings held before Judge David C Godbey and Magistrate Judge Ramirez: Status Conference held on 3/23/2017. Attorney Appearances: Plaintiff - Emily A. Parker, Kevin L. Kenworthy and George Anthony Hani; Defense - Cory A. Johnson. (Court Reporter: Linda Langford) (No exhibits) Time in Court - :35. (mcrd) (Entered: 03/23/2017) |
| 03/23/2017 | 21 (p.132) | SCHEDULING ORDER: Trial set for a one week docket starting 10/15/2018 before Judge David C Godbey. (Ordered by Judge David C Godbey on 3/23/2017) (rekc) (Entered: 03/23/2017) |
| 03/28/2017 | 22 (p.136) | MOTION for Protective Order filed by Exxon Mobil Corporation with Brief/Memorandum in Support. (Attachments: # 1 (p.53) Exhibit(s) 1, # 2 (p.67) Exhibit(s) 2, # 3 (p.69) Exhibit(s) 3) (Nylin, Jennifer) (Entered: 03/28/2017) |
| 03/28/2017 | 23 (p.181) | ORDER re: 22 (p.136) Plaintiff Exxon Mobil Corporation's Motion for Entry of Protective Order and Brief in Support. Respondent may file a response by 4/18/2017. Movant may file a reply by 5/2/2017. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 3/28/2017) (mcrd) (Entered: 03/28/2017) |
| 04/07/2017 | 24 (p.182) | Joint MOTION for Entry of Agreed Clawback Order filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Exhibit(s) A) (Nylin, Jennifer) (Entered: 04/07/2017) |
| 04/07/2017 | 25 (p.189) | Agreed Clawback Order. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 4/7/2017) (mcrd) (Entered: 04/07/2017) |
| 04/18/2017 | 26 (p.192) | |

| | | |
|---|---|---|
| | | RESPONSE AND OBJECTION filed by United States of America re: 22 (p.136) MOTION for Protective Order (Attachments: # 1 (p.53) Exhibit(s) 1 - Exxon - US Protective Order, # 2 (p.67) Exhibit(s) 2 - Exxon - Redline bw Court and US Prot Order, # 3 (p.69) Exhibit(s) 3 - Exxon Letter to DOJ Transmitting Proposed Protective Order) (Blacker, Jonathan) (Entered: 04/18/2017) |
| 05/02/2017 | 27 (p.254) | REPLY filed by Exxon Mobil Corporation re: 22 (p.136) MOTION for Protective Order (Attachments: # 1 (p.53) Exhibit(s) 1, # 2 (p.67) Exhibit(s) 2, # 3 (p.69) Exhibit(s) 3) (Nylin, Jennifer) (Entered: 05/02/2017) |
| 06/20/2017 | 28 | ELECTRONIC ORDER granting 22 (p.136) Motion for Protective Order. The Court finds that the plaintiff has sufficiently established good cause for the entry of a protective order under Fed. R. Civ. P. 26(c)(1)(G). A protective order will be entered separately, after consideration of the parties proposed modifications to the Courts model order, their arguments and legal authority in support of their respective proposals, and the requirements of Rule 26(c). (Ordered by Magistrate Judge Irma Carrillo Ramirez on 6/20/2017) (Magistrate Judge Irma Carrillo Ramirez) (Entered: 06/20/2017) |
| 06/20/2017 | 29 (p.343) | PROTECTIVE ORDER. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 6/20/2017) (aaa) (Entered: 06/21/2017) |
| 06/30/2017 | 30 (p.356) | MOTION for Clarification re 29 (p.343) Protective Order filed by Exxon Mobil Corporation with Brief/Memorandum in Support. (Attachments: # 1 (p.53) Exhibit(s) A, # 2 (p.67) Proposed Order) (Nylin, Jennifer) (Entered: 06/30/2017) |
| 06/30/2017 | 31 | ELECTRONIC ORDER denying 30 (p.356) Plaintiff Exxon Mobil Corporation's Motion for Clarification of Protective Order and Brief in Support. The Court disagrees that the general finding that good cause exists for entry of a protective order conflicts with the defendant's position regarding information that was already in its possession. It declines to clarify paragraph 2 to confirm that confidential and proprietary information provided to the IRS during the audit can be designated as "Confidential Information." (Ordered by Magistrate Judge Irma Carrillo Ramirez on 6/30/2017) (Magistrate Judge Irma Carrillo Ramirez) (Entered: 06/30/2017) |
| 07/05/2017 | 32 (p.380) | United States' Objection to and Motion for Relief from Paragraph 8 of the Protective Order re 29 (p.343) Protective Order filed by United States of America (Smeltzer, Joshua) Modified title and terminated motion per Magistrate Judge on 7/6/2017 (ctf). (Entered: 07/05/2017) |

| | | |
|---|---|---|
| 07/05/2017 | 33 (p.388) | Objection to Paragraph 2 of the Protective Order re 29 (p.343) Protective Order filed by Exxon Mobil Corporation with Brief/Memorandum in Support. (Nylin, Jennifer) Modified title and terminated motion per Magistrate Judge on 7/6/2017 (ctf). (Entered: 07/05/2017) |
| 07/26/2017 | 34 (p.402) | RESPONSE filed by United States of America re: 33 (p.388) MOTION Objection to Paragraph 2 of the Protective Order re 29 (p.343) Protective Order (Blacker, Jonathan) (Entered: 07/26/2017) |
| 07/26/2017 | 35 (p.415) | RESPONSE filed by Exxon Mobil Corporation re: 32 (p.380) MOTION United States' Objection to and Motion for Relief from Paragraph 8 of the Protective Order re 29 (p.343) Protective Order (Katz, William) (Entered: 07/26/2017) |
| 08/09/2017 | 36 (p.424) | REPLY filed by United States of America re: 32 (p.380) MOTION United States' Objection to and Motion for Relief from Paragraph 8 of the Protective Order re 29 (p.343) Protective Order (Johnson, Cory) (Entered: 08/09/2017) |
| 08/09/2017 | 37 (p.430) | REPLY filed by Exxon Mobil Corporation re: 33 (p.388) MOTION Objection to Paragraph 2 of the Protective Order re 29 (p.343) Protective Order (Nylin, Jennifer) (Entered: 08/09/2017) |
| 09/05/2017 | 38 | ELECTRONIC ORDER overruling 32 (p.380) Objection to Paragraph 8 of the Protective Order of the United States. (Ordered by Judge David C Godbey on 9/5/2017) (chmb) (Entered: 09/05/2017) |
| 09/05/2017 | 39 | ELECTRONIC ORDER overruling 33 (p.388) Objection to Paragraph 2 of the Protective Order by Exxon Mobil. (Ordered by Judge David C Godbey on 9/5/2017) (chmb) (Entered: 09/05/2017) |
| 09/14/2017 | 40 (p.442) | NOTICE of Attorney Appearance by Leonora Susan Meyercord on behalf of Exxon Mobil Corporation. (Filer confirms contact info in ECF is current.) (Meyercord, Leonora) (Entered: 09/14/2017) |
| 09/15/2017 | 41 (p.445) | MOTION for Leave to File a Supplemental Complaint and Brief in Support filed by Exxon Mobil Corporation with Brief/Memorandum in Support. (Attachments: # 1 (p.53) Proposed Order) (Katz, William) (Entered: 09/15/2017) |
| 09/19/2017 | 42 (p.458) | RESPONSE filed by United States of America re: 41 (p.445) MOTION for Leave to File a Supplemental Complaint and Brief in Support (Johnson, Cory) (Entered: 09/19/2017) |
| 09/22/2017 | 43 (p.462) | ORDER GRANTING PLAINTIFF EXXON MOBIL CORPORATION'S 41 (p.445) MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT: Plaintiff |

| | | |
|---|---|---|
| | | may file its Supplemental Complaint on or before fourteen days after the earlier of the following events: (a) the disallowance by the Internal Revenue Service of the third refund claim filed 5/9/2017, or (b) the expiration of the statutory six-month waiting period on 11/8/2017. (Ordered by Judge David C Godbey on 9/22/2017) (ran) (Entered: 09/22/2017) |
| 10/09/2017 | 44 (p.463) | MOTION for Protective Order , *Brief in Support, and Request for Oral Argument* filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Proposed Order) (Katz, William) (Entered: 10/09/2017) |
| 10/09/2017 | 45 (p.498) | Appendix in Support filed by Exxon Mobil Corporation re 44 (p.463) MOTION for Protective Order , *Brief in Support, and Request for Oral Argument* (Katz, William) (Entered: 10/09/2017) |
| 10/10/2017 | 46 (p.552) | ORDER re: 44 (p.463) Plaintiff Exxon Mobil Corporation's Motion for Protective Order, Brief in Support, and Request for Oral Argument. Counsel for the parties to the dispute are hereby ORDERED to meet face-to-face to fully confer on each of the items in dispute. Agreed proposed order or joint submission due by 10/23/2017. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 10/10/2017) (mcrd) (Entered: 10/10/2017) |
| 10/23/2017 | 47 (p.557) | Joint Submission on Discovery Matters by Exxon Mobil Corporation. (Katz, William) (Entered: 10/23/2017) |
| 10/23/2017 | 48 (p.604) | Appendix in Support filed by Exxon Mobil Corporation re 47 (p.557) Joint Submission on Discovery Matters (Katz, William) (Entered: 10/23/2017) |
| 10/24/2017 | 49 (p.686) | ORDER re: 44 (p.463) Plaintiff Exxon Mobil Corporation's Motion for Protective Order, Brief in Support, and Request for Oral Argument. Oral argument set for 10/31/2017 02:00 PM before Magistrate Judge Irma Carrillo Ramirez. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 10/24/2017) (mcrd) (Entered: 10/24/2017) |
| 10/31/2017 | 50 | ELECTRONIC Minute Entry for proceedings held before Magistrate Judge Irma Carrillo Ramirez: Hearing held on 10/31/2017 re: 44 (p.463) Plaintiff Exxon Mobil Corporation's Motion for Protective Order, Brief in Support, and Request for Oral Argument. Attorney Appearances: Plaintiff - William Mayer Katz, Jr, Emily A Parker; Defense - Cory A Johnson, Jonathan L Blacker, Joshua David Smeltzer. (Court Reporter: Digital File) (No exhibits) Time in Court - 1:23. (mcrd) (Entered: 10/31/2017) |
| 10/31/2017 | 51 (p.687) | ORDER granting in part 44 (p.463) Plaintiff Exxon Mobil Corporation's Motion for Protective Order, Brief in |

| | | |
|---|---|---|
| | | Support, and Request for Oral Argument. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 10/31/2017) (mcrd) (Entered: 10/31/2017) |
| 10/31/2017 | 52 (p.688) | Amended Protective Order. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 10/31/2017) (mcrd) (Entered: 11/01/2017) |
| 11/03/2017 | 53 (p.5827) | Notice of Filing of Official Electronic Transcript of Motion for Protective Order (#44) Proceedings held on 10/31/2017 before Judge Irma Carrillo Ramirez. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If redaction is necessary, a Redaction Request - Transcript must be filed within 21 days. If no such Request is filed, the transcript will be made available via PACER without redaction after 90 calendar days. If redaction request filed, this transcript will not be accessible via PACER; see redacted transcript. The clerk will mail a copy of this notice to parties not electronically noticed. (55 pages). Redaction Request due 11/24/2017. Redacted Transcript Deadline set for 12/4/2017. Release of Transcript Restriction set for 2/1/2018. (Rehling, Kathy) (Entered: 11/03/2017) |
| 11/17/2017 | 54 (p.700) | First Supplemental Complaint by Exxon Mobil Corporation as to 1 (p.53) Complaint. (Katz, William) Modified text on 11/20/2017 (ykp). (Entered: 11/17/2017) |
| 11/27/2017 | 55 (p.712) | MOTION (Unopposed) to Set Date for Response to First Supplemental Complaint filed by United States of America (Johnson, Cory) (Entered: 11/27/2017) |
| 12/01/2017 | 56 | ELECTRONIC ORDER granting 55 (p.712) Motion. US's responsive pleading to supplemental complaint is due by Jan. 16, 2018. (Ordered by Judge David C Godbey on 12/1/2017) (chmb) (Entered: 12/01/2017) |
| 12/08/2017 | 57 (p.716) | NOTICE of Attorney Appearance by Andrew Lewis Howlett on behalf of Exxon Mobil Corporation. (Filer confirms contact info in ECF is current.) (Howlett, Andrew) (Entered: 12/08/2017) |
| 12/08/2017 | 58 (p.719) | MOTION for Summary Judgment filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Proposed Order) (Kenworthy, Kevin) (Entered: 12/08/2017) |
| 12/08/2017 | 59 (p.724) | Brief/Memorandum in Support filed by Exxon Mobil Corporation re 58 (p.719) MOTION for Summary Judgment *Memorandum of Law In Support of Plaintiff Exxon Mobil Corporation's Motion for Partial Summary Judgment on Count I* (Kenworthy, Kevin) (Entered: 12/08/2017) |

| | | |
|---|---|---|
| 12/08/2017 | 60 (p.763) | Appendix in Support filed by Exxon Mobil Corporation re 58 (p.719) MOTION for Summary Judgment , 59 (p.724) Brief/Memorandum in Support of Motion, (Kenworthy, Kevin) (Main Document 60 replaced on 12/11/2017) (awc). Modified - replaced image with flattened document on 12/11/2017 (awc). (Entered: 12/08/2017) |
| 12/15/2017 | 61 (p.778) | MOTION Joint Motion to Modify Schedule filed by United States of America with Brief/Memorandum in Support. (Attachments: # 1 (p.53) Proposed Order) (Johnson, Cory) (Entered: 12/15/2017) |
| 12/18/2017 | 62 (p.787) | MOTION for Extension of Time to File Response/Reply to 58 (p.719) MOTION for Summary Judgment filed by United States of America with Brief/Memorandum in Support. (Johnson, Cory) (Entered: 12/18/2017) |
| 12/21/2017 | 63 (p.796) | RESPONSE filed by Exxon Mobil Corporation re: 62 (p.787) MOTION for Extension of Time to File Response/Reply to 58 (p.719) MOTION for Summary Judgment (Attachments: # 1 (p.53) Proposed Order) (Kenworthy, Kevin) (Entered: 12/21/2017) |
| 12/21/2017 | 64 (p.806) | AMENDED SCHEDULING ORDER: Trial reset for Court's one week docket beginning 4/29/2019 before Judge David C Godbey. Discovery due by 1/29/2019. Motions due by 1/29/2019. (Ordered by Judge David C Godbey on 12/21/2017) (aaa) (Entered: 12/22/2017) |
| 01/16/2018 | 65 (p.809) | RESPONSE filed by United States of America re: 54 (p.700) Supplemental Document (Blacker, Jonathan) (Entered: 01/16/2018) |
| 01/30/2018 | 66 (p.816) | ORDER: This Order addresses Defendant United States of America's ("United States") motion to defer its deadline to respond to Plaintiff Exxon Mobil Corporation's ("Exxon") pending motion for partial summary judgment 62 (p.787) . The Court denies the motion. The Court further directs the United States to file its response to Exxon's pending motion for partial summary judgment within thirty (30) days of the date of this Order. (Ordered by Judge David C Godbey on 1/30/2018) (sss) (Entered: 01/30/2018) |
| 03/01/2018 | 67 (p.817) | Cross MOTION for Summary Judgment *(Partial)* filed by United States of America (Johnson, Cory) (Entered: 03/01/2018) |
| 03/01/2018 | 68 (p.821) | Brief/Memorandum in Support filed by United States of America re 67 (p.817) Cross MOTION for Summary Judgment *(Partial) and Response to Plaintiff's Motion for Partial Summary Judgment* (Attachments: # 1 (p.53) Exhibit(s) A - D (2008 Forms 720), # 2 (p.67) Exhibit(s) E - H (2009 Forms 720), # 3 (p.69) Exhibit(s) I - J (Table & Rebate Form)) (Johnson, Cory) (Entered: 03/01/2018) |
| 03/01/2018 | 69 (p.947) | |

| | | |
|---|---|---|
| | | Appendix in Support filed by United States of America re 67 (p.817) Cross MOTION for Summary Judgment *(Partial) of Legal Authorities, also filed in support of Response to Plaintiff's Motion for Partial Summary Judgment* (Attachments: # 1 (p.53) Exhibit(s) 1, # 2 (p.67) Exhibit(s) 2-4, # 3 (p.69) Exhibit(s) 5, # 4 (p.71) Exhibit(s) 6-10) (Johnson, Cory) (Entered: 03/01/2018) |
| 03/08/2018 | 70 (p.1037) | MOTION for Extension of Time to File Response/Reply to 58 (p.719) MOTION for Summary Judgment , 67 (p.817) Cross MOTION for Summary Judgment *(Partial)* filed by United States of America (Attachments: # 1 (p.53) Proposed Order) (Johnson, Cory) (Entered: 03/08/2018) |
| 03/16/2018 | 71 (p.1042) | ORDER REGARDING PARTIAL SUMMARY JUDGMENT BRIEFING SCHEDULE: Pursuant to the parties' 70 (p.1037) joint motion, Exxon Mobil's response/reply brief with respect to the pending motions for partial summary judgment is due March 29, 2018, and the United States' reply brief is due April 12, 2018. (Ordered by Judge David C Godbey on 3/16/2018) (zkc) (Entered: 03/16/2018) |
| 03/29/2018 | 72 (p.1043) | REPLY filed by Exxon Mobil Corporation re: 67 (p.817) Cross MOTION for Summary Judgment *(Partial)* (Kenworthy, Kevin) (Entered: 03/29/2018) |
| 04/12/2018 | 73 (p.1093) | REPLY filed by United States of America re: 67 (p.817) Cross MOTION for Summary Judgment *(Partial)* (Attachments: # 1 (p.53) Exhibit(s) Tab H - Computations) (Johnson, Cory) (Entered: 04/12/2018) |
| 05/18/2018 | 74 (p.1129) | MOTION for Leave to File Plaintiff Exxon Mobil Corporation's Motion for Partial Summary Judgment regarding Change in Method of Accounting and Brief in Support filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Exhibit(s) A (Motion), # 2 (p.67) Exhibit(s) B (Appendix), # 3 (p.69) Proposed Order) (Nylin, Jennifer) (Entered: 05/18/2018) |
| 06/08/2018 | 75 | (Document Restricted) Sealed Response and Objection re: 74 (p.1129) Motion for Leave to File, (Sealed pursuant to order dated 10/31/2017) filed by United States of America (Attachments: # 1 (p.53) Exhibit(s)) (Johnson, Cory) (Entered: 06/08/2018) |
| 06/22/2018 | 76 (p.1220) | REPLY filed by Exxon Mobil Corporation re: 74 (p.1129) MOTION for Leave to File Plaintiff Exxon Mobil Corporation's Motion for Partial Summary Judgment regarding Change in Method of Accounting and Brief in Support (Attachments: # 1 (p.53) Proposed Order) (Katz, William) (Entered: 06/22/2018) |
| 06/26/2018 | 77 (p.1234) | Unopposed MOTION for Leave to File Sur-Reply In Opposition to Exxon's Motion for Leave to File a Second |

| | | |
|---|---|---|
| | | Partial Summary Judgment Motion filed by United States of America (Attachments: # 1 (p.53) Exhibit(s) Sur-Reply) (Johnson, Cory) (Entered: 06/26/2018) |
| 06/28/2018 | 78 | ELECTRONIC ORDER granting 77 (p.1234) Motion for Leave to File. The Clerk to file the United States' Sur-Reply filed as Exhibit 1. (Ordered by Judge David C Godbey on 6/28/2018) (chmb) (Entered: 06/28/2018) |
| 06/28/2018 | 79 (p.1243) | Sur-reply filed by United States of America re: 74 (p.1129) MOTION for Leave to File Plaintiff Exxon Mobil Corporation's Motion for Partial Summary Judgment regarding Change in Method of Accounting. (axm) (Entered: 06/29/2018) |
| 08/08/2018 | 80 (p.1249) | ORDER: The Court denies Exxon's 58 (p.719) motion for partial summary judgment on count I and grants the Government's 67 (p.817) cross-motion for partial summary judgment on count I. (Ordered by Judge David C Godbey on 8/8/2018) (sss) (Entered: 08/08/2018) |
| 08/28/2018 | 81 (p.1252) | MOTION to Extend Time for Discovery, Motions and Trial filed by United States of America with Brief/Memorandum in Support. (Attachments: # 1 (p.53) Exhibit(s) A, # 2 (p.67) Exhibit(s) B - F) (Johnson, Cory) (Entered: 08/28/2018) |
| 08/30/2018 | 82 (p.1287) | MOTION to Compel *Production of Documents and Privilege Log* filed by Exxon Mobil Corporation with Brief/Memorandum in Support. (Attachments: # 1 (p.53) Exhibit(s) 1 - Forms 4340, # 2 (p.67) Exhibit(s) 2 - July 7 2016 Letter 4143-C, # 3 (p.69) Exhibit(s) 4 - ExxonMobil's First Request for Production, # 4 (p.71) Exhibit(s) 5 - US Response to ExxonMobil's First Request for Production, # 5 (p.73) Exhibit(s) 6 - ExxonMobil's June 21, 2017 Letter, # 6 (p.75) Exhibit(s) 7 - ExxonMobil's April 27, 2018 Letter, # 7 (p.79) Exhibit(s) 8 -United States' Supplemental Response, # 8 (p.81) Exhibit(s) 9 - IRM 8.11.1.2.7.2, # 9 (p.83) Exhibit(s) 10 - IRM 20.1.5.16.6, # 10 (p.85) Exhibit(s) 11 - Penalty File Workpaper Index, # 11 (p.94) Exhibit(s) 12 - IRM 4.46.4.10.1, # 12 (p.98) Exhibit(s) 13 - Form 3198, # 13 Exhibit(s) 14 - IRM 20.1.5.16.1.1, # 14 (p.101) Exhibit(s) 15 - IRM 20.1.5.16.3.1, # 15 (p.109) Exhibit(s) 16 - CCA 201442050) (Meyercord, Leonora) (Entered: 08/30/2018) |
| 08/30/2018 | 83 | (Document Restricted) Sealed Exhibits to Motion to Compel Production and Privilege Log (Sealed pursuant to order dated 10/31/2017) filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Exhibit(s) 3 - Penalty Refund Claims (Sealed), # 2 (p.67) Exhibit(s) 17 - February 22, 2012 NOPA (Sealed)) (Meyercord, Leonora) (Entered: 08/30/2018) |
| 08/31/2018 | 84 (p.1431) | |

| | | |
|---|---|---|
| | | ORDER re: 82 (p.1287) Plaintiff Exxon Mobil Corporation's Motion to Compel Production of Documents and Privilege Log and Brief in Support. Counsel for the parties to the dispute are hereby ORDERED to meet face-to-face to fully confer on each of the items in dispute. Agreed proposed order or joint submission due by 9/10/2018. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 8/31/2018) (mcrd) (Entered: 08/31/2018) |
| 08/31/2018 | 85 (p.1436) | MOTION to Compel *ANSWERS TO INTERROGATORIES AND FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES* filed by United States of America with Brief/Memorandum in Support. (Attachments: # 1 (p.53) Exhibit(s) A-1, # 2 (p.67) Exhibit(s) A-2, # 3 (p.69) Exhibit(s) B, # 4 (p.71) Exhibit(s) C, # 5 (p.73) Exhibit(s) D, # 6 (p.75) Exhibit(s) E, # 7 (p.79) Exhibit(s) F) (Smeltzer, Joshua) (Entered: 08/31/2018) |
| 08/31/2018 | 86 (p.1487) | MOTION to Extend Time to Hold Conference and File Joint Submission filed by United States of America with Brief/Memorandum in Support. (Johnson, Cory) (Entered: 08/31/2018) |
| 08/31/2018 | 87 (p.1492) | MOTION Certify the Courts August 8, 2018 Order as Final Under Fed. R. Civ. P. 54(b), to Certify the Order for Interlocutory Review Under 28 U.S.C. § 1292(B), or Both filed by Exxon Mobil Corporation with Brief/Memorandum in Support. (Attachments: # 1 (p.53) Proposed Order) (Kenworthy, Kevin) (Entered: 08/31/2018) |
| 09/03/2018 | 88 (p.1519) | ORDER granting in part and denying in part 86 (p.1487) United States Motion to Reschedule The Deadline for A Joint Submission and Conference Regarding Exxons Motion to Compel. The parties deadline for filing their joint submission is extended until September 20, 2018, which is the date that the defendants response would be due under the Local Civil Rules for the Northern District of Texas. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 9/3/2018) (Magistrate Judge Irma Carrillo Ramirez) (Entered: 09/03/2018) |
| 09/04/2018 | 89 (p.1520) | ORDER re: 85 (p.1436) Motion to Compel Answers to Interrogatories and For Leave to Serve Additional Interrogatories. The parties are directed to meet face-to-face. At the face-to-face conference, counsel for the parties must engage in an item-by-item discussion of each disputed issue or discovery request and/or corresponding objections raised in the motion. If the disputed issues are resolved during the face-to-face meeting, the movant shall forward an agreed proposed order in word or wordperfect format to the Court at ramirez_orders@txnd.uscourts.gov no later than 5:00 p.m. on 9/21/2018. If unresolved issues remain, the movant |

| | | |
|---|---|---|
| | | shall be responsible for filing a joint submission jointly prepared by the parties in accordance with Section IV of this Order no later than 5:00 p.m. on 9/21/2018. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 9/4/2018) (zkc) (Entered: 09/04/2018) |
| 09/13/2018 | 90 (p.1525) | RESPONSE filed by Exxon Mobil Corporation re: 81 (p.1252) MOTION to Extend Time for Discovery, Motions and Trial (Nylin, Jennifer) (Entered: 09/13/2018) |
| 09/13/2018 | 91 (p.1539) | Appendix in Support filed by Exxon Mobil Corporation re 90 (p.1525) Response/Objection *to Defendant's Motion to Modify Scheduling Order* (Nylin, Jennifer) (Entered: 09/13/2018) |
| 09/20/2018 | 92 (p.1592) | Joint Submission on Discovery Matters by Exxon Mobil Corporation. Related document: 82 (p.1287) MOTION to Compel *Production of Documents and Privilege Log* filed by Exxon Mobil Corporation. (Nylin, Jennifer) (Entered: 09/20/2018) |
| 09/20/2018 | 93 (p.1639) | Appendix in Support filed by Exxon Mobil Corporation re 92 (p.1592) Joint Submission on Discovery Matters (Nylin, Jennifer) (Entered: 09/20/2018) |
| 09/20/2018 | 94 | (Document Restricted) Sealed Appendix in Support re: 92 (p.1592) Joint Submission on Discovery Matters (Sealed pursuant to order dated 10/31/2017) filed by Exxon Mobil Corporation (Nylin, Jennifer) (Entered: 09/20/2018) |
| 09/21/2018 | 95 (p.1761) | OBJECTION filed by United States of America re: 87 (p.1492) MOTION Certify the Courts August 8, 2018 Order as Final Under Fed. R. Civ. P. 54(b), to Certify the Order for Interlocutory Review Under 28 U.S.C. § 1292(B), or Both (Smeltzer, Joshua) (Entered: 09/21/2018) |
| 09/21/2018 | 96 (p.1772) | ORDER granting 85 (p.1436) Motion to Compel Answers to Interrogatories and For Leave to Serve Additional Interrogatories. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 9/21/2018) (epm) (Entered: 09/21/2018) |
| 09/21/2018 | 97 (p.1775) | ORDER re: 82 (p.1287) Plaintiff Exxon Mobil Corporation's Motion to Compel Production of Documents and Privilege Log and Brief in Support. Oral argument set for 10/3/2018 10:00 AM before Magistrate Judge Irma Carrillo Ramirez. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 9/21/2018) (mcrd) (Entered: 09/21/2018) |
| 09/24/2018 | 98 (p.1776) | ORDER granting 74 (p.1129) Motion for Leave to File Motion for Partial Summary Judgment Regarding Change in Method of Accounting. The Amending Scheduling Order provides that parties may file motions on or before 1/29/2019, so the deadline to file dispositive motions has |

| | | |
|---|---|---|
| | | not expired. The Court therefore grants ExxonMobil's motion for leave to file a second motion for partial summary judgment regarding change in method of accounting. The Court additionally grants the United States' request that it be given until 1/29/2019 to file its response and any cross-motions. (Ordered by Judge David C Godbey on 9/24/2018) (axm) (Entered: 09/24/2018) |
| 09/27/2018 | 99 (p.1778) | REPLY filed by United States of America re: 81 (p.1252) MOTION to Extend Time for Discovery, Motions and Trial (Attachments: # 1 (p.53) Exhibit(s) Gov Ex A, # 2 (p.67) Exhibit(s) Gov Ex B) (Smeltzer, Joshua) (Entered: 09/27/2018) |
| 10/03/2018 | 100 | ELECTRONIC Minute Entry for proceedings held before Magistrate Judge Irma Carrillo Ramirez: Hearing held on 10/3/2018 re 82 (p.1287) Plaintiff Exxon Mobil Corporation's Motion to Compel Production of Documents and Privilege Log and Brief in Support. Attorney Appearances: Plaintiff - Emily A Parker, Mary A McNulty, William Mayer Katz, Jr; Defense - Cory A Johnson, Jonathan L Blacker, Joshua David Smeltzer. (Court Reporter: Digital File) (No exhibits) Time in Court - 1:33. (mcrd) (Entered: 10/03/2018) |
| 10/03/2018 | 101 (p.1794) | ORDER granting 82 (p.1287) Plaintiff Exxon Mobil Corporation's Motion to Compel Production of Documents and Privilege Log and Brief in Support. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 10/3/2018) (mcrd) (Entered: 10/03/2018) |
| 10/05/2018 | 102 (p.1796) | REPLY filed by Exxon Mobil Corporation re: 87 (p.1492) MOTION Certify the Courts August 8, 2018 Order as Final Under Fed. R. Civ. P. 54(b), to Certify the Order for Interlocutory Review Under 28 U.S.C. § 1292(B), or Both (Attachments: # 1 (p.53) Exhibit(s) 1) (Kenworthy, Kevin) (Entered: 10/05/2018) |
| 10/06/2018 | 103 (p.5882) | Notice of Filing of Official Electronic Transcript of Motion to Compel (#82) Proceedings held on 10/03/2018 before Judge Irma Carrillo Ramirez. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If redaction of personal identifiers under MO 61 is necessary, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (60 pages). Redaction Request due 10/29/2018. Redacted Transcript Deadline set for 11/6/2018. Release of Transcript Restriction set for |

| | | |
|---|---|---|
| | | 1/4/2019. (Rehling, Kathy) (Entered: 10/06/2018) |
| 10/17/2018 | 104 (p.1850) | OBJECTION Pursuant to FRCP 72 to Magistrate Judge Order 101 (p.1794) granting Plaintiff Exxon Mobil Corporation's 82 (p.1287) Motion to Compel Production of Documents and Privilege Log and Brief in Support. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 10/3/2018) (mcrd) . (Attachments: # 1 (p.53) Exhibit(s) A, # 2 (p.67) Exhibit(s) B) (Johnson, Cory) Gavel added to entry per DC chamber's request on 10/18/2018 (twd). (Entered: 10/17/2018) |
| 10/23/2018 | 105 (p.1872) | MOTION for Leave to File to File Motion for Partial Summary Judgment Regarding Section 6676 Penalties filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Proposed Order) (Katz, William) (Entered: 10/23/2018) |
| 10/31/2018 | 106 | (Document Restricted) Supplement to the United States' Motion for Modification of the Court's Scheduling Order (Sealed pursuant to order dated 10/31/2017) filed by United States of America (Attachments: # 1 (p.53) Exhibit(s) A, # 2 (p.67) Exhibit(s) B, # 3 (p.69) Exhibit(s) C, # 4 (p.71) Exhibit(s) D) (Johnson, Cory) (Entered: 10/31/2018) |
| 11/01/2018 | 107 (p.1877) | NOTICE of *Additional Authority* re: 95 (p.1761) Response/Objection, filed by United States of America (Attachments: # 1 (p.53) Exhibit(s) A) (Johnson, Cory) (Entered: 11/01/2018) |
| 11/02/2018 | 108 (p.1896) | RESPONSE filed by Exxon Mobil Corporation re: 107 (p.1877) Notice (Other) (Kenworthy, Kevin) (Entered: 11/02/2018) |
| 11/06/2018 | 109 (p.1899) | MOTION to Compel *Rule 26(a)(1)(A) Disclosures and Brief in Support* filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Declaration(s), # 2 (p.67) Proposed Order) (Katz, William) (Entered: 11/06/2018) |
| 11/07/2018 | 110 (p.1981) | ORDER re: 109 (p.1899) Plaintiff Exxon Mobil Corporation's Motion to Compel Rule 26(a)(1)(A) Disclosures and Brief in Support. Counsel for the parties to the dispute are hereby ORDERED to meet face-to-face to fully confer on each of the items in dispute. Agreed proposed order or joint submission due by 11/21/2018. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 11/7/2018) (mcrd) (Entered: 11/07/2018) |
| 11/07/2018 | 111 (p.1986) | RESPONSE filed by Exxon Mobil Corporation re: 104 (p.1850) MOTION re Objection to a Majistrate Judge Order (Attachments: # 1 (p.53) Exhibit(s) A) (Nylin, Jennifer) (Entered: 11/07/2018) |
| 11/08/2018 | 112 (p.2066) | RESPONSE filed by Exxon Mobil Corporation re: 81 (p.1252) MOTION to Extend Time for Discovery, |

| | | |
|---|---|---|
| | | Motions and Trial (Attachments: # 1 (p.53) Exhibit(s) A) (Nylin, Jennifer) (Entered: 11/08/2018) |
| 11/13/2018 | 113 (p.2134) | RESPONSE AND OBJECTION filed by United States of America re: 105 (p.1872) MOTION for Leave to File to File Motion for Partial Summary Judgment Regarding Section 6676 Penalties (Attachments: # 1 (p.53) Exhibit(s) A) (Johnson, Cory) (Entered: 11/13/2018) |
| 11/16/2018 | 114 (p.2146) | REPLY filed by United States of America re: 104 (p.1850) MOTION re Objection to a Majistrate Judge Order (Johnson, Cory) (Entered: 11/16/2018) |
| 11/21/2018 | 115 (p.2151) | AGREED ORDER denying as moot 109 (p.1899) Motion to Compel Rule 26(a)(1)(A) Disclosures. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 11/21/2018) (zkc) (Entered: 11/21/2018) |
| 11/27/2018 | 116 (p.2153) | REPLY filed by Exxon Mobil Corporation re: 105 (p.1872) MOTION for Leave to File to File Motion for Partial Summary Judgment Regarding Section 6676 Penalties (Attachments: # 1 (p.53) Exhibit(s) 1) (Nylin, Jennifer) (Entered: 11/27/2018) |
| 11/28/2018 | 117 | ELECTRONIC Minute Entry for proceedings held before Magistrate Judge Irma Carrillo Ramirez: Telephone Conference held on 11/28/2018. Attorney Appearances: Plaintiff - Emily A Parker, Mary A McNulty, William Mayer Katz, Jr, Jennifer Meghan Nylin; Defense - Cory A Johnson, Jonathan L Blacker, Joshua David Smeltzer. (Court Reporter: Digital File) (No exhibits) Time in Court - :35. (mcrd) (Entered: 11/28/2018) |
| 11/28/2018 | 118 | ELECTRONIC ORDER: Based on the parties' agreement on the record to have their discovery dispute heard and determined during a telephonic conference without the necessity of filing formal motions, a telephonic conference concerning the location of depositions was conducted on the record on November 28, 2018. All parties appeared through counsel. For the reasons stated on the record, the Court finds that the depositions of witnesses shall occur at a mutually agreeable date and time in the offices of the attorney presenting the witness. See EEOC vs. Groom & Sons Hardware & Lumber, Inc., No. 3:02-CV-2076-D (N.D. Tex. Oct. 8, 2003), doc. 18. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 11/28/2018) (mcrd) (Entered: 11/28/2018) |
| 12/05/2018 | 119 (p.5942) | Notice of Filing of Official Electronic Transcript of Telephone Conference Proceedings held on 11/28/2018 before Judge Irma Carrillo Ramirez. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. Parties are notified of their duty to review the transcript. A copy may be purchased from the court |

| | | |
|---|---|---|
| | | reporter or viewed at the clerk's office. If redaction of personal identifiers under MO 61 is necessary, file a <u>Redaction Request - Transcript</u> within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (24 pages). Redaction Request due 12/26/2018. Redacted Transcript Deadline set for 1/7/2019. Release of Transcript Restriction set for 3/5/2019. (Rehling, Kathy) (Entered: 12/05/2018) |
| 12/31/2018 | <u>120 (p.2165)</u> | Emergency MOTION to Stay *All Proceedings in Light of Lapse of Appropriations* filed by United States of America with Brief/Memorandum in Support. (Johnson, Cory) (Entered: 12/31/2018) |
| 01/03/2019 | <u>121 (p.2171)</u> | RESPONSE filed by Exxon Mobil Corporation re: <u>120 (p.2165)</u> Emergency MOTION to Stay *All Proceedings in Light of Lapse of Appropriations* (Nylin, Jennifer) (Entered: 01/03/2019) |
| 01/03/2019 | <u>122 (p.2175)</u> | ORDER granting <u>120 (p.2165)</u> Motion to Stay. (Ordered by Judge David C Godbey on 1/3/2019) (epm) (Entered: 01/03/2019) |
| 01/04/2019 | <u>123 (p.2176)</u> | UNITED STATES' NOTICE OF WITHDRAWAL OF COUNSEL filed by United States of America (Smeltzer, Joshua) Modified text on 1/4/2019 (rekc). (Entered: 01/04/2019) |
| 01/29/2019 | <u>124 (p.2178)</u> | NOTICE of *Restoration of Appropriations and Request for Status Hearing Regarding Scheduling* filed by United States of America (Johnson, Cory) (Entered: 01/29/2019) |
| 02/11/2019 | <u>125 (p.2182)</u> | MOTION for Summary Judgment *(Partial) re Change in Method of Accounting* filed by Exxon Mobil Corporation (Nylin, Jennifer) (Entered: 02/11/2019) |
| 02/11/2019 | <u>126 (p.2185)</u> | Brief/Memorandum in Support filed by Exxon Mobil Corporation re <u>125 (p.2182)</u> MOTION for Summary Judgment *(Partial) re Change in Method of Accounting* (Nylin, Jennifer) (Entered: 02/11/2019) |
| 02/11/2019 | <u>127 (p.2213)</u> | Appendix in Support filed by Exxon Mobil Corporation re <u>125 (p.2182)</u> MOTION for Summary Judgment *(Partial) re Change in Method of Accounting* (Nylin, Jennifer) (Entered: 02/11/2019) |
| 02/12/2019 | 128 | ELECTRONIC Minute Entry for proceedings held before Judge David C Godbey: Scheduling Conference held on 2/12/2019. The Plaintiff shall file a motion to bifurcate by 2/22/19 and the defense shall file a response one week later. The Plaintiff shall file a reply one week after the response. Attorney Appearances: Plaintiff - William M. Katz, Jr.; Defense - Cory A. Johnson. (Court Reporter: Not Recorded) (No exhibits) Time in Court - :43. (chmb) |

| | | |
|---|---|---|
| | | (Entered: 02/12/2019) |
| 02/13/2019 | 129 (p.2268) | ORDER: The Court overrules Defendant's 104 (p.1850) objection because it does not show that the substance of the Order is clearly erroneous or contrary to law. The Court reserves ruling on Defendant's motion to modify until after it has ruled on Exxon Mobil's forthcoming motion to bifurcate. (Ordered by Judge David C Godbey on 2/13/2019) (zkc) (Entered: 02/13/2019) |
| 02/19/2019 | 130 | (Document Restricted) SEALED Plaintiff Exxon Mobil Corporation's Emergency Motion to Compel, Request for Expedited Consideration, Request for Expenses and Attorneys' Fees, and Brief in Support, filed pursuant to 25 (p.189) Agreed Clawback Order and FRCP 26(b)(5)(B) (Sealed pursuant to order dated 4/7/2017) filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Proposed Order) (Nylin, Jennifer) (Entered: 02/19/2019) |
| 02/19/2019 | 131 | (Document Restricted) Sealed Appendix in Support re: 130 Sealed and/or Ex Parte Motion, (Sealed pursuant to order dated 4/7/2017) filed by Exxon Mobil Corporation (Nylin, Jennifer) (Entered: 02/19/2019) |
| 02/20/2019 | 132 (p.2270) | ORDER re: 130 (Document Restricted) Plaintiff Exxon Mobil Corporation's Emergency Motion to Compel, Request for Expedited Consideration, Request for Expenses and Attorneys' Fees, and Brief in Support. Counsel for the parties to the dispute are hereby ORDERED to meet face-to-face to fully confer on each of the items in dispute. Agreed proposed order or joint submission due by 3/5/2019. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 2/20/2019) (mcrd) (Entered: 02/20/2019) |
| 02/22/2019 | 133 (p.2275) | MOTION to Bifurcate filed by Exxon Mobil Corporation with Brief/Memorandum in Support. (Attachments: # 1 (p.53) Proposed Order) (Nylin, Jennifer) (Entered: 02/22/2019) |
| 02/22/2019 | 134 (p.2296) | Appendix in Support filed by Exxon Mobil Corporation re 133 (p.2275) MOTION to Bifurcate (Nylin, Jennifer) (Entered: 02/22/2019) |
| 02/25/2019 | 135 (p.2331) | MOTION to Continue *Deadlines on Exxon's Motion to Compel (i) Until After Judge Godbey Rules on Exxon's Motion to Bifurcate Penalty Issue and Extend Discovery; and also (ii) To Allow the Government Sufficient Time to Respond* filed by United States of America. (Johnson, Cory) (Entered: 02/25/2019) |
| 02/27/2019 | 136 (p.2339) | ORDER re: the 135 (p.2331) United States' Motion to Continue Deadlines on Exxon's Motion to Compel (I) Until After Judge Godbey Rules on Exxon's Motion to Bifurcate Penalty Issues and Extend Discovery; and also |

| | | |
|---|---|---|
| | | (ii) to Allow the Government Sufficient Time to Respond. Respondent may file a response by 5PM on 3/1/2019. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 2/27/2019) (mcrd) (Entered: 02/27/2019) |
| 02/28/2019 | 137 (p.2340) | RESPONSE filed by Exxon Mobil Corporation re: 135 (p.2331) MOTION to Continue *Deadlines on Exxon's Motion to Compel (i) Until After Judge Godbey Rules on Exxon's Motion to Bifurcate Penalty Issue and Extend Discovery; and also (ii) To Allow the Government Sufficient Time to Respond* (Attachments: # 1 (p.53) Proposed Order) (Nylin, Jennifer) (Entered: 02/28/2019) |
| 03/01/2019 | 138 (p.2351) | RESPONSE filed by United States of America re: 133 (p.2275) MOTION to Bifurcate (Johnson, Cory) (Entered: 03/01/2019) |
| 03/01/2019 | 139 | ELECTRONIC ORDER granting in part and denying in part 135 (p.2331) Motion to Continue. The parties' deadline to file their agreed order or joint submission, see doc. 132, is extended until 3/12/2019. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 3/1/2019) (Magistrate Judge Irma Carrillo Ramirez) (Entered: 03/01/2019) |
| 03/08/2019 | 140 (p.2362) | REPLY filed by Exxon Mobil Corporation re: 133 (p.2275) MOTION to Bifurcate (Nylin, Jennifer) (Entered: 03/08/2019) |
| 03/08/2019 | 141 (p.2374) | Appendix in Support filed by Exxon Mobil Corporation re 140 (p.2362) Reply *in Support of 133 (p.2275) Motion to Bifurcate* (Nylin, Jennifer) (Entered: 03/08/2019) |
| 03/12/2019 | 142 (p.2423) | Joint Submission on Discovery Matters by Exxon Mobil Corporation. Related document: 130 (Document Restricted) SEALED Plaintiff Exxon Mobil Corporation's Emergency Motion to Compel, Request for Expedited Consideration, Request for Expenses and Attorneys' Fees, and Brief in Support, filed pursuant to 25 (p.189) Agreed Clawback Order and filed by Exxon Mobil Corporation. (Nylin, Jennifer) (Entered: 03/12/2019) |
| 03/12/2019 | 143 (p.2476) | Appendix in Support filed by Exxon Mobil Corporation re 142 (p.2423) Joint Submission on Discovery Matters, (Nylin, Jennifer) (Entered: 03/12/2019) |
| 03/13/2019 | 144 | ELECTRONIC ORDER: Oral argument re 130 (Document Restricted) Plaintiff Exxon Mobil Corporation's Emergency Motion to Compel, Request for Expedited Consideration, Request for Expenses and Attorneys' Fees, and Brief in Support set for 3/21/2019 10:00 AM in US Courthouse, Courtroom 1566, 1100 Commerce St., Dallas, TX 75242-1310 before Magistrate Judge Irma Carrillo Ramirez. Unless otherwise ordered, the motion will be determined based on the relevant |

| | | |
|---|---|---|
| | | filings. No evidence will be received at the oral argument. All parties must confirm their attendance at least two days prior to the hearing by contacting Courtroom Deputy Marie Castaneda at Marie_Castaneda@txnd.uscourts.gov. Failure to confirm or to attend the hearing without obtaining permission of the Court will result in appropriate sanctions. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 3/13/2019) (mcrd) (Entered: 03/13/2019) |
| 03/19/2019 | 145 (p.3003) | NOTICE of Attorney Appearance by Elizabeth Ann Kanyer on behalf of United States of America. (Filer confirms contact info in ECF is current.) (Kanyer, Elizabeth) (Entered: 03/19/2019) |
| 03/21/2019 | 146 | ELECTRONIC Minute Entry for proceedings held before Magistrate Judge Irma Carrillo Ramirez: Hearing held on 3/21/2019 re 130 (Document Restricted) Plaintiff Exxon Mobil Corporation's Emergency Motion to Compel, Request for Expedited Consideration, Request for Expenses and Attorneys' Fees, and Brief in Support. Attorney Appearances: Plaintiff - Emily A Parker, Mary A McNulty, William Mayer Katz; Defense - Cory A Johnson, Jonathan L Blacker, Elizabeth Ann Kanyer. (Court Reporter: Digital File) (No exhibits) Time in Court - 1:12. (mcrd) (Entered: 03/21/2019) |
| 03/21/2019 | 147 | (Document Restricted) ORDER re: 130 Plaintiff Exxon Mobil Corporation's Emergency Motion to Compel, Request for Expedited Consideration, Request for Expenses and Attorneys' Fees, and Brief in Support. The plaintiff's alternate motion for an order setting a deadline for production of privilege log is GRANTED IN PART. The plaintiff's motion for discovery concerning the defendant's production of documents is DENIED. The plaintiff's motion to strike the Rappazzo declaration and for a finding that any privilege has been waived is DENIED as premature and without prejudice to reasserting these issues in connection with any motion for determination of whether any documents listed on the privilege log are privileged. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 3/21/2019) (mcrd) (Entered: 03/21/2019) |
| 03/21/2019 | 148 (p.3006) | NOTICE of Attorney Appearance by Dina McKenney on behalf of Exxon Mobil Corporation. (Filer confirms contact info in ECF is current.) (McKenney, Dina) (Entered: 03/21/2019) |
| 03/22/2019 | 149 (p.3010) | ORDER granting 133 (p.2275) Motion to Bifurcate. Discovery on tax issues due by 4/12/2019. Pretrial Materials on tax issues due by 5/17/2019. Pretrial Order on tax issues due by 5/17/2019. Trial on tax issues set for 6/17/2019 before Judge David C Godbey. Discovery on penalty issues due by 8/20/2019. Pretrial Materials on |

| | | |
|---|---|---|
| | | penalty issues 10/18/2019. Trial on penalty issues set for 11/18/2019 before Judge David C Godbey. (Ordered by Judge David C Godbey on 3/22/2019) (axm) (Entered: 03/22/2019) |
| 03/25/2019 | 150 | ELECTRONIC ORDER finding as moot 81 (p.1252) Motion to Extend Time per Order 149 (p.3010) . (Ordered by Judge David C Godbey on 3/25/2019) (chmb) (Entered: 03/25/2019) |
| 03/27/2019 | 151 (p.5966) | Notice of Filing of Official Electronic Transcript of Plaintiff's Emergency Motion to Compel (#130) Proceedings held on 03/21/2019 before Judge Irma Carrillo Ramirez. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If redaction of personal identifiers under MO 61 is necessary, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (48 pages). Redaction Request due 4/17/2019. Redacted Transcript Deadline set for 4/29/2019. Release of Transcript Restriction set for 6/25/2019. (Rehling, Kathy) (Entered: 03/27/2019) |
| 04/02/2019 | 152 | (Document Restricted) The United States' Motion for Partial Summary Judgment on the Qatar/ Malaysia Oil and Gas Lease Issue (Sealed pursuant to order dated 10/31/2017) filed by United States of America (Johnson, Cory) (Entered: 04/02/2019) |
| 04/02/2019 | 153 | (Document Restricted) Sealed Brief/Memorandum in Support re: 152 Sealed and/or Ex Parte Motion (Sealed pursuant to order dated 10/31/2017) filed by United States of America (Johnson, Cory) (Entered: 04/02/2019) |
| 04/02/2019 | 154 | (Document Restricted) Sealed Appendix in Support re: 152 Sealed and/or Ex Parte Motion (Sealed pursuant to order dated 10/31/2017) filed by United States of America (Attachments: # 1 (p.53) Exhibit(s) 1 - 5, # 2 (p.67) Exhibit(s) 5 - 16, # 3 (p.69) Exhibit(s) 16 - 19, # 4 (p.71) Exhibit(s) 19 - 32, # 5 (p.73) Exhibit(s) 32 - 47, # 6 (p.75) Exhibit(s) 47 - 48, # 7 (p.79) Exhibit(s) 48 - 52, # 8 (p.81) Exhibit(s) 52 - 57, # 9 (p.83) Exhibit(s) 58, # 10 (p.85) Exhibit(s) 59 - 68) (Johnson, Cory) (Entered: 04/02/2019) |
| 04/04/2019 | 155 | (Document Restricted) Supplemental Attachments to the United States' Brief in Support of its Motion for Partial Summary Judgment on the Qatar/ Malaysia Oil and Gas Lease Issue (Sealed pursuant to order dated 10/31/2017) filed by United States of America (Johnson, Cory) (Entered: 04/04/2019) |

| 04/05/2019 | 156 | (Document Restricted) Sealed Appendix in Support re: 154 Sealed and/or Ex Parte Appendix/Brief/Memorandum in Support, 152 Sealed and/or Ex Parte Motion, 153 Sealed and/or Ex Parte Appendix/Brief/Memorandum in Support (Sealed pursuant to order dated 10/31/2017) filed by United States of America (Attachments: # 1 (p.53) Exhibit(s) Corrected Appendix Part 4, Exhibits 20-32) (Johnson, Cory) (Entered: 04/05/2019) |
|---|---|---|
| 04/08/2019 | 157 | (Document Restricted) The United States' Cross Motion for Partial Summary Judgment Regarding Exxon's Accounting Method Change (Sealed pursuant to order dated 10/31/2017) filed by United States of America (Johnson, Cory) (Entered: 04/08/2019) |
| 04/08/2019 | 158 | (Document Restricted) Sealed Brief/Memorandum in Support re: 157 Sealed and/or Ex Parte Motion (Sealed pursuant to order dated 10/31/2017) filed by United States of America (Johnson, Cory) (Entered: 04/08/2019) |
| 04/08/2019 | 159 | (Document Restricted) Sealed Appendix in Support re: 157 Sealed and/or Ex Parte Motion, 158 Sealed and/or Ex Parte Appendix/Brief/Memorandum in Support (Sealed pursuant to order dated 10/31/2017) filed by United States of America (Attachments: # 1 (p.53) Exhibit(s) 69-71, # 2 (p.67) Exhibit(s) 72, # 3 (p.69) Exhibit(s) 73, # 4 (p.71) Exhibit(s) 74, # 5 (p.73) Exhibit(s) 75, # 6 (p.75) Exhibit(s) 76, # 7 (p.79) Exhibit(s) 77, # 8 (p.81) Exhibit(s) 78-79, # 9 (p.83) Exhibit(s) 80-81, # 10 (p.85) Exhibit(s) 82-83) (Johnson, Cory) (Entered: 04/08/2019) |
| 04/08/2019 | 160 | (Document Restricted) The United States' Notice of Manual Filing of Exhibits 84-86 (Sealed pursuant to order dated 10/31/2017) filed by United States of America (Johnson, Cory) [Filed under separate cover, see records department] Modified on 4/9/2019 (zkc). (Entered: 04/08/2019) |
| 04/11/2019 | 161 (p.3013) | Unopposed MOTION to Extend Time for ExxonMobil to file its Response to 152 The United States' Motion for Partial Summary Judgment on the Qatar/Malaysia Oil and Gas Lease Issue, and setting the deadline for Defendant's Reply thereto; for ExxonMobil to file its Response to 157 Defendant's Cross-Motion for Partial Summary Judgment regarding ExxonMobils Accounting Method Change (and setting the deadline for Defendant's Reply thereto); and for ExxonMobil to file its Reply in support of 125 (p.2182) ExxonMobil's Motion for Partial Summary Judgment regarding Change in Method of Accounting filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Proposed Order) (Nylin, Jennifer) (Entered: 04/11/2019) |
| 04/12/2019 | 162 (p.3020) | ORDER granting 161 (p.3013) Motion to Extend Time. Responses to The United States' 152 Motion for Partial Summary Judgment on the Qatar/ Malaysia Oil and Gas |

| | | |
|---|---|---|
| | | Lease Issue due by 4/26/2019. Replies due by 5/10/2019. Response to Defendant's Cross-Motion for Partial Summary Judgment Regarding ExxonMobil's Accounting Method Change due by 4/29/2019. Reply due by 5/13/2019. (Ordered by Judge David C Godbey on 4/12/2019) (zkc) (Entered: 04/12/2019) |
| 04/12/2019 | 163 | (Document Restricted) Sealed Plaintiff Exxon Mobil Corporation's Notice of Intent to Rely on Foreign Law (Sealed pursuant to order dated 10/31/2017) filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Exhibit(s) 1, # 2 (p.67) Exhibit(s) 2, Part 1, # 3 (p.69) Exhibit(s) 2, Part 2, # 4 (p.71) Exhibit(s) 2, Part 3, # 5 (p.73) Exhibit(s) 2, Part 4, # 6 (p.75) Exhibit(s) 2, Part 5, # 7 (p.79) Exhibit(s) 2, Part 6, # 8 (p.81) Exhibit(s) 2, Part 7, # 9 (p.83) Exhibit(s) 2, Part 8, # 10 (p.85) Exhibit(s) 2, Part 9, # 11 (p.94) Exhibit(s) 2, Part 10, # 12 (p.98) Exhibit(s) 2, Part 11, # 13 Exhibit(s) 2, Part 12, # 14 (p.101) Exhibit(s) 2, Part 13, # 15 (p.109) Exhibit(s) 3) (McKenney, Dina) (Entered: 04/12/2019) |
| 04/12/2019 | 164 (p.3022) | MOTION to Compel *Answers to Plaintiff's First Set of Interrogatories and Determine the Sufficiency of Defendant's Responses to Plaintiff's First Requests for Admissions* filed by Exxon Mobil Corporation with Brief/Memorandum in Support. (Attachments: # 1 (p.53) Proposed Order) (McKenney, Dina) (Entered: 04/12/2019) |
| 04/12/2019 | 165 (p.3048) | Appendix in Support filed by Exxon Mobil Corporation re 164 (p.3022) MOTION to Compel *Answers to Plaintiff's First Set of Interrogatories and Determine the Sufficiency of Defendant's Responses to Plaintiff's First Requests for Admissions* (McKenney, Dina) (Entered: 04/12/2019) |
| 04/12/2019 | 166 (p.3199) | MOTION TO SEAL PORTIONS OF TRIAL RECORD AND CLOSE THE COURTROOM DURING PRESENTATION OF CONFIDENTIAL MATERIAL AT TRIAL AND BRIEF IN SUPPORT filed by Exxon Mobil Corporation with Brief/Memorandum in Support. (Attachments: # 1 (p.53) Proposed Order Proposed Trial Protective Order) (Nylin, Jennifer) Modified title on 5/13/2019 (ctf). (Entered: 04/12/2019) |
| 04/12/2019 | 167 (p.3219) | Appendix in Support filed by Exxon Mobil Corporation re 166 (p.3199) MOTION for Protective Order *to Seal Portions of Trial Record and Close the Courtroom During Presentation of Confidential Material* (Nylin, Jennifer) (Entered: 04/12/2019) |
| 04/16/2019 | 168 (p.3236) | ORDER re: 164 (p.3022) Plaintiff Exxon Mobil Corporation's Motion to Compel Answers to Plaintiff's First Set of Interrogatories and Determine the Sufficiency of Defendant's Responses to Plaintiff's First Requests for Admissions and Brief in Support. Counsel for the parties to the dispute are hereby ORDERED to meet face-to-face |

| | | |
|---|---|---|
| | | to fully confer on each of the items in dispute. Agreed proposed order or joint submission due by 4/26/2019. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 4/16/2019) (mcrd) (Entered: 04/16/2019) |
| 04/23/2019 | 169 (p.3241) | MOTION to Enforce Court's October 3, 2018 Order, to Set Deadlines, and for Sanctions filed by Exxon Mobil Corporation with Brief/Memorandum in Support. (Attachments: # 1 (p.53) Proposed Order) (McKenney, Dina) (Entered: 04/23/2019) |
| 04/23/2019 | 170 (p.3264) | Appendix in Support filed by Exxon Mobil Corporation re 169 (p.3241) MOTION to Enforce Court's October 3, 2018 Order, to Set Deadlines, and for Sanctions (McKenney, Dina) (Entered: 04/23/2019) |
| 04/24/2019 | 171 (p.3753) | ORDER re: 169 (p.3241) Plaintiff Exxon Mobil Corporation's Motion to Enforce Court's October 3, 2018 Order, to Set Deadlines, and for Sanctions and Brief in Support. Counsel for the parties to the dispute are hereby ORDERED to meet face-to-face to fully confer on each of the items in dispute. Agreed proposed order or joint submission due by 5/7/2019. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 4/24/2019) (mcrd) (Entered: 04/24/2019) |
| 04/26/2019 | 172 (p.3758) | Joint Submission on Discovery Matters by Exxon Mobil Corporation. Related document: 164 (p.3022) MOTION to Compel *Answers to Plaintiff's First Set of Interrogatories and Determine the Sufficiency of Defendant's Responses to Plaintiff's First Requests for Admissions* filed by Exxon Mobil Corporation. (McKenney, Dina) (Entered: 04/26/2019) |
| 04/26/2019 | 173 (p.3811) | Appendix in Support filed by Exxon Mobil Corporation re 172 (p.3758) Joint Submission on Discovery Matters, (McKenney, Dina) (Entered: 04/26/2019) |
| 04/26/2019 | 174 | (Document Restricted) Sealed Appendix in Support re: 172 (p.3758) Joint Submission on Discovery Matters, (Sealed pursuant to order dated 10/31/2017) filed by Exxon Mobil Corporation (McKenney, Dina) (Entered: 04/26/2019) |
| 04/26/2019 | 175 | (Document Restricted) Sealed Response re: 152 Sealed and/or Ex Parte Motion (Sealed pursuant to order dated 10/31/2017) filed by Exxon Mobil Corporation (Nylin, Jennifer) (Entered: 04/26/2019) |
| 04/26/2019 | 176 | (Document Restricted) Sealed Appendix in Support re: 175 Sealed and/or Ex Parte Response/Objection (Sealed pursuant to order dated 10/31/2017) filed by Exxon Mobil Corporation (Nylin, Jennifer) (Entered: 04/26/2019) |
| 04/29/2019 | 177 (p.4038) | ORDER re: the 172 (p.3758) Joint Submission Relating to Plaintiff Exxon Mobil Corporation's Motion to Compel |

| | | |
|---|---|---|
| | | Answers to Plaintiff's First Set of Interrogatories and Determine the Sufficiency of Defendant's Responses to Plaintiff's First Requests for Admissions and Brief in Support. The parties must refile their joint submission in a more helpful format in accordance with Section IV of the 4/16/2019 order no later than 5:00 p.m. on 5/6/2019. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 4/29/2019) (mcrd) (Entered: 04/29/2019) |
| 04/29/2019 | 178 (p.4041) | RESPONSE filed by Exxon Mobil Corporation re: 157 (Document Restricted) The United States' Cross Motion for Partial Summary Judgment Regarding Exxon's Accounting Method Change (Sealed pursuant to order dated 10/31/2017) (Nylin, Jennifer) (Entered: 04/29/2019) |
| 04/29/2019 | 179 (p.4063) | Appendix in Support filed by Exxon Mobil Corporation re 178 (p.4041) Response/Objection, *to Defendant's Motion and Reply in Support of Exxon Mobil Corporation's Motion for Partial Summary Judgment on Change in Method of Accounting* (Nylin, Jennifer) (Entered: 04/29/2019) |
| 05/03/2019 | 180 (p.4180) | RESPONSE AND OBJECTION filed by United States of America re: 166 (p.3199) MOTION for Protective Order *to Seal Portions of Trial Record and Close the Courtroom During Presentation of Confidential Material* (Attachments: # 1 (p.53) Exhibit(s) A) (Johnson, Cory) (Entered: 05/03/2019) |
| 05/06/2019 | 181 (p.4211) | Amended Joint Submission on Discovery Matters by Exxon Mobil Corporation. Related document: 164 (p.3022) MOTION to Compel *Answers to Plaintiff's First Set of Interrogatories and Determine the Sufficiency of Defendant's Responses to Plaintiff's First Requests for Admissions* filed by Exxon Mobil Corporation. (McKenney, Dina) (Entered: 05/06/2019) |
| 05/06/2019 | 182 (p.4264) | Appendix in Support filed by Exxon Mobil Corporation re 181 (p.4211) Joint Submission on Discovery Matters, (McKenney, Dina) (Entered: 05/06/2019) |
| 05/06/2019 | 183 | (Document Restricted) Sealed Appendix in Support re: 181 (p.4211) Joint Submission on Discovery Matters, (Sealed pursuant to order dated 10/31/2017) filed by Exxon Mobil Corporation (McKenney, Dina) (Entered: 05/06/2019) |
| 05/07/2019 | 184 | ELECTRONIC ORDER: Oral argument re 164 (p.3022) Plaintiff Exxon Mobil Corporation's Motion to Compel Answers to Plaintiff's First Set of Interrogatories and Determine the Sufficiency of Defendant's Responses to Plaintiff's First Requests for Admissions and Brief in Support set for 5/23/2019 10:00 AM in US Courthouse, Courtroom 1566, 1100 Commerce St., Dallas, TX 75242-1310 before Magistrate Judge Irma Carrillo |

|            |              |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                           |
|------------|--------------|-----------|
|            |              | Ramirez. Unless otherwise ordered, the motion will be determined based on the relevant filings. No evidence will be received at the oral argument. All parties must confirm their attendance at least two days prior to the hearing by contacting Courtroom Deputy Marie Castaneda at Marie_Castaneda@txnd.uscourts.gov. Failure to confirm or to attend the hearing without obtaining permission of the Court will result in appropriate sanctions. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 5/7/2019) (mcrd) (Entered: 05/07/2019) |
| 05/08/2019 | 185 (p.4491) | Agreed Order re: 169 (p.3241) Plaintiff Exxon Mobil Corporation's Motion to Enforce Court's October 3, 2018 Order, to Set Deadlines, and for Sanctions and Brief in Support. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 5/8/2019) (mcrd) (Entered: 05/08/2019) |
| 05/09/2019 | 186 (p.4494) | Agreed Interim Order Regarding Defendant's April 8, 2019 Clawback Log. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 5/9/2019) (mcrd) (Entered: 05/10/2019) |
| 05/10/2019 | 187          | (Document Restricted) Sealed Reply re: 152 Sealed and/or Ex Parte Motion (Sealed pursuant to order dated 10/31/2017) filed by United States of America (Attachments: # 1 (p.53) Exhibit(s) 87 - 88) (Johnson, Cory) (Entered: 05/10/2019) |
| 05/13/2019 | 188 (p.4497) | Emergency MOTION for Leave to File Surreply *or, Alternatively, to Strike, and Request for Expedited Briefing* filed by Exxon Mobil Corporation with Brief/Memorandum in Support. (Attachments: # 1 (p.53) Proposed Order) (McKenney, Dina) (Entered: 05/13/2019) |
| 05/13/2019 | 189 (p.4505) | Appendix in Support filed by Exxon Mobil Corporation re 188 (p.4497) Emergency MOTION for Leave to File Surreply *or, Alternatively, to Strike, and Request for Expedited Briefing* (McKenney, Dina) (Entered: 05/13/2019) |
| 05/13/2019 | 190          | (Document Restricted) Sealed Reply re: 157 Sealed and/or Ex Parte Motion (Sealed pursuant to order dated 10/31/2017) filed by United States of America (Johnson, Cory) (Entered: 05/13/2019) |
| 05/17/2019 | 191          | (Document Restricted) Sealed Response re: 188 (p.4497) Motion for Leave to File (Sealed pursuant to order dated 10/31/2017) filed by United States of America (Johnson, Cory) (Entered: 05/17/2019) |
| 05/17/2019 | 192 (p.4524) | Witness List by United States of America. (Johnson, Cory) (Entered: 05/17/2019) |
| 05/17/2019 | 193          | (Document Restricted) Exhibit List by United States (Sealed pursuant to order dated 10/31/2017) filed by United States of America (Johnson, Cory) (Entered: |

| | | |
|---|---|---|
| | | 05/17/2019) |
| 05/17/2019 | 194 | (Document Restricted) Proposed Findings of Fact and Conclusions of Law by the United States (Sealed pursuant to order dated 10/31/2017) filed by United States of America (Johnson, Cory) (Entered: 05/17/2019) |
| 05/17/2019 | 195 | (Document Restricted) The United States' Motion in Limine to Exclude Exxon's Alternative Section 197 Theory (Sealed pursuant to order dated 10/31/2017) filed by United States of America (Attachments: # 1 (p.53) Exhibit(s) 1-5, # 2 (p.67) Exhibit(s) 5-19, # 3 (p.69) Proposed Order) (Kanyer, Elizabeth) (Entered: 05/17/2019) |
| 05/17/2019 | 196 | (Document Restricted) Sealed Joint Pretrial Order (Sealed pursuant to order dated 10/31/2017) filed by Exxon Mobil Corporation (McKenney, Dina) (Entered: 05/17/2019) |
| 05/17/2019 | 197 (p.4528) | REPLY filed by Exxon Mobil Corporation re: 166 (p.3199) MOTION TO SEAL PORTIONS OF TRIAL RECORD AND CLOSE THE COURTROOM DURING PRESENTATION OF CONFIDENTIAL MATERIAL AT TRIAL AND BRIEF IN SUPPORT (McKenney, Dina) (Entered: 05/17/2019) |
| 05/17/2019 | 198 | (Document Restricted) Sealed Findings of Fact and Conclusions of Law (Sealed pursuant to order dated 10/31/2017) filed by Exxon Mobil Corporation (Nylin, Jennifer) (Entered: 05/17/2019) |
| 05/17/2019 | 199 | (Document Restricted) Sealed Witness List (Sealed pursuant to order dated 10/31/2017) filed by Exxon Mobil Corporation (Nylin, Jennifer) (Entered: 05/17/2019) |
| 05/17/2019 | 200 | (Document Restricted) Sealed Exhibit List (Sealed pursuant to order dated 10/31/2017) filed by Exxon Mobil Corporation (Nylin, Jennifer) (Entered: 05/17/2019) |
| 05/20/2019 | 201 | ELECTRONIC ORDER: The oral argument re 164 (p.3022) Plaintiff Exxon Mobil Corporation's Motion to Compel Answers to Plaintiff's First Set of Interrogatories and Determine the Sufficiency of Defendant's Responses to Plaintiff's First Requests for Admissions and Brief in Support set for 5/23/2019 is hereby RESET for 6/5/2019 09:00 AM in US Courthouse, Courtroom 1566, 1100 Commerce St., Dallas, TX 75242-1310 before Magistrate Judge Irma Carrillo Ramirez. Unless otherwise ordered, the motion will be determined based on the relevant filings. No evidence will be received at the oral argument. All parties must confirm their attendance at least two days prior to the hearing by contacting Courtroom Deputy Marie Castaneda at Marie_Castaneda@txnd.uscourts.gov. Failure to confirm or to attend the hearing without obtaining permission of the Court will result in appropriate |

| | | |
|---|---|---|
| | | sanctions. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 5/20/2019) (mcrd) (Entered: 05/20/2019) |
| 05/20/2019 | 202 (p.4539) | MOTION for Leave to File Witness List Supplement filed by United States of America (Kanyer, Elizabeth) (Entered: 05/20/2019) |
| 05/21/2019 | 203 (p.4542) | MOTION UNOPPOSED Motion to Set Pretrial Conference Prior to June 17, 2019 filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Proposed Order) (McKenney, Dina) (Entered: 05/21/2019) |
| 05/21/2019 | 204 | ELECTRONIC ORDER denying 188 (p.4497) Motion for Leave to File Sur-reply. (Ordered by Judge David C Godbey on 5/21/2019) (chmb) (Entered: 05/21/2019) |
| 05/21/2019 | 205 (p.4547) | ORDER granting 203 (p.4542) Motion to Set Pretrial Conference Prior to 6/17/2019. Pretrial Conference set for 6/14/2019 10:30 AM before Judge David C Godbey. (Ordered by Judge David C Godbey on 5/21/2019) (zkc) (Entered: 05/22/2019) |
| 05/31/2019 | 206 | (Document Restricted) United States' Objections to Exxon's Exhibit List (Sealed pursuant to order dated 10/31/2017) filed by United States of America (Kanyer, Elizabeth) (Entered: 05/31/2019) |
| 06/03/2019 | 207 (p.4548) | Exhibit List *(First Supplemental Trial Exhibit List)* by Exxon Mobil Corporation. (Nylin, Jennifer) (Entered: 06/03/2019) |
| 06/04/2019 | 208 | (Document Restricted) Deposition Designation of Ayob Yahaya (Sealed pursuant to order dated 10/31/2017) filed by United States of America (Attachments: # 1 (p.53) Exhibit(s) Ayob Yahaya Deposition Excerpt, # 2 (p.67) Exhibit(s) Ayob Yahaya Transcript) (Kanyer, Elizabeth) (Entered: 06/04/2019) |
| 06/04/2019 | 209 (p.4551) | Designation of Deposition by Exxon Mobil Corporation. (Nylin, Jennifer) (Entered: 06/04/2019) |
| 06/05/2019 | 210 | ELECTRONIC Minute Entry for proceedings held before Magistrate Judge Irma Carrillo Ramirez: Hearing held on 6/5/2019 re 164 (p.3022) Plaintiff Exxon Mobil Corporation's Motion to Compel Answers to Plaintiff's First Set of Interrogatories and Determine the Sufficiency of Defendant's Responses to Plaintiff's First Requests for Admissions and Brief in Support. Attorney Appearances: Plaintiff - William Mayer Katz, Jr, Mary A McNulty, Dina McKenney; Defense - Cory A Johnson, Jonathan L Blacker, Elizabeth Ann Kanyer. (Court Reporter: Digital File) (No exhibits) Time in Court - 1:11. (mcrd) (Entered: 06/05/2019) |
| 06/05/2019 | 211 (p.4554) | ORDER re: 164 (p.3022) Plaintiff Exxon Mobil Corporation's Motion to Compel Answers to Plaintiff's |

| | | |
|---|---|---|
| | | First Set of Interrogatories and Determine the Sufficiency of Defendant's Responses to Plaintiff's First Requests for Admissions and Brief in Support. After consideration of the relevant filings, evidence, oral argument, and applicable law, and for the reasons stated on the record during the hearing, the plaintiff's motion to compel is GRANTED IN PART and DENIED IN PART. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 6/5/2019) (mcrd) (Entered: 06/05/2019) |
| 06/05/2019 | 212 | ELECTRONIC ORDER: Telephone Conference set for 6/10/2019 10:00 AM before Magistrate Judge Irma Carrillo Ramirez. The Court will initiate the telephone conference. Parties are asked to provide a direct dial number to be used in the conference by contacting Courtroom Deputy Marie Castaneda at Marie_Castaneda@txnd.uscourts.gov. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 6/5/2019) (mcrd) (Entered: 06/05/2019) |
| 06/05/2019 | 217 (p.4645) | Electronic correspondence received from Exxon Mobil Corporation, United States of America. (mcrd) (Entered: 06/10/2019) |
| 06/06/2019 | 213 (p.4556) | NOTICE of *Filing of Public Version of Findings of Fact and Conclusions of Law* re: 198 Sealed and/or Ex Parte Document filed by Exxon Mobil Corporation (Nylin, Jennifer) (Entered: 06/06/2019) |
| 06/07/2019 | 214 (p.6014) | Notice of Filing of Official Electronic Transcript of Motion to Compel (164) Proceedings held on 06/05/2019 before Judge Irma Carrillo Ramirez. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If redaction of personal identifiers under MO 61 is necessary, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (51 pages). Redaction Request due 6/28/2019. Redacted Transcript Deadline set for 7/8/2019. Release of Transcript Restriction set for 9/5/2019. (Rehling, Kathy) (Entered: 06/07/2019) |
| 06/07/2019 | 215 (p.4624) | RESPONSE filed by Exxon Mobil Corporation re: 195 (Document Restricted) The United States' Motion in Limine to Exclude Exxon's Alternative Section 197 Theory (Sealed pursuant to order dated 10/31/2017) (Nylin, Jennifer) (Entered: 06/07/2019) |
| 06/10/2019 | 216 | ELECTRONIC Minute Entry for proceedings held before Magistrate Judge Irma Carrillo Ramirez: Telephone |

| | | |
|---|---|---|
| | | Conference held on 6/10/2019. Attorney Appearances: Plaintiff - William Mayer Katz, Jr, Mary A McNulty,Jennifer Meghan Nylin, Dina McKenney; Defense - Cory A Johnson, Elizabeth Ann Kanyer. (Court Reporter: Digital File) (No exhibits) Time in Court - :21. (mcrd) (Entered: 06/10/2019) |
| 06/10/2019 | 218 (p.4647) | ORDER re: the plaintiff's request for a modification of the 211 (p.4554) Order granting in part and denying in part 164 (p.3022) Plaintiff Exxon Mobil Corporation's Motion to Compel Answers to Plaintiff's First Set of Interrogatories and Determine the Sufficiency of Defendant's Responses to Plaintiff's First Requests for Admissions and Brief in Support. (Ordered by Magistrate Judge Irma Carrillo Ramirez on 6/10/2019) (mcrd) (Entered: 06/10/2019) |
| 06/10/2019 | 219 (p.4649) | RESPONSE filed by Exxon Mobil Corporation re: 202 (p.4539) MOTION for Leave to File Witness List Supplement (McKenney, Dina) (Entered: 06/10/2019) |
| 06/10/2019 | 220 (p.4656) | Appendix in Support filed by Exxon Mobil Corporation re 219 (p.4649) Response/Objection *to Defendant's Motion for Leave to Supplement Witness List* (McKenney, Dina) (Entered: 06/10/2019) |
| 06/11/2019 | 221 | (Document Restricted) Sealed Reply re: 195 Sealed and/or Ex Parte Motion, (Sealed pursuant to order dated 10/31/2017) filed by United States of America (Johnson, Cory) (Entered: 06/11/2019) |
| 06/11/2019 | 222 (p.4751) | COUNTER DESIGNATIONS AND OBJECTIONS TO AYOB YAHAY'S DEPOSITION TESTIMONY by United States of America. (Kanyer, Elizabeth) Modified on 6/12/2019 to enhance text (dss). (Entered: 06/11/2019) |
| 06/11/2019 | 223 (p.4754) | OBJECTION filed by Exxon Mobil Corporation re: 208 Sealed and/or Ex Parte Document, (Nylin, Jennifer) (Entered: 06/11/2019) |
| 06/12/2019 | 224 (p.4786) | MOTION for Leave to File Supplemental Materials Regarding Change in Accounting Method Briefing filed by Exxon Mobil Corporation with Brief/Memorandum in Support. (Attachments: # 1 (p.53) Supplemental Declaration of Paige Merkle, # 2 (p.67) ExxonMobil's Supplement to Its Motion for Partial Summary Judgment Regarding Change in Method of Accounting, # 3 (p.69) ExxonMobil's Supplement to Its Response to Defendant's Motion and Reply in Support of Its Motion for Partial Summary Judgment on the Change in Method of Accounting, # 4 (p.71) Proposed Order) (McKenney, Dina) (Entered: 06/12/2019) |
| 06/13/2019 | 225 (p.6065) | Notice of Filing of Official Electronic Transcript of Telephone Conference Proceedings held on 06/10/2019 |

| | | |
|---|---|---|
| | | before Judge Irma Carrillo Ramirez. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If redaction of personal identifiers under MO 61 is necessary, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (15 pages). Redaction Request due 7/5/2019. Redacted Transcript Deadline set for 7/15/2019. Release of Transcript Restriction set for 9/11/2019. (Rehling, Kathy) (Entered: 06/13/2019) |
| 06/13/2019 | 226 (p.4803) | NOTICE of Attorney Appearance by Richard B Phillips, Jr on behalf of Exxon Mobil Corporation. (Filer confirms contact info in ECF is current.) (Phillips, Richard) (Entered: 06/13/2019) |
| 06/13/2019 | 227 (p.4806) | Supplemental Document by Exxon Mobil Corporation as to 199 Sealed and/or Ex Parte Document *ExxonMobil's Supplement to Trial Witness List*. (McKenney, Dina) (Entered: 06/13/2019) |
| 06/13/2019 | 228 (p.4808) | OBJECTION filed by United States of America re: 207 (p.4548) Exhibit List (Kanyer, Elizabeth) (Entered: 06/13/2019) |
| 06/13/2019 | 229 (p.4812) | JOINT PRETRIAL ORDER. (Ordered by Judge David C Godbey on 6/13/2019) (zkc) (Entered: 06/14/2019) |
| 06/14/2019 | 230 (p.6080) | Notice of Filing of Official Electronic Transcript of Pretrial Conference Proceedings held on 06/14/2019 before Judge Godbey. Court Reporter/Transcriber Lanie Smith, Telephone number (214) 753-2354. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If redaction of personal identifiers under MO 61 is necessary, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (14 pages) Redaction Request due 7/5/2019. Redacted Transcript Deadline set for 7/15/2019. Release of Transcript Restriction set for 9/12/2019. (lms) (Entered: 06/14/2019) |
| 06/14/2019 | 231 | ELECTRONIC Minute Entry for proceedings held before Judge David C Godbey: denying 166 (p.3199) Motion ; denying sealed and/or ex parte motion 195 . ; granting 224 (p.4786) Motion for Leave to File, the defendant will be allowed to file a response to the motion post trial ; Pretrial Conference held on 6/14/2019. Attorney Appearances: |

| | | |
|---|---|---|
| | | Plaintiff - William Katz, Dina McKenney, Mary McNulty, Emily Parker, J Meghan Nylin, Leonora Meyercord, and Richard B. Phillips Jr.; Defense - Cory Johnson, Elizabeth Kanyer and Jonathan Blacker. (Court Reporter: Lanie Smith) (No exhibits) Time in Court - :18. (chmb) (Entered: 06/14/2019) |
| 06/19/2019 | 232 (p.4844) | OBJECTION to 211 (p.4554) a Magistrate Judge Order re: 164 (p.3022) Plaintiff Exxon Mobil Corporation's Motion to Compel Answers to Plaintiff's First Set of Interrogatories and Determine the Sufficiency of Defendant's Responses to Plaintiff's First Requests for Admissions and Brief in Support. (Attachments: # 1 (p.53) Exhibit(s)) (McKenney, Dina) (Entered: 06/19/2019) |
| 06/19/2019 | 233 | ELECTRONIC Minute Entry for proceedings held before Judge David C Godbey: 1st day of Bench Trial Begun on 6/19/2019. Attorney Appearances: Plaintiff - William Katz, Dina McKenney, Mary McNulty, Emily Parker, J Meghan Nylin, Leonora Meyercord, and Richard B. Phillips Jr.; Defense - Cory Johnson, Elizabeth Kanyer and Jonathan Blacker. (Court Reporter: Shawn McRoberts) (Exhibits admitted) Time in Court - 03:30. (chmb) (Entered: 06/20/2019) |
| 06/20/2019 | 235 | ELECTRONIC Minute Entry for proceedings held before Judge David C Godbey: 2nd day of Bench Trial Held on 6/20/2019. Attorney Appearances: Plaintiff - William Katz, Dina McKenney, Mary McNulty, Emily Parker, J Meghan Nylin, Leonora Meyercord, and Richard B. Phillips Jr.; Defense - Cory Johnson, Elizabeth Kanyer and Jonathan Blacker. (Court Reporter: Shawn McRoberts) (Exhibits admitted) Time in Court - 06:30. (chmb) (Entered: 06/24/2019) |
| 06/21/2019 | 236 | ELECTRONIC Minute Entry for proceedings held before Judge David C Godbey: 3rd day of Bench Trial Held on 6/21/2019. Attorney Appearances: Plaintiff - William Katz, Dina McKenney, Mary McNulty, Emily Parker, J Meghan Nylin, Leonora Meyercord, and Richard B. Phillips Jr.; Defense - Cory Johnson, Elizabeth Kanyer and Jonathan Blacker. (Court Reporter: Shawn McRoberts) (Exhibits admitted) Time in Court - 05:30. (chmb) (Entered: 06/24/2019) |
| 06/24/2019 | 234 (p.4909) | NOTICE of *Filing of Deposition Testimony Excerpts* filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Attachment 1, # 2 (p.67) Attachment 2, # 3 (p.69) Attachment 3) (McKenney, Dina) (Entered: 06/24/2019) |
| 06/24/2019 | 237 | ELECTRONIC Minute Entry for proceedings held before Judge David C Godbey: 4th day of Bench Trial Completed on 6/24/2019. Attorney Appearances: Plaintiff - William Katz, Dina McKenney, Mary McNulty, Emily Parker, J Meghan Nylin, Leonora Meyercord, and Richard B. |

| | | |
|---|---|---|
| | | Phillips Jr.; Defense - Cory Johnson, Elizabeth Kanyer and Jonathan Blacker. (Court Reporter: Shawn McRoberts) (No exhibits-All admitted exhibits submitted by CD/Flashdrive) Time in Court - :30. (chmb) (Entered: 06/24/2019) |
| 06/26/2019 | 238 (p.4966) | MOTION EMERGENCY Motion to Redact Transcript in Accordance with Court's Previous Rulings filed by Exxon Mobil Corporation with Brief/Memorandum in Support. (Attachments: # 1 (p.53) Proposed Order) (McKenney, Dina) (Entered: 06/26/2019) |
| 07/01/2019 | 239 (p.4972) | RESPONSE AND OBJECTION filed by United States of America re: 238 (p.4966) MOTION EMERGENCY Motion to Redact Transcript in Accordance with Court's Previous Rulings (Johnson, Cory) (Entered: 07/01/2019) |
| 07/08/2019 | 240 (p.4976) | Supplemental Document by Exxon Mobil Corporation as to 179 (p.4063) Appendix in Support, 127 (p.2213) Appendix in Support *Supplemental Declaration of Paige Merkle (leave granted on 06/14/2019)*. (McKenney, Dina) (Entered: 07/08/2019) |
| 07/08/2019 | 241 (p.4978) | Supplemental Document by Exxon Mobil Corporation as to 126 (p.2185) Brief/Memorandum in Support of Motion, 125 (p.2182) MOTION for Summary Judgment *(Partial) re Change in Method of Accounting Supplement to ExxonMobil's Motion for Partial Summary Judgment Regarding Change in Method of Accounting (leave granted 06/14/2019)*. (McKenney, Dina) (Entered: 07/08/2019) |
| 07/08/2019 | 242 (p.4981) | Supplemental Document by Exxon Mobil Corporation as to 178 (p.4041) Response/Objection, *Supplement to ExxonMobil's Response to Defendant's Motion and Reply in Support of Its Motion for Partial Summary Judgment on Change in Method of Accounting (leave granted 06/14/2019)*. (McKenney, Dina) (Entered: 07/08/2019) |
| 07/09/2019 | 243 (p.4985) | ORDER granting 238 (p.4966) Motion to Redact Portions of the Trial Transcript. (Ordered by Judge David C Godbey on 7/9/2019) (zkc) (Entered: 07/09/2019) |
| 07/10/2019 | 244 (p.4986) | Exhibit List *LIST OF ADMITTED EXHIBITS* by Exxon Mobil Corporation. (McKenney, Dina) (Entered: 07/10/2019) |
| 07/10/2019 | 245 (p.4994) | RESPONSE filed by United States of America re: 232 (p.4844) Objection/Response to Magistrate Judge Order, (Blacker, Jonathan) (Entered: 07/10/2019) |
| 07/15/2019 | 246 | (Document Restricted) Post-Trial Brief (Sealed pursuant to order dated 6/19/2019) filed by Exxon Mobil Corporation (Nylin, Jennifer) (Entered: 07/15/2019) |
| 07/15/2019 | 247 | |

| | | (Document Restricted) Amended Findings of Fact and Conclusions of Law (Sealed pursuant to order dated 6/19/2019) filed by Exxon Mobil Corporation (Nylin, Jennifer) (Entered: 07/15/2019) |
|---|---|---|
| 07/19/2019 | 248 (p.5004) | REPLY filed by Exxon Mobil Corporation re: 232 (p.4844) Objection/Response to Magistrate Judge Order, (McKenney, Dina) (Entered: 07/19/2019) |
| 07/22/2019 | 249 | (Document Restricted) Post-Trial Brief (Sealed pursuant to order dated 10/31/2017) filed by United States of America (Kanyer, Elizabeth) (Entered: 07/22/2019) |
| 07/22/2019 | 250 (p.5010) | NOTICE of *Filing of Public Versions of Amended Proposed Findings of Fact and Conclusions of Law and Post-Trial Brief* filed by Exxon Mobil Corporation (Nylin, Jennifer) (Entered: 07/22/2019) |
| 07/29/2019 | 251 (p.5127) | RESPONSE filed by United States of America re: 240 (p.4976) Supplemental Document, 242 (p.4981) Supplemental Document, 241 (p.4978) Supplemental Document, (Johnson, Cory) (Entered: 07/29/2019) |
| 07/29/2019 | 252 (p.5129) | REPLY filed by Exxon Mobil Corporation re: 251 (p.5127) Response/Objection (Nylin, Jennifer) (Entered: 07/29/2019) |
| 08/01/2019 | 253 (p.5144) | Emergency MOTION To Set Briefing Schedule for Cross Motions for Summary Judgment on Exxon's Liability for Penalties Under Section 6676 filed by United States of America with Brief/Memorandum in Support. (Johnson, Cory) (Entered: 08/01/2019) |
| 08/05/2019 | 254 (p.5148) | Unopposed MOTION to Modify The Court's Redaction Order filed by Exxon Mobil Corporation with Brief/Memorandum in Support re: 243 (p.4985) Order. (Attachments: # 1 (p.53) Proposed Order) (McKenney, Dina) Modified text on 8/6/2019 (axm). (Entered: 08/05/2019) |
| 08/12/2019 | 255 (p.5153) | AMENDED ORDER amending 243 (p.4985) Order granting 238 (p.4966) Motion to Redact Portions of the Trial Transcript. (Ordered by Judge David C Godbey on 8/12/2019) (zkc) (Entered: 08/13/2019) |
| 08/22/2019 | 256 (p.5155) | RESPONSE filed by Exxon Mobil Corporation re: 253 (p.5144) MOTION Emergency Motion To Set Briefing Schedule for Cross Motions for Summary Judgment on Exxon's Liability for Penalties Under Section 6676 (McKenney, Dina) (Entered: 08/22/2019) |
| 09/05/2019 | 257 | (Document Restricted) Sealed Notice of Filing of Amended Post-Trial Filings (Sealed pursuant to order dated 6/19/2019) filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Amended Post-Trial Brief, # 2 (p.67) Second Amended Proposed Findings of Facts and |

| | | |
|---|---|---|
| | | Conclusions of Law, # 3 (p.69) Amended Post-Trial Reply, # 4 (p.71) Comparision (Post-Trial Brief), # 5 (p.73) Comparison (Proposed Findings of Fact and Conclusions of Law), # 6 (p.75) Comparison (Post-Trial Reply)) (McKenney, Dina) (Entered: 09/05/2019) |
| 09/06/2019 | 258 (p.5160) | MOTION for Summary Judgment *Regarding Exxon's Liability for Section 6676 Penalties* filed by United States of America (Johnson, Cory) (Entered: 09/06/2019) |
| 09/06/2019 | 259 | (Document Restricted) Sealed Brief/Memorandum in Support re: 258 (p.5160) Motion for Summary Judgment (Sealed pursuant to order dated 10/31/2017) filed by United States of America (Johnson, Cory) (Entered: 09/06/2019) |
| 09/06/2019 | 260 | (Document Restricted) Sealed Appendix in Support re: 259 Sealed and/or Ex Parte Appendix/Brief/Memorandum in Support, 258 (p.5160) Motion for Summary Judgment (Sealed pursuant to order dated 10/31/2017) filed by United States of America (Attachments: # 1 (p.53) Exhibit(s) 1 - 2, # 2 (p.67) Exhibit(s) 2 - 4, # 3 (p.69) Exhibit(s) 4 - 5, # 4 (p.71) Exhibit(s) 5 - 7, # 5 (p.73) Exhibit(s) 7, # 6 (p.75) Exhibit(s) 7, # 7 (p.79) Exhibit(s) 7, # 8 (p.81) Exhibit(s) 7, # 9 (p.83) Exhibit(s) 7 - 9, # 10 (p.85) Exhibit(s) 9, # 11 (p.94) Exhibit(s) 9, # 12 (p.98) Exhibit(s) 9 - 10, # 13 Exhibit(s) 10 -18, # 14 (p.101) Exhibit(s) 18 -28, # 15 (p.109) Exhibit(s) 28 - 34) (Johnson, Cory) (Entered: 09/06/2019) |
| 09/06/2019 | 261 | (Document Restricted) ExxonMobil's Motion for Partial Summary Judgment Regarding Penalties (Sealed pursuant to order dated 10/31/2017) filed by Exxon Mobil Corporation (McKenney, Dina) (Entered: 09/06/2019) |
| 09/06/2019 | 262 | (Document Restricted) Sealed Brief/Memorandum in Support re: 261 Sealed and/or Ex Parte Motion (Sealed pursuant to order dated 10/31/2017) filed by Exxon Mobil Corporation (McKenney, Dina) (Entered: 09/06/2019) |
| 09/06/2019 | 263 | (Document Restricted) Sealed Appendix in Support re: 261 Sealed and/or Ex Parte Motion (Sealed pursuant to order dated 10/31/2017) filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) App. 1-196, # 2 (p.67) App. 197-297, # 3 (p.69) App. 298-457, # 4 (p.71) App. 458-549, # 5 (p.73) App. 550-641, # 6 (p.75) App. 642-685, # 7 (p.79) App. 686-747, # 8 (p.81) App. 748-791, # 9 (p.83) App. 792-861, # 10 (p.85) App. 862-944) (McKenney, Dina) (Entered: 09/06/2019) |
| 09/06/2019 | 264 | (Document Restricted) Continuation of Sealed Appendix 263 (beginning with App. 945-1012) (Sealed pursuant to order dated 10/31/2017) filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) App. 1013-1111, # 2 (p.67) App. 1112-1229, # 3 (p.69) App. 1230-1332, # 4 (p.71) App. |

| | | |
|---|---|---|
| | | 1333-1427, # 5 (p.73) App. 1428-1522, # 6 (p.75) App. 1523-1625) (McKenney, Dina) (Entered: 09/06/2019) |
| 09/06/2019 | 265 | (Document Restricted) Continuation of Sealed Appendix 263 (beginning with App. 1626-1714) (Sealed pursuant to order dated 10/31/2017) filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) App. 1715-1786, # 2 (p.67) App. 1787-1860, # 3 (p.69) App. 1861-2147, # 4 (p.71) App. 2148-2200, # 5 (p.73) App. 2201-2260, # 6 (p.75) App. 2261-2297) (McKenney, Dina) (Entered: 09/06/2019) |
| 09/06/2019 | 266 | (Document Restricted) Continuation of Sealed Appendix 263 (beginning with App. 2298-2351) (Sealed pursuant to order dated 10/31/2017) filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) App. 2352-2487.pdf, # 2 (p.67) App. 2488-2555.pdf, # 3 (p.69) App. 2556-2620.pdf, # 4 (p.71) App. 2621-2731.pdf, # 5 (p.73) App. 2732-2821.pdf, # 6 (p.75) App. 2822-2883.pdf) (McKenney, Dina) (Entered: 09/06/2019) |
| 09/06/2019 | 267 | (Document Restricted) Continuation of Sealed Appendix 263 (beginning with App. 2884-2959) (Sealed pursuant to order dated 10/31/2017) filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) App. 2960-3667, # 2 (p.67) App. 3668-3710, # 3 (p.69) App. 3711-3775, # 4 (p.71) App. 3776-3851, # 5 (p.73) App. 3852-3931, # 6 (p.75) App. 3932-4016, # 7 (p.79) App. 4017-4100, # 8 (p.81) App. 4101-4181) (McKenney, Dina) (Entered: 09/06/2019) |
| 09/09/2019 | 268 (p.5163) | ORDER: All matters in this case are stayed pending resolution of the first phase bench trial. (Ordered by Judge David C Godbey on 9/9/2019) (mla) (Entered: 09/10/2019) |
| 01/26/2020 | 269 | (Document Restricted) Notice of Filing of SEALED Electronic Transcript of Trial (Volume 1) Proceedings held on 06/19/2019 before Judge David Godbey. Court Reporter/Transcriber Shawn McRoberts, Telephone number (214) 753-2349. (121 pages) (smm) (Entered: 01/26/2020) |
| 01/26/2020 | 270 | (Document Restricted) Notice of Filing of SEALED Electronic Transcript of Trial (Volume 2) Proceedings held on 06/20/2019 before Judge David Godbey. Court Reporter/Transcriber Shawn McRoberts, Telephone number (214) 753-2349. (229 pages) (smm) (Entered: 01/26/2020) |
| 01/26/2020 | 271 | (Document Restricted) Notice of Filing of SEALED Electronic Transcript of Trial (Volume 3) Proceedings held on 06/21/2019 before Judge David Godbey. Court Reporter/Transcriber Shawn McRoberts, Telephone number (214) 753-2349. (181 pages) (smm) (Entered: 01/26/2020) |

| 01/26/2020 | 272 | (Document Restricted) Notice of Filing of SEALED Electronic Transcript of Trial (Volume 4) Proceedings held on 06/24/2019 before Judge David Godbey. Court Reporter/Transcriber Shawn McRoberts, Telephone number (214) 753-2349. (11 pages) (smm) (Entered: 01/26/2020) |
| --- | --- | --- |
| 01/26/2020 | 273 (p.6095) | Redacted Transcript for remote electronic access re: 269 (Document Restricted) Notice of Filing of SEALED Electronic Transcript of Trial (Volume 1) Proceedings held on 06/19/2019 before Judge David Godbey. Court Reporter/Transcriber Shawn McRoberts, Telephone number (214) 753-2349. (121 pages) (smm) (smm) (Entered: 01/26/2020) |
| 01/26/2020 | 274 (p.6200) | Redacted Transcript for remote electronic access re: 270 (Document Restricted) Notice of Filing of SEALED Electronic Transcript of Trial (Volume 2) Proceedings held on 06/20/2019 before Judge David Godbey. Court Reporter/Transcriber Shawn McRoberts, Telephone number (214) 753-2349. (229 pages) (smm) (smm) (Entered: 01/26/2020) |
| 01/26/2020 | 275 (p.6308) | Redacted Transcript for remote electronic access re: 271 (Document Restricted) Notice of Filing of SEALED Electronic Transcript of Trial (Volume 3) Proceedings held on 06/21/2019 before Judge David Godbey. Court Reporter/Transcriber Shawn McRoberts, Telephone number (214) 753-2349. (181 pages) (smm) (smm) (Entered: 01/26/2020) |
| 02/24/2020 | 276 (p.5164) | FINDINGS OF FACT AND CONCLUSIONS OF LAW: The Court believes it has addressed all the necessary issues, however if either party believes the Court has omitted anything, the Court directs the parties to file any request for additional findings under Rule 52(b) within twenty-eight (28) days of the date of this Order. (Ordered by Judge David C Godbey on 2/24/2020) (chmb) (Entered: 02/24/2020) |
| 03/19/2020 | 277 (p.5189) | MOTION Rule 52(b) Motion for Additional Findings filed by Exxon Mobil Corporation (Nylin, Jennifer) (Entered: 03/19/2020) |
| 03/19/2020 | 278 (p.5195) | ADDITIONAL ATTACHMENTS, *Proposed Order,* to 277 (p.5189) Motion for Miscellaneous Relief by Plaintiff Exxon Mobil Corporation. (Nylin McCaig, Jennifer) (Entered: 03/19/2020) |
| 03/23/2020 | 279 (p.5198) | MOTION (Joint) to Set Briefing Schedule for Motions for Partial Summary Judgment on Penalties filed by Exxon Mobil Corporation (Nylin McCaig, Jennifer) (Entered: 03/23/2020) |
| 03/23/2020 | 280 (p.5200) | |

| | | |
|---|---|---|
| | | ORDER granting 279 (p.5198) Joint Motion to Set Briefing Schedule for Motionsfor Partial Summary Judgment on Penalties. Cross-Responses due by 5/15/2020. Cross-Replies due by 6/5/2020. (Ordered by Judge David C Godbey on 3/23/2020) (axm) (Entered: 03/24/2020) |
| 04/08/2020 | 281 (p.5201) | NOTICE of *Supplemental Authority Supporting ExxonMobil's Motion to Certify* re: 87 (p.1492) MOTION Certify the Courts August 8, 2018 Order as Final Under Fed. R. Civ. P. 54(b), to Certify the Order for Interlocutory Review Under 28 U.S.C. § 1292(B), or Both filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Exhibit(s) 1) (Kenworthy, Kevin) (Entered: 04/08/2020) |
| 04/09/2020 | 282 | (Document Restricted) Sealed Response re: 277 (p.5189) Motion for Miscellaneous Relief (Sealed pursuant to order dated 10/31/2018) filed by United States of America (Blacker, Jonathan) (Entered: 04/09/2020) |
| 04/21/2020 | 283 | (Document Restricted) Sealed Reply re: 277 (p.5189) Motion for Miscellaneous Relief (Sealed pursuant to order dated 6/19/2019) filed by Exxon Mobil Corporation (McKenney, Dina) (Entered: 04/21/2020) |
| 05/15/2020 | 284 | (Document Restricted) Sealed Response re: 261 Sealed and/or Ex Parte Motion (Sealed pursuant to order dated 10/31/2017) filed by United States of America (Attachments: # 1 (p.53) Appendix, # 2 (p.67) Exhibit(s) 35, # 3 (p.69) Exhibit(s) 36, # 4 (p.71) Exhibit(s) 37, # 5 (p.73) Exhibit(s) 38, # 6 (p.75) Exhibit(s) 39, # 7 (p.79) Exhibit(s) 40, # 8 (p.81) Declaration(s) 41) (Blacker, Jonathan) (Entered: 05/15/2020) |
| 05/15/2020 | 285 | (Document Restricted) Sealed Response re: 258 (p.5160) Motion for Summary Judgment (Sealed pursuant to order dated 10/31/2017) filed by Exxon Mobil Corporation (Nylin McCaig, Jennifer) (Entered: 05/15/2020) |
| 05/15/2020 | 286 (p.5222) | Appendix in Support filed by Exxon Mobil Corporation re 285 Sealed and/or Ex Parte Response/Objection (Nylin McCaig, Jennifer) (Entered: 05/15/2020) |
| 05/15/2020 | 287 | (Document Restricted) Sealed Appendix in Support re: 286 (p.5222) Appendix in Support, 285 Sealed and/or Ex Parte Response/Objection (Sealed pursuant to order dated 10/31/2017) filed by Exxon Mobil Corporation (Nylin McCaig, Jennifer) (Entered: 05/15/2020) |
| 06/05/2020 | 288 | (Document Restricted) Sealed Reply re: 258 (p.5160) Motion for Summary Judgment (Sealed pursuant to order dated 10/31/2017) filed by United States of America (Attachments: # 1 (p.53) Appendix, # 2 (p.67) Exhibit(s) Part 1, # 3 (p.69) Exhibit(s) Part 2) (Blacker, Jonathan) (Entered: 06/05/2020) |

| 06/05/2020 | 289 | (Document Restricted) Sealed Reply re: 261 Sealed and/or Ex Parte Motion (Sealed pursuant to order dated 10/31/2017) filed by Exxon Mobil Corporation (Nylin McCaig, Jennifer) (Entered: 06/05/2020) |
|---|---|---|
| 01/13/2021 | 290 (p.5757) | MEMORANDUM OPINION AND ORDER granting 261 Motion for Partial Summary Judgment Regarding Penalties, denying 277 (p.5189) MOTION Rule 52(b) Motion for Additional Findings, denying 258 (p.5160) Motion for Summary Judgment. (Ordered by Judge David C Godbey on 1/13/2021) (mjr) (Entered: 01/13/2021) |
| 02/10/2021 | 291 (p.5771) | NOTICE of *Filing of Proposed Agreed Final Judgment* filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Proposed Order Ex. A - Proposed Final Judgment) (Nylin McCaig, Jennifer) (Entered: 02/10/2021) |
| 02/19/2021 | 292 (p.5776) | FINAL JUDGMENT: ExxonMobil has judgment against the United States in the amount of $207,526,546 for the 26 U.S.C. § 6676 penalties paid for the 2006, 2007, 2008, and 2009 tax years. ExxonMobil also has judgment against the United States for overpayment interest allowed under 26 U.S.C. § 6611 at the applicable rate under 26 U.S.C. § 6621 on the penalty overpayment amounts awarded in this Judgment. All other relief not expressly granted is denied. Each party shall bear its own costs. Pursuant to LR 79.2 and LCrR 55.2, exhibits may be claimed during the 60-day period following final disposition (to do so, follow the procedures found at Exhibit Guide). The clerk will discard exhibits that remain unclaimed after the 60-day period without additional notice. (Clerk to notice any party not electronically noticed.) (Ordered by Judge David C Godbey on 2/19/2021) (hml) (Entered: 02/19/2021) |
| 03/04/2021 | 293 (p.5778) | MOTION to Maintain Sealed Status of Confidential Documents and Remove Highly Sensitive Documents from CM/ECF filed by Exxon Mobil Corporation with Brief/Memorandum in Support. (Attachments: # 1 (p.53) Proposed Order) (Nylin McCaig, Jennifer) (Entered: 03/04/2021) |
| 03/04/2021 | 294 (p.5792) | Appendix in Support filed by Exxon Mobil Corporation re 293 (p.5778) MOTION Maintain Sealed Status of Confidential Documents and Remove Highly Sensitive Documents from CM/ECF (Nylin McCaig, Jennifer) (Entered: 03/04/2021) |
| 03/12/2021 | 295 (p.5812) | RESPONSE filed by United States of America re: 293 (p.5778) MOTION Maintain Sealed Status of Confidential Documents and Remove Highly Sensitive Documents from CM/ECF (Blacker, Jonathan) (Entered: 03/12/2021) |
| 04/09/2021 | 296 (p.5814) | NOTICE OF APPEAL to the Fifth Circuit by Exxon Mobil Corporation. Filing fee $505, receipt number 0539-11782125. T.O. form to appellant electronically at |

| | | |
|---|---|---|
| | | Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Nylin McCaig, Jennifer) (Entered: 04/09/2021) |
| 04/19/2021 | 297 (p.5816) | NOTICE OF APPEAL to the Fifth Circuit by United States of America. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Blacker, Jonathan) (Entered: 04/19/2021) |
| 04/21/2021 | | USCA Case Number 21-10373 in USCA5 for 296 (p.5814) Notice of Appeal filed by Exxon Mobil Corporation, 297 (p.5816) Notice of Appeal filed by United States of America. (svc) (Entered: 04/21/2021) |
| 04/23/2021 | 298 (p.6909) | Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 296 (p.5814) Notice of Appeal,,,, filed by Exxon Mobil Corporation. Exhibits are available for public inspection at the clerk's office. (Attachments: # 1 (p.53) Exhibit(s) PTX 010^J05, # 2 (p.67) Exhibit(s) PTX 011, # 3 (p.69) Exhibit(s) PTX 025, # 4 (p.71) Exhibit(s) PTX 030, # 5 (p.73) Exhibit(s) PTX 031, # 6 (p.75) Exhibit(s) PTX 073, # 7 (p.79) Exhibit(s) PTX 088, # 8 (p.81) Exhibit(s) PTX 103, # 9 (p.83) Exhibit(s) PTX 104, # 10 (p.85) Exhibit(s) PTX 467_Part 1, # 11 (p.94) Exhibit(s) PTX 467_Part 2, # 12 (p.98) Exhibit(s) PTX 467_Part 3, # 13 Exhibit(s) PTX 467_Part 4, # 14 (p.101) Exhibit(s) PTX 467_Part 5, # 15 (p.109) Exhibit(s) PTX 467_Part 6, # 16 (p.111) Exhibit(s) PTX 467_Part 7, # 17 (p.113) Exhibit(s) PTX 499, # 18 (p.131) Exhibit(s) PTX 503, # 19 Exhibit(s) PTX 505, # 20 Exhibit(s) PTX 506, # 21 (p.132) Exhibit(s) PTX 884, # 22 (p.136) Exhibit(s) PTX 885) (Nylin McCaig, |

| | | |
|---|---|---|
| | | Jennifer) (Entered: 04/23/2021) |
| 04/23/2021 | 299 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 296 (p.5814) Notice of Appeal,,,,. filed by Exxon Mobil Corporation. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Exhibit(s) PTX 001_Part 1, # 2 (p.67) Exhibit(s) PTX 001_Part 2, # 3 (p.69) Exhibit(s) PTX 001_Part 3, # 4 (p.71) Exhibit(s) PTX 001_Part 4, # 5 (p.73) Exhibit(s) PTX 001_Part 5, # 6 (p.75) Exhibit(s) PTX 001_Part 6, # 7 (p.79) Exhibit(s) PTX 001_Part 7, # 8 (p.81) Exhibit(s) PTX 001_Part 8, # 9 (p.83) Exhibit(s) PTX 001_Part 9, # 10 (p.85) Exhibit(s) PTX 001_Part 10) (Nylin McCaig, Jennifer) (Entered: 04/23/2021) |
| 04/23/2021 | 300 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 296 (p.5814) Notice of Appeal,,,,. filed by Exxon Mobil Corporation. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Exhibit(s) PTX 001_Part 11, # 2 (p.67) Exhibit(s) PTX 001_Part 12, # 3 (p.69) Exhibit(s) PTX 001_Part 13, # 4 (p.71) Exhibit(s) PTX 001_Part 14, # 5 (p.73) Exhibit(s) PTX 001_Part 15, # 6 (p.75) Exhibit(s) PTX 001_Part 16, # 7 (p.79) Exhibit(s) PTX 001_Part 17, # 8 (p.81) Exhibit(s) PTX 001_Part 18) (Nylin McCaig, Jennifer) (Entered: 04/23/2021) |
| 04/23/2021 | 301 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 296 (p.5814) Notice of Appeal,,,,. filed by Exxon Mobil Corporation. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Exhibit(s) PTX 002_Part 1, # 2 (p.67) Exhibit(s) PTX 002_Part 2, # 3 (p.69) Exhibit(s) PTX 002_Part 3, # 4 (p.71) Exhibit(s) PTX 002_Part 4, # 5 (p.73) Exhibit(s) PTX 002_Part 5, # 6 (p.75) Exhibit(s) PTX 002_Part 6, # 7 (p.79) Exhibit(s) PTX 002_Part 7, # 8 (p.81) Exhibit(s) PTX 002_Part 8, # 9 (p.83) Exhibit(s) PTX 002_Part 9, # 10 (p.85) Exhibit(s) PTX 002_Part 10) (Nylin McCaig, Jennifer) (Entered: 04/23/2021) |
| 04/23/2021 | 302 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 296 (p.5814) Notice of Appeal,,,,. filed by Exxon Mobil Corporation. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Exhibit(s) PTX 002_Part 11, # 2 (p.67) Exhibit(s) PTX 002_Part 12, # 3 (p.69) Exhibit(s) PTX 002_Part 13, # 4 (p.71) Exhibit(s) PTX 002_Part 14, # 5 (p.73) Exhibit(s) PTX 002_Part 15, # 6 (p.75) Exhibit(s) PTX 002_Part 16, # 7 (p.79) Exhibit(s) PTX 002_Part 17, # 8 (p.81) Exhibit(s) PTX 002_Part 18, # 9 (p.83) Exhibit(s) |

| | | |
|---|---|---|
| | | PTX 002_Part 19, # 10 (p.85) Exhibit(s) PTX 002_Part 20) (Nylin McCaig, Jennifer) (Entered: 04/23/2021) |
| 04/23/2021 | 303 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 296 (p.5814) Notice of Appeal,,,,. filed by Exxon Mobil Corporation. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Exhibit(s) PTX 002_Part 21, # 2 (p.67) Exhibit(s) PTX 002_Part 22, # 3 (p.69) Exhibit(s) PTX 002_Part 23, # 4 (p.71) Exhibit(s) PTX 002_Part 24, # 5 (p.73) Exhibit(s) PTX 002_Part 25, # 6 (p.75) Exhibit(s) PTX 002_Part 26, # 7 (p.79) Exhibit(s) PTX 002_Part 27, # 8 (p.81) Exhibit(s) PTX 002_Part 28, # 9 (p.83) Exhibit(s) PTX 002_Part 29, # 10 (p.85) Exhibit(s) PTX 002_Part 30) (Nylin McCaig, Jennifer) (Entered: 04/23/2021) |
| 04/23/2021 | 304 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 296 (p.5814) Notice of Appeal,,,,. filed by Exxon Mobil Corporation. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Exhibit(s) PTX 002_Part 31, # 2 (p.67) Exhibit(s) PTX 002_Part 32, # 3 (p.69) Exhibit(s) PTX 002_Part 33, # 4 (p.71) Exhibit(s) PTX 002_Part 34, # 5 (p.73) Exhibit(s) PTX 002_Part 35, # 6 (p.75) Exhibit(s) PTX 002_Part 36, # 7 (p.79) Exhibit(s) PTX 002_Part 37, # 8 (p.81) Exhibit(s) PTX 002_Part 38, # 9 (p.83) Exhibit(s) PTX 002_Part 39, # 10 (p.85) Exhibit(s) PTX 002_Part 40) (Nylin McCaig, Jennifer) (Entered: 04/23/2021) |
| 04/23/2021 | 305 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 296 (p.5814) Notice of Appeal,,,,. filed by Exxon Mobil Corporation. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Exhibit(s) PTX 002_Part 41, # 2 (p.67) Exhibit(s) PTX 002_Part 42, # 3 (p.69) Exhibit(s) PTX 002_Part 43, # 4 (p.71) Exhibit(s) PTX 002_Part 44, # 5 (p.73) Exhibit(s) PTX 002_Part 45, # 6 (p.75) Exhibit(s) PTX 002_Part 46, # 7 (p.79) Exhibit(s) PTX 002_Part 47, # 8 (p.81) Exhibit(s) PTX 002_Part 48) (Nylin McCaig, Jennifer) (Entered: 04/23/2021) |
| 04/23/2021 | 306 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 296 (p.5814) Notice of Appeal,,,,. filed by Exxon Mobil Corporation. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Exhibit(s) PTX 003_Part 1, # 2 (p.67) Exhibit(s) PTX 003_Part 2, # 3 (p.69) Exhibit(s) PTX 003_Part 3, # 4 (p.71) Exhibit(s) PTX 003_Part 4, # 5 (p.73) Exhibit(s) PTX 003_Part 5, # 6 (p.75) Exhibit(s) PTX 003_Part 6, # 7 (p.79) Exhibit(s) PTX 003_Part 7, # 8 (p.81) Exhibit(s) |

| | | | |
|---|---|---|---|
| | | | PTX 003_Part 8, # 9 (p.83) Exhibit(s) PTX 003_Part 9, # 10 (p.85) Exhibit(s) PTX 003_Part 10) (Nylin McCaig, Jennifer) (Entered: 04/23/2021) |
| 04/23/2021 | | 307 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 296 (p.5814) Notice of Appeal,,,,. filed by Exxon Mobil Corporation. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Exhibit(s) PTX 003_Part 11, # 2 (p.67) Exhibit(s) PTX 003_Part 12, # 3 (p.69) Exhibit(s) PTX 003_Part 13, # 4 (p.71) Exhibit(s) PTX 003_Part 14, # 5 (p.73) Exhibit(s) PTX 003_Part 15, # 6 (p.75) Exhibit(s) PTX 003_Part 16, # 7 (p.79) Exhibit(s) PTX 003_Part 17, # 8 (p.81) Exhibit(s) PTX 003_Part 18, # 9 (p.83) Exhibit(s) PTX 003_Part 19, # 10 (p.85) Exhibit(s) PTX 003_Part 20) (Nylin McCaig, Jennifer) (Entered: 04/23/2021) |
| 04/23/2021 | | 308 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 296 (p.5814) Notice of Appeal,,,,. filed by Exxon Mobil Corporation. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Exhibit(s) PTX 003_Part 21, # 2 (p.67) Exhibit(s) PTX 003_Part 22, # 3 (p.69) Exhibit(s) PTX 003_Part 23, # 4 (p.71) Exhibit(s) PTX 003_Part 24, # 5 (p.73) Exhibit(s) PTX 003_Part 25, # 6 (p.75) Exhibit(s) PTX 003_Part 26) (Nylin McCaig, Jennifer) (Entered: 04/23/2021) |
| 04/23/2021 | | 309 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 296 (p.5814) Notice of Appeal,,,,. filed by Exxon Mobil Corporation. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Exhibit(s) PTX 004_Part 1, # 2 (p.67) Exhibit(s) PTX 004_Part 2, # 3 (p.69) Exhibit(s) PTX 004_Part 3, # 4 (p.71) Exhibit(s) PTX 004_Part 4, # 5 (p.73) Exhibit(s) PTX 004_Part 5, # 6 (p.75) Exhibit(s) PTX 004_Part 6, # 7 (p.79) Exhibit(s) PTX 004_Part 7, # 8 (p.81) Exhibit(s) PTX 004_Part 8, # 9 (p.83) Exhibit(s) PTX 004_Part 9, # 10 (p.85) Exhibit(s) PTX 004_Part 10, # 11 (p.94) Exhibit(s) PTX 004_Part 11) (Nylin McCaig, Jennifer) (Entered: 04/23/2021) |
| 04/23/2021 | | 310 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 296 (p.5814) Notice of Appeal,,,,. filed by Exxon Mobil Corporation. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Exhibit(s) PTX 005_Part 1, # 2 (p.67) Exhibit(s) PTX 005_Part 2, # 3 (p.69) Exhibit(s) PTX 005_Part 3, # 4 (p.71) Exhibit(s) PTX 005_Part 4, # 5 (p.73) Exhibit(s) PTX 006, # 6 (p.75) Exhibit(s) PTX 007, # 7 (p.79) |

| | | |
|---|---|---|
| | | Exhibit(s) PTX 008, # <u>8 (p.81)</u> Exhibit(s) PTX 009, # <u>9 (p.83)</u> Exhibit(s) PTX 015, # <u>10 (p.85)</u> Exhibit(s) PTX 016, # <u>11 (p.94)</u> Exhibit(s) PTX 017, # <u>12 (p.98)</u> Exhibit(s) PTX 020_Part 1, # <u>13</u> Exhibit(s) PTX 020_Part 2) (Nylin McCaig, Jennifer) (Entered: 04/23/2021) |
| 04/23/2021 | <u>311</u> | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re <u>296 (p.5814)</u> Notice of Appeal,,,,. filed by Exxon Mobil Corporation. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by Exxon Mobil Corporation (Attachments: # <u>1 (p.53)</u> Exhibit(s) PTX 021, # <u>2 (p.67)</u> Exhibit(s) PTX 022, # <u>3 (p.69)</u> Exhibit(s) PTX 023, # <u>4 (p.71)</u> Exhibit(s) PTX 024, # <u>5 (p.73)</u> Exhibit(s) PTX 026, # <u>6 (p.75)</u> Exhibit(s) PTX 027, # <u>7 (p.79)</u> Exhibit(s) PTX 032^J10_Part 1, # <u>8 (p.81)</u> Exhibit(s) PTX 032^J10_Part 2, # <u>9 (p.83)</u> Exhibit(s) PTX 033_Part 1, # <u>10 (p.85)</u> Exhibit(s) PTX 033_Part 2, # <u>11 (p.94)</u> Exhibit(s) PTX 033_Part 3, # <u>12 (p.98)</u> Exhibit(s) PTX 033_Part 4, # <u>13</u> Exhibit(s) PTX 034_Part 1, # <u>14 (p.101)</u> Exhibit(s) PTX 034_Part 2, # <u>15 (p.109)</u> Exhibit(s) PTX 035_Part 1, # <u>16 (p.111)</u> Exhibit(s) PTX 035_Part 2, # <u>17 (p.113)</u> Exhibit(s) PTX 035_Part 3) (Nylin McCaig, Jennifer) (Entered: 04/23/2021) |
| 04/23/2021 | <u>312</u> | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re <u>296 (p.5814)</u> Notice of Appeal,,,,. filed by Exxon Mobil Corporation. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by Exxon Mobil Corporation (Attachments: # <u>1 (p.53)</u> Exhibit(s) PTX 040^J06_Part 1, # <u>2 (p.67)</u> Exhibit(s) PTX 040^J06_Part 2, # <u>3 (p.69)</u> Exhibit(s) PTX 040^J06_Part 3, # <u>4 (p.71)</u> Exhibit(s) PTX 040^J06_Part 4, # <u>5 (p.73)</u> Exhibit(s) PTX 041^J07_Part 1, # <u>6 (p.75)</u> Exhibit(s) PTX 041^J07_Part 2, # <u>7 (p.79)</u> Exhibit(s) PTX 041^J07_Part 3, # <u>8 (p.81)</u> Exhibit(s) PTX 041^J07_Part 4, # <u>9 (p.83)</u> Exhibit(s) PTX 042^J08, # <u>10 (p.85)</u> Exhibit(s) PTX 043^J09, # <u>11 (p.94)</u> Exhibit(s) PTX 044, # <u>12 (p.98)</u> Exhibit(s) PTX 045_Part 1, # <u>13</u> Exhibit(s) PTX 045_Part 2, # <u>14 (p.101)</u> Exhibit(s) PTX 046_Part 1, # <u>15 (p.109)</u> Exhibit(s) PTX 046_Part 2, # <u>16 (p.111)</u> Exhibit(s) PTX 047_Part 1, # <u>17 (p.113)</u> Exhibit(s) PTX 047_Part 2, # <u>18 (p.131)</u> Exhibit(s) PTX 048, # <u>19</u> Exhibit(s) PTX 049) (Nylin McCaig, Jennifer) (Entered: 04/23/2021) |
| 04/23/2021 | <u>313</u> | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re <u>296 (p.5814)</u> Notice of Appeal,,,,. filed by Exxon Mobil Corporation. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by Exxon Mobil Corporation (Attachments: # <u>1 (p.53)</u> Exhibit(s) PTX 050, # <u>2 (p.67)</u> Exhibit(s) PTX 051^J11_Part 1, # <u>3 (p.69)</u> Exhibit(s) PTX 051^J11_Part 2, # <u>4 (p.71)</u> Exhibit(s) PTX 052^J12, # <u>5 (p.73)</u> Exhibit(s) PTX 053, # <u>6 (p.75)</u> Exhibit(s) PTX 054_Part 1, # <u>7 (p.79</u> |

| | | |
|---|---|---|
| | | Exhibit(s) PTX 054_Part 2, # 8 (p.81) Exhibit(s) PTX 055, # 9 (p.83) Exhibit(s) PTX 056_Part 1, # 10 (p.85) Exhibit(s) PTX 056_Part 2, # 11 (p.94) Exhibit(s) PTX 057_Part 1, # 12 (p.98) Exhibit(s) PTX 057_Part 2, # 13 Exhibit(s) PTX 058_Part 1, # 14 (p.101) Exhibit(s) PTX 058_Part 2, # 15 (p.109) Exhibit(s) PTX 058_Part 3, # 16 (p.111) Exhibit(s) PTX 059_Part 1, # 17 (p.113) Exhibit(s) PTX 059_Part 2, # 18 (p.131) Exhibit(s) PTX 059_Part 3, # 19 Exhibit(s) PTX 059_Part 4, # 20 Exhibit(s) PTX 059_Part 5) (Nylin McCaig, Jennifer) (Entered: 04/23/2021) |
| 04/23/2021 | 314 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 296 (p.5814) Notice of Appeal,,,,. filed by Exxon Mobil Corporation. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Exhibit(s) PTX 060, # 2 (p.67) Exhibit(s) PTX 061^J19, # 3 (p.69) Exhibit(s) PTX 062^J20, # 4 (p.71) Exhibit(s) PTX 063, # 5 (p.73) Exhibit(s) PTX 064, # 6 (p.75) Exhibit(s) PTX 065, # 7 (p.79) Exhibit(s) PTX 066, # 8 (p.81) Exhibit(s) PTX 067, # 9 (p.83) Exhibit(s) PTX 068, # 10 (p.85) Exhibit(s) PTX 069, # 11 (p.94) Exhibit(s) PTX 070, # 12 (p.98) Exhibit(s) PTX 071, # 13 Exhibit(s) PTX 076_Part 1, # 14 (p.101) Exhibit(s) PTX 076_Part 2, # 15 (p.109) Exhibit(s) PTX 077^J13, # 16 (p.111) Exhibit(s) PTX 078^J14, # 17 (p.113) Exhibit(s) PTX 079^J15) (Nylin McCaig, Jennifer) (Entered: 04/23/2021) |
| 04/23/2021 | 315 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 296 (p.5814) Notice of Appeal,,,,. filed by Exxon Mobil Corporation. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Exhibit(s) PTX 080_Part 1, # 2 (p.67) Exhibit(s) PTX 080_Part 2, # 3 (p.69) Exhibit(s) PTX 089_Part 1, # 4 (p.71) Exhibit(s) PTX 089_Part 2, # 5 (p.73) Exhibit(s) PTX 089_Part 3, # 6 (p.75) Exhibit(s) PTX 090_Part 1, # 7 (p.79) Exhibit(s) PTX 090_Part 2, # 8 (p.81) Exhibit(s) PTX 090_Part 3, # 9 (p.83) Exhibit(s) PTX 090_Part 4, # 10 (p.85) Exhibit(s) PTX 090_Part 5, # 11 (p.94) Exhibit(s) PTX 091, # 12 (p.98) Exhibit(s) PTX 092, # 13 Exhibit(s) PTX 093, # 14 (p.101) Exhibit(s) PTX 094, # 15 (p.109) Exhibit(s) PTX 095^J16_Part 1, # 16 (p.111) Exhibit(s) PTX 095^J16_Part 2, # 17 (p.113) Exhibit(s) PTX 096^J17_Part 1, # 18 (p.131) Exhibit(s) PTX 096^J17_Part 2, # 19 Exhibit(s) PTX 098, # 20 Exhibit(s) PTX 099) (Nylin McCaig, Jennifer) (Entered: 04/23/2021) |
| 04/23/2021 | 316 (p.5818) | Transcript Order Form: transcript not requested Reminder to appellant: this document must also be filed with the appeals court. (Nylin McCaig, Jennifer) (Entered: 04/23/2021) |

| | | |
|---|---|---|
| 04/23/2021 | 317 (p.5819) | NOTICE of *Partial Withdrawal* re: 293 (p.5778) MOTION Maintain Sealed Status of Confidential Documents and Remove Highly Sensitive Documents from CM/ECF filed by Exxon Mobil Corporation (Nylin McCaig, Jennifer) (Entered: 04/23/2021) |
| 04/23/2021 | 318 (p.5821) | Notice of Manual Filing of SEALED Trial Exhibits (Excel spreadsheets) by Exxon Mobil Corporation re 296 (p.5814) Notice of Appeal,,,, *delivered to the Clerk on April 23, 2021* (Attachments: # 1 (p.53) Additional Page(s)) (Nylin McCaig, Jennifer) (Entered: 04/23/2021) |
| 04/23/2021 | 319 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 296 (p.5814) Notice of Appeal,,,,. filed by Exxon Mobil Corporation. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Exhibit(s) PTX 100, # 2 (p.67) Exhibit(s) PTX 101, # 3 (p.69) Exhibit(s) PTX 102_Part 1, # 4 (p.71) Exhibit(s) PTX 102_Part 2, # 5 (p.73) Exhibit(s) PTX 105, # 6 (p.75) Exhibit(s) PTX 196, # 7 (p.79) Exhibit(s) PTX 107, # 8 (p.81) Exhibit(s) PTX 108_Part 1, # 9 (p.83) Exhibit(s) PTX 108_Part 2, # 10 (p.85) Exhibit(s) PTX 109_Part 1, # 11 (p.94) Exhibit(s) PTX 109_Part 2, # 12 (p.98) Exhibit(s) PTX 110, # 13 Exhibit(s) PTX 122, # 14 (p.101) Exhibit(s) PTX 136, # 15 (p.109) Exhibit(s) PTX 138, # 16 (p.111) Exhibit(s) PTX 153, # 17 (p.113) Exhibit(s) PTX 164, # 18 (p.131) Exhibit(s) PTX 165, # 19 Exhibit(s) PTX 176) (Nylin McCaig, Jennifer) (Entered: 04/23/2021) |
| 04/23/2021 | 320 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 296 (p.5814) Notice of Appeal,,,,. filed by Exxon Mobil Corporation. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Exhibit(s) PTX 185_Part 1, # 2 (p.67) Exhibit(s) PTX 185_Part 2, # 3 (p.69) Exhibit(s) PTX 192^J21_Part 1, # 4 (p.71) Exhibit(s) PTX 192^J21_Part 2, # 5 (p.73) Exhibit(s) PTX 193, # 6 (p.75) Exhibit(s) PTX 194^J24, # 7 (p.79) Exhibit(s) PTX 195^J25, # 8 (p.81) Exhibit(s) PTX 196^J22, # 9 (p.83) Exhibit(s) PTX 197^J23, # 10 (p.85) Exhibit(s) PTX 198_Part 1, # 11 (p.94) Exhibit(s) PTX 198_Part 2, # 12 (p.98) Exhibit(s) PTX 199^J26_Part 1, # 13 Exhibit(s) PTX 199^J26_Part 2, # 14 (p.101) Exhibit(s) PTX 200^J27, # 15 (p.109) Exhibit(s) PTX 201^J28, # 16 (p.111) Exhibit(s) PTX 203_Part 1, # 17 (p.113) Exhibit(s) PTX 203_Part 2, # 18 (p.131) Exhibit(s) PTX 209^J29_Part 1, # 19 Exhibit(s) PTX 209^J29_Part 2) (Nylin McCaig, Jennifer) (Entered: 04/23/2021) |
| 04/23/2021 | 321 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 296 (p.5814) Notice of Appeal,,,,. filed by Exxon Mobil Corporation. Sealed exhibits are available |

| | | |
|---|---|---|
| | | for access only through the Electronic Record on Appeal. filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Exhibit(s) PTX 211^J30, # 2 (p.67) Exhibit(s) PTX 212^J31, # 3 (p.69) Exhibit(s) PTX 213_Part 1, # 4 (p.71) Exhibit(s) PTX 213_Part 2, # 5 (p.73) Exhibit(s) PTX 213_Part 3, # 6 (p.75) Exhibit(s) PTX 215^J32_Part 1, # 7 (p.79) Exhibit(s) PTX 215^J32_Part 2, # 8 (p.81) Exhibit(s) PTX 215^J32_Part 3, # 9 (p.83) Exhibit(s) PTX 218_Part 1, # 10 (p.85) Exhibit(s) PTX 218_Part 2, # 11 (p.94) Exhibit(s) PTX 219^J33_Part 1, # 12 (p.98) Exhibit(s) PTX 219^J33_Part 2, # 13 Exhibit(s) PTX 219^J33_Part 3, # 14 (p.101) Exhibit(s) PTX 220^J35, # 15 (p.109) Exhibit(s) PTX 221^J34_Part 1, # 16 (p.111) Exhibit(s) PTX 221^J34_Part 2, # 17 (p.113) Exhibit(s) PTX 222^J36, # 18 (p.131) Exhibit(s) PTX 224^J37, # 19 Exhibit(s) PTX 225^J41) (Nylin McCaig, Jennifer) (Entered: 04/23/2021) |
| 04/23/2021 | 322 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 296 (p.5814) Notice of Appeal,,,,. filed by Exxon Mobil Corporation. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Exhibit(s) PTX 226^J38, # 2 (p.67) Exhibit(s) PTX 228^J40, # 3 (p.69) Exhibit(s) PTX 229^J39_Part 1, # 4 (p.71) Exhibit(s) PTX 229^J39_Part 2, # 5 (p.73) Exhibit(s) PTX 229^J39_Part 3, # 6 (p.75) Exhibit(s) PTX 229^J39_Part 4, # 7 (p.79) Exhibit(s) PTX 232, # 8 (p.81) Exhibit(s) PTX 233, # 9 (p.83) Exhibit(s) PTX 403, # 10 (p.85) Exhibit(s) PTX 404, # 11 (p.94) Exhibit(s) PTX 500, # 12 (p.98) Exhibit(s) PTX 504, # 13 Exhibit(s) PTX 507, # 14 (p.101) Exhibit(s) PTX 508, # 15 (p.109) Exhibit(s) PTX 509, # 16 (p.111) Exhibit(s) PTX 510, # 17 (p.113) Exhibit(s) PTX 512, # 18 (p.131) Exhibit(s) PTX 514, # 19 Exhibit(s) PTX 515, # 20 Exhibit(s) PTX 525) (Nylin McCaig, Jennifer) (Entered: 04/23/2021) |
| 04/23/2021 | 323 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 296 (p.5814) Notice of Appeal,,,,. filed by Exxon Mobil Corporation. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Exhibit(s) PTX 526, # 2 (p.67) Exhibit(s) PTX 538, # 3 (p.69) Exhibit(s) PTX 546, # 4 (p.71) Exhibit(s) PTX 578_Part 1, # 5 (p.73) Exhibit(s) PTX 578_Part 2, # 6 (p.75) Exhibit(s) PTX 581, # 7 (p.79) Exhibit(s) PTX 582, # 8 (p.81) Exhibit(s) PTX 583, # 9 (p.83) Exhibit(s) PTX 584_Part 1, # 10 (p.85) Exhibit(s) PTX 584_Part 2, # 11 (p.94) Exhibit(s) PTX 597) (Nylin McCaig, Jennifer) (Entered: 04/23/2021) |
| 04/23/2021 | 324 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 296 (p.5814) Notice of Appeal,,,,. filed by Exxon Mobil Corporation. Sealed exhibits are available |

| | | |
|---|---|---|
| | | for access only through the Electronic Record on Appeal. filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Exhibit(s) PTX 620, # 2 (p.67) Exhibit(s) PTX 624, # 3 (p.69) Exhibit(s) PTX 625, # 4 (p.71) Exhibit(s) PTX 631, # 5 (p.73) Exhibit(s) PTX 633, # 6 (p.75) Exhibit(s) PTX 650, # 7 (p.79) Exhibit(s) PTX 651, # 8 (p.81) Exhibit(s) PTX 652, # 9 (p.83) Exhibit(s) PTX 653, # 10 (p.85) Exhibit(s) PTX 654, # 11 (p.94) Exhibit(s) PTX 655, # 12 (p.98) Exhibit(s) PTX 656, # 13 Exhibit(s) PTX 657, # 14 (p.101) Exhibit(s) PTX 662, # 15 (p.109) Exhibit(s) PTX 663, # 16 (p.111) Exhibit(s) PTX 664, # 17 (p.113) Exhibit(s) PTX 665, # 18 (p.131) Exhibit(s) PTX 883, # 19 Exhibit(s) PTX 886) (Nylin McCaig, Jennifer) (Entered: 04/23/2021) |
| 04/23/2021 | 325 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 296 (p.5814) Notice of Appeal,,,,. filed by Exxon Mobil Corporation. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by Exxon Mobil Corporation (Attachments: # 1 (p.53) Exhibit(s) PTX 097^J18, # 2 (p.67) Exhibit(s) PTX 106) (Nylin McCaig, Jennifer) (Entered: 04/23/2021) |
| 04/23/2021 | 326 | Sealed Notice of Receipt of Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 296 (p.5814) Notice of Appeal, 297 (p.5816) Notice of Appeal filed by Exxon Mobil Corporation. Sealed exhibits are available for access only through the Electronic Record on Appeal. (axm) (Entered: 04/26/2021) |
| 04/26/2021 | 327 (p.5824) | ORDER: This Order addresses Plaintiff Exxon Mobil Corporation's ("ExxonMobil") motion to maintain the sealed status of confidential documents and remove highly sensitive documents from CM/ECF 293 (p.5778) . Accordingly, the Court grants the motion in part and orders that all paper copies of any documents filed under seal in this case be maintained by the Court and the Clerk under seal. (Ordered by Judge David C Godbey on 4/26/2021) (ctf) (Entered: 04/27/2021) |
| 04/28/2021 | 328 (p.7233) | Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 297 (p.5816) Notice of Appeal,,, *Unsealed Exhibits* filed by United States of America. Exhibits are available for public inspection at the clerk's office. (Attachments: # 1 (p.53) Exhibit(s) Unsealed Exhibits 37, 40, 57, 59, 60, 65, 66, # 2 (p.67) Exhibit(s) Demonstrative 1, # 3 (p.69) Exhibit(s) Demonstrative 2) (Blacker, Jonathan) (Entered: 04/28/2021) |
| 04/28/2021 | 329 (p.5825) | Notice of Manual Filing of SEALED Trial Exhibit (Excel spreadsheet) by United States of America re 297 (p.5816) Notice of Appeal,,, *delivered to the Clerk on April 28, 2021* (Blacker, Jonathan) (Entered: 04/28/2021) |
| 04/28/2021 | 330 | |

| | | |
|---|---|---|
| | | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 297 (p.5816) Notice of Appeal,,,. filed by United States of America. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by United States of America (Attachments: # 1 (p.53) Sealed Exhibits 1-4) (Blacker, Jonathan) (Entered: 04/28/2021) |
| 04/28/2021 | 331 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 297 (p.5816) Notice of Appeal,,,. filed by United States of America. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by United States of America (Attachments: # 1 (p.53) Sealed Exhibits 5-9) (Blacker, Jonathan) (Entered: 04/28/2021) |
| 04/28/2021 | 332 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 297 (p.5816) Notice of Appeal,,,. filed by United States of America. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by United States of America (Attachments: # 1 (p.53) Sealed Exhibits 10-18) (Blacker, Jonathan) (Entered: 04/28/2021) |
| 04/28/2021 | 333 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 297 (p.5816) Notice of Appeal,,,. filed by United States of America. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by United States of America (Attachments: # 1 (p.53) Sealed Exhibits 19-30) (Blacker, Jonathan) (Entered: 04/28/2021) |
| 04/28/2021 | 334 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 297 (p.5816) Notice of Appeal,,,. filed by United States of America. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by United States of America (Attachments: # 1 (p.53) Sealed Exhibits 31-36, 38, 42, 47, 50) (Blacker, Jonathan) (Entered: 04/28/2021) |
| 04/28/2021 | 335 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 297 (p.5816) Notice of Appeal,,,. filed by United States of America. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by United States of America (Attachments: # 1 (p.53) Sealed Exhibits 51-56, 61, 62) (Blacker, Jonathan) (Entered: 04/28/2021) |
| 04/28/2021 | 336 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 297 (p.5816) Notice of Appeal,,,. filed by United States of America. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by United States of America (Attachments: # 1 (p.53) Sealed Exhibits 63, 64, 81-83) (Blacker, Jonathan) (Entered: 04/28/2021) |

| 04/28/2021 | 337 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 297 (p.5816) Notice of Appeal,,,. filed by United States of America. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by United States of America (Attachments: # 1 (p.53) Sealed Exhibits 87-88) (Blacker, Jonathan) (Entered: 04/28/2021) |
| 04/28/2021 | 338 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 297 (p.5816) Notice of Appeal,,,. filed by United States of America. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by United States of America (Attachments: # 1 (p.53) Sealed Exhibits 89-90) (Blacker, Jonathan) (Entered: 04/28/2021) |
| 04/28/2021 | 339 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 297 (p.5816) Notice of Appeal,,. filed by United States of America. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by United States of America (Attachments: # 1 (p.53) Sealed Exhibits 91-93) (Blacker, Jonathan) (Entered: 04/28/2021) |
| 04/28/2021 | 340 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 297 (p.5816) Notice of Appeal,,,. filed by United States of America. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by United States of America (Attachments: # 1 (p.53) Sealed Exhibit 95) (Blacker, Jonathan) (Entered: 04/28/2021) |
| 04/28/2021 | 341 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 297 (p.5816) Notice of Appeal,,,. filed by United States of America. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by United States of America (Attachments: # 1 (p.53) Sealed Exhibits 96-100) (Blacker, Jonathan) (Entered: 04/28/2021) |
| 04/28/2021 | 342 | Sealed Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 297 (p.5816) Notice of Appeal,,,. filed by United States of America. Sealed exhibits are available for access only through the Electronic Record on Appeal. filed by United States of America (Attachments: # 1 (p.53) Sealed Exhibit 101) (Blacker, Jonathan) (Entered: 04/28/2021) |
| 04/29/2021 | | USCA Case Number 21-10373 in USCA5 for 296 (p.5814) Notice of Appeal filed by Exxon Mobil Corporation. (ajb) (Entered: 04/29/2021) |

# TAB 2

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

EXXON MOBIL CORPORATION,

     Plaintiff,

v.

UNITED STATES OF AMERICA,

     Defendant.

CIVIL ACTION NO. 3:16-cv-2921-N

## PLAINTIFF'S NOTICE OF APPEAL

Plaintiff Exxon Mobil Corporation ("ExxonMobil") hereby appeals to the United States Court of Appeals for the Fifth Circuit from the final judgment of the district court, entered in this action on February 19, 2021 [Dkt. 292] (the "Judgment"); from any and all adverse rulings incorporated in, antecedent to, or ancillary to the Judgment; and from any and all adverse interlocutory orders, judgments, decrees, decisions, rulings, and opinions that merged into and became part of the Judgment, that shaped the Judgment, that are related to the Judgment, and upon which the Judgment is based, including but not limited to the district court's order granting partial summary judgment dated August 8, 2018 [Dkt. 80], the findings of fact and conclusions of law dated February 24, 2020 [Dkt. 276], and the portion of the memorandum opinion denying ExxonMobil's request for additional findings of fact dated January 13, 2021 [Dkt. 290].

Dated: April 9, 2021.

Respectfully submitted,

THOMPSON & KNIGHT LLP

By:    /s/ *Emily A. Parker*
       Emily A. Parker
       Texas Bar No. 15482500
       emily.parker@tklaw.com
       Mary A. McNulty
       Texas Bar No. 13839680
       mary.mcnulty@tklaw.com
       William M. Katz, Jr.
       Texas Bar No. 00791003
       william.katz@tklaw.com
       J. Meghan Nylin
       Texas Bar No. 24070083
       meghan.nylin@tklaw.com
       Leonora S. Meyercord
       Texas Bar No. 24074711
       lee.meyercord@tklaw.com
       Richard B. Phillips, Jr.
       State Bar No. 24032833
       rich.phillips@tklaw.com
       Dina W. McKenney
       Texas Bar No. 24092809
       dina.mckenney@tklaw.com
       1722 Routh Street, Suite 1500
       Dallas, Texas 75201
       (214) 969-1700
       FAX (214) 969-1751

MILLER & CHEVALIER, CHARTERED
       Kevin L. Kenworthy
       D.C. Bar No. 414887
       kkenworthy@milchev.com
       George A. Hani
       D.C. Bar No. 451945
       ghani@milchev.com
       Andrew L. Howlett
       D.C. Bar No. 1010208
       ahowlett@milchev.com
       900 16th Street NW
       Washington, D.C. 20006
       (202) 626-5800
       FAX (202) 626-5801

       **ATTORNEYS FOR PLAINTIFF
       EXXON MOBIL CORPORATION**

21-10373.5815

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

EXXON MOBIL CORPORATION,              )
                                       )        Case No. 3:16-cv-2921-N-BH
      Plaintiff,                   )
                                       )
      v.                            )
                                       )
UNITED STATES OF AMERICA,              )
                                       )
      Defendant.                   )
_____)

## UNITED STATES' NOTICE OF APPEAL

Notice is hereby given that the defendant United States of America appeals to the United States Court of Appeals for the Fifth Circuit from the Final Judgment signed and entered by this Court on February 19, 2021 (Dkt. 292); and from the Memorandum Opinion and Order signed and entered by this Court on January 13, 2021 (Dkt. 290), which became part of the Final Judgment, wherein the Court (1) denied the United States' motion for partial summary judgment regarding penalties, and (2) granted ExxonMobil's motion for partial summary judgment regarding penalties, thereby granting judgment in favor of ExxonMobil on Count I of the Supplemental Complaint.

Respectfully submitted,

April 19, 2021

*s/ Jonathan L. Blacker*
CORY A. JOHNSON
Senior Litigation Counsel
ELIZABETH A. KANYER
Trial Attorney
Tax Division
U.S. Department of Justice
P.O. Box 26
Washington, D.C. 20044

21-10373.5816

202-307-3046
202-514-9440 (FAX)
Cory.A.Johnson@usdoj.gov
Elizabeth.A.Kanyer@usdoj.gov

JONATHAN L. BLACKER
Trial Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
214-880-9765
Jonathan.Blacker2@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that the foregoing UNITED STATES' NOTICE OF APPEAL was electronically filed on April 19, 2021, via the Court's ECF system, which will send notification of such filing to all counsel of record.

/s/ *Jonathan L. Blacker*
JONATHAN L. BLACKER

2

21-10373.5817

# TAB 3

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-2921-N |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**<u>ORDER</u>**

This Order addresses Plaintiff Exxon Mobil Corporation's ("Exxon") motion for partial summary judgment on count I [58] and Defendant United States of America's (the "Government") cross-motion for partial summary judgment on count I [67]. For the reasons set forth below, the Court denies Exxon's motion and grants the Government's cross-motion.

This is a tax refund case. From 2005 to 2011, Congress provided a tax incentive to gasoline producers that allowed a credit against the fuel excise tax imposed on the sale or removal of gasoline for each gallon of alcohol blended into an alcohol-gasoline mixture (the "Mixture Credit"). *See* 26 U.S.C. § 6426. The present dispute over count I involves the effect of the Mixture Credits on Exxon's income tax liabilities for 2008 and 2009. During those two years, Exxon claimed over $960 million in Mixture Credits against the fuel excise tax it otherwise would have owed.

When a taxpayer pays excise taxes on goods it sells, it may include the excise tax payment as an expense in computing its cost of goods sold. *See Mohawk Liqueur Corp. v.*

ORDER – PAGE 1

*United States*, 324 F.2d 241, 244 (6th Cir. 1963). On its original income tax returns for 2008 and 2009, Exxon thus reduced its fuel excise tax by the Mixture Credits it claimed. Its cost of goods sold, therefore, reflected only the excise tax it actually paid to the Government. However, Exxon now argues that it should be able to include in its cost of goods sold the fuel excise tax it did not pay due to the Mixture Credits it received. Exxon thus seeks a tax refund of approximately $337 million. The Government disagrees.

At the core of count I is a single question of law: if a taxpayer takes a Mixture Credit against a fuel excise tax, may the taxpayer include the unreduced amount of the excise tax in its cost of goods sold or must the taxpayer include in its cost of goods sold only the fuel excise tax liability actually paid after deducting the Mixture Credit? In *Sunoco v. United States*, the Court of Federal Claims recently answered this very question. 129 Fed. Cl. 322 (2016). *Sunoco* held that the Mixture Credit operates "as a reduction of the taxpayer's excise tax liability" and the taxpayer therefore "correctly use[s] its net excise taxes paid in calculating its cost of goods sold." *Id.* at 324.

Exxon argues that *Sunoco* was wrong. Its position is not that *Sunoco* failed to consider certain arguments, but rather that Exxon disagrees with *Sunoco*'s disposition of those arguments. Respectfully, this Court agrees with *Sunoco* and thus adopts its reasoning in full. The Court accordingly holds that Exxon's cost of goods sold must include only its fuel excise tax liability actually paid after subtracting the Mixture Credit. As a result, the Court denies Exxon's motion for partial summary judgment on count I and grants the Government's cross-motion for partial summary judgment on count I.

ORDER – PAGE 2

Signed August 8, 2018.

David C. Godbey
United States District Judge

21-10373.1251

# TAB 4

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EXXON MOBIL CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-2921-N |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

Pursuant to the Court's order dated March 22, 2019 [149], certain issues proceeded to trial before the Court on June 19-24, 2019. Pursuant to Rule 52 of the Federal Rules of Civil Procedure, this constitutes the Court's findings of fact and conclusions of law regarding those issues.[1] In particular, this Order addresses whether certain agreements relating to oil and gas exploration and production in Qatar and Malaysia constitute mineral leases or purchases of minerals in place. As explained below, the Court finds the agreements are primarily leases.[2]

---

[1] The Court's fact findings are in Parts I and III of this Order, and its conclusions of law are in Parts II and IV, unless otherwise expressly noted by the terms "find" and "hold." To the extent any findings of fact are more properly considered to be conclusions of law, and vice versa, the Court adopts them as such.

[2] The commercial transactions at issue are quite complex. For purposes of this Order, it is unnecessary to consider all of that complexity. Accordingly, the Court will use a simplified description of the transactions, except as it may be germane to the outcome.

ORDER – PAGE 1

# I. BACKGROUND OF THE AGREEMENTS

## A. Qatar

Plaintiff Exxon Mobil Corp. ("Exxon Mobil") is a shareholder in various Qatari joint stock companies that are treated as partnerships for federal income tax purposes: Ras Laffan Liquefied Natural Gas Company Limited ("RL1"), Ras Laffan Liquefied Natural Gas Company Limited (II) ("RL2"), Ras Laffan Liquefied Natural Gas Company Limited (3) ("RL3"), and Qatar Liquefied Gas Company Limited II ("QG2") (collectively, the "JVCos"). Each of the JVCos entered into a Development and Fiscal Agreement ("DFA") with the government of Qatar.[3] The Qatar North Field is a large offshore gas field within the territorial waters of Qatar. Under the DFAs, the JVCos are obligated at their sole cost to explore, develop, and extract gas in place in the Qatar North Field, and to build, own, and operate the transportation, storage, processing, liquefaction, and marketing facilities for the manufacture and marketing of petroleum products. The petroleum products are liquefied natural gas ("LNG"), condensate, and liquefied petroleum gas ("LPG").

Under the DFAs, the JVCos are obligated to pay Qatar the following amounts: (1) either a minimum amount per unit of gas delivered to the LNG plant, or a percentage of the market value of LNG at the delivery point to the buyer, whichever is greater; (2) a percentage of the proceeds from the sale of condensate; and (3) a percentage from the sale

---

[3]Although the DFAs are not identical, they are sufficiently similar to treat them as identical for the purposes of these issues.

ORDER – PAGE 2

of LPG.  The DFAs were for a fixed term, typically twenty years.  At the end of the term, all of the physical plant built by the JVCos reverts to Qatar.

The business plan for Qatar gas was to liquify it, which opened up international markets for the gas.[4]  Consequently, there is no market price for gas at the wellhead in the Qatar North Field.  In order for the gas there to have economic value, it must be extracted, liquefied, and transported to a different market, such as Europe.  *See generally* 2 Trans. 92-100.[5]

### *B. Malaysia*

Petroliam Nasional Berhad ("Petronas") is the state-owned oil company in Malaysia.  Exxon Mobil entered into a series of Production Sharing Contracts ("PSCs") with Petronas.[6]  Under the PSCs, Exxon Mobil has the right to exploit oil and gas in parts of the Malay Basin, an offshore oil and gas field.  As with the DFAs, Exxon Mobil bears all costs associated with exploration, development, transport, processing, and marketing of the petroleum.  Exxon Mobil is required to make various payments to Petronas based on extraction of minerals.  Exxon Mobil also is required to make "abandonment cess"[7] payments regardless of production under most of the PSCs; these payments were to provide

---

[4] Some later projects did produce gas for the domestic Qatari market, but not the DFAs in suit.

[5] The Court will cite to the four volume trial transcript as [vol.] Trans. [page].

[6] A Petronas subsidiary was also a party to the PSCs, but its presence can be disregarded for purposes of this Order.

[7] "Cess" is a term for a tax or levy, perhaps derived from "assessment."  *See* 2 Trans. 60.

ORDER – PAGE 3

a fund to cover the costs of plugging the wells at the end of their useful lives.[8]  Also like

the DFAs, at the end of the PSCs, all the facilities that Exxon Mobil paid to construct revert

to Petronas.[9]  Unlike in Qatar, one of Malaysia's policy goals was to develop a domestic

market and distribution infrastructure for its domestic gas production.

## II.  THE LAW REGARDING SALE VS. LEASE

### A. Recap of Case Law

The characterization of a mineral transaction as sale or lease has been in dispute in

tax matters for some time.  Much of the case law arose in the context of entitlement to

depletion deductions or capital gains versus ordinary income.  A recurring theme in all of

the cases, as in tax law generally, is that the courts should look to the economic reality of

the transaction, not the formal structure.  Although the context here is a bit different –

foreign tax credits – both sides appear to agree that the test is the same.  The Court will

briefly review some of the pertinent cases, starting with *Anderson v. Helvering*, 310 U.S.

404 (1940).

In *Anderson*, Oklahoma City Company ("OCC") owned various mineral interests

that produced income.  OCC sold the mineral interests to taxpayers.  Taxpayers paid

approximately one-third of the price in cash, with the balance (including interest) to be paid

---

[8] The PSCs also provided for a research cess, but it was based on production.  *See* 2 Trans.
54.
[9] As with the DFAs, the PSCs are not identical, but they are sufficiently similar in all
respect as germane to this analysis to treat them as identical.

ORDER – PAGE 4

out of one half of the production from the properties.  Payment to OCC was secured by a first lien against one half of the production, *and the fee interest.*  The next year, taxpayers received substantial revenue from production, half of which was paid to OCC.  The question before the Court was whether the half interest paid to OCC should be included as gross income of the taxpayers.

The Court noted:

> It is settled that the same basic issue determines both to whom income derived from the production of oil and gas is taxable and to whom a deduction for depletion is allowable.  That issue is, who has a capital investment in the oil and gas in place and what is the extent of his interest.

*Id.* at 407 (citations omitted).

The Court distinguished between revenue from production, which it characterized as like manufacturing, from revenue from a complete sale of the oil and gas in place.  *Id.* at 407-08.  The Court then reviewed various other cases and emphasized that its rulings turned on the economic realities, not "the formalities of the conveyancer's art."  *Id.* at 411. The Court noted that the reservation of a lien on the fee interest by OCC "materially affects the transaction.  [OCC] is not dependent entirely upon the production of oil for the deferred payments; they may be derived from sales of the fee title to the land conveyed."  *Id.* at 412. Petitioners relied on *Thomas v. Perkins*, 301 U.S. 655 (1937), which held that the assignor's right to receive a specified sum of money to be paid out of a specified percentage of oil produced was not income of the assignee, i.e., the assignor retained an economic interest in the minerals.  The *Anderson* Court limited *Thomas v. Perkins*:

ORDER – PAGE 5

> In the interests of a workable rule, *Thomas v. Perkins* must not be extended beyond the situation in which, as a matter of substance, without regard to formalities of conveyancing, the reserved payments are to be derived solely from the production of oil and gas. The deferred payments reserved by [OCC], accordingly, must be treated as payments received upon a sale to petitioners, not as income derived from the consumption of its capital investment in the reserves through severance of oil and gas.

*Id.* at 413.

*Anderson* thus takes an extreme view of the economic interest test: as long as the transferor even hypothetically looks to something other than production for repayment – such as a lien on the fee – the transaction is a sale and not a lease.

The Fifth Circuit considered the sale/lease issue in *Gray v. Commissioner*, 183 F.2d 329 (5th Cir. 1950).  The taxpayers there had certain oil and gas leases, which they assigned to La Gloria.  The assignments provided that the taxpayers reserved essentially a one-fifth overriding royalty on the conveyed interests.  The parties entered into a supplemental agreement that provided that if La Gloria elected to construct a gas processing and cycling plant, it would assign twenty percent of the plant to taxpayers.  *Id.* at 329-30.  The Circuit stated:

> [t]he acid test of whether an assignment of a mineral lease is an outright sale, or actually only a sub-lease, depends upon whether the assignor has completely divested himself of any interest in the minerals to be recovered or has instead reserved an "economic interest" in the mineral estate.

*Id.* at 331.  The Court held it was "patent" that the reservation of a twenty percent interest in the oil and gas and the contingent interest in the processing plant, if constructed, "manifestly resulted in the reservation of an 'economic interest' in the oil and gas in place."

ORDER – PAGE 6

*Id.* (citations omitted).  The *Gray* Court thus did not strictly require that a transferor look solely to production of the minerals for compensation for the transaction to be a sublease instead of a sale, i.e., the contingent interest in the processing plant was not enough to transform the lease into a sale.

The Circuit again addressed the issue in *Estate of Weinert v. Commissioner*, 294 F.2d 750 (5th Cir. 1961).  That case involved the characterization of a carried interest.  "A carried interest is an arrangement between two or more co-owners of a working interest, whereby one agrees to advance all or some of the development costs on behalf of the others and to recover such advances from future production, if any, accruing to the other owners' share of the working interest."  *Id.* at 750 n.1 (quoting BREEDING AND BURTON, TAXATION OF OIL AND GAS § 2.08 (1961)).

The transaction at issue involved two steps.  In the first step, which was not at issue, the taxpayer-carried party sold to the investor-carrying party for $100,000 in cash a one-half interest in certain leases and a processing plant to be built and a $50,000 production payment to be made out of the retained half.  The carrying party agreed to pay up to $150,000 in development costs for the taxpayer, to be repaid out of income from the taxpayers retained interest.  In the second step, which was at issue, the taxpayer assigned to a trustee his remaining one-half interest in the minerals and the plant where the trust instrument required the trustee to pay all income to the carrying party until it was fully repaid.  The question was whether the taxpayer should be charged with income on the revenue that went to repay the carrying party for the advances.  *Id.* at 751-52.

ORDER – PAGE 7

After a lengthy discussion of the scholarly literature and the case law, the Circuit

held that the processing plant was part of the production process:

> Here, the plant was not a separate manufacturing plant or business, but an indispensable part of the severance and sale of the gas and liquid hydro-carbons produced from the unitized leases. The operation of the plant was nothing more than the extraction of the liquid hydrocarbons from the gas produced from the unitized leases and the return of such dry gas as was not sold into the geological formation from which it was produced.

*Id.* at 764.  The plant processed hydrocarbons only from the unitized leases.  *Id.*

The plant apparently performed separation, absorption, and fractionation.  In

*Scofield v. LaGloria Oil & Gas Co.*, 268 F.2d 699 (5th Cir. 1959), the Court held that "the

processes of separation and absorption are producing activities while fractionation is a

refining or manufacturing activity."  *Weinert*, 294 F.2d at 764 (citing *LaGloria*, 268 F.2d

at 708, 726).  The *Weinert* Court stated it would be "unreasonable" if "merely because one

of the processes included fractionation, that the entire character of the leasehold . . . is

destroyed.  *The arrangement here was predominantly concerned with mineral production

and recoupment was recoverable solely from extraction and sale of the minerals.*"  *Id.* at

764-65 (footnote omitted, emphasis added).  The Court noted that any other result would

be absurd.  "If Lehman had no economic interest in the production, no one had."  *Id.* at

765.  "The Law may be a jealous mistress; it is not a fussy old maid."  *Id.*

Consistent with *LaGloria*, the Court remanded for an allocation of plant income

between production and fractionation.  *Id.*

ORDER – PAGE 8

*Weinert* thus stands for two propositions. First, when a project produces income from both production and refining, courts should use a predominance test in determining whether to characterize the transaction as a lease. Second, when the revenue stream from a project that is primarily a lease also includes refining income, it is proper for the finder of fact to allocate the revenue between production and refining.

In *Wood v. United States*, 377 F.2d 300 (5th Cir. 1967), the taxpayer, Wood, entered into a lease to extract sand and gravel from his ranch. After paying tax on the royalties as ordinary income, Wood filed amended returns and sought a refund on the theory that the royalties were income from the sale of a capital asset. The question was whether Wood retained an economic interest in the minerals. *Id.* at 303-04. The lease in question called for Wood to be paid a fixed amount per cubic yard extracted. The Court appeared to find *Wood* an easy case: "Under the economic interest test, the critical consideration is whether payment is dependent upon extraction, not the method by which that payment is calculated." *Id.* at 306.

Wood then argued that the presence of a minimum royalty provision in the lease negated an economic interest because "his income was not based solely upon production as required by the economic interest test." *Id.* at 307. The Court disagreed, finding that the minimum royalty was simply an advance of future royalties under the lease. *Id.*

In *Christie v. United States*, 436 F.2d 1216 (5th Cir. 1971), the Circuit faced another complex transaction. The taxpayer, Christie, was a 3/8 working interest owner in an oil lease. The working interest owners entered into an agreement with a third party,

ORDER – PAGE 9

Karrenbrock, for Karrenbrock to provide, at his expense, various equipment to be used to develop wells on the lease.   In exchange, the working interest owners assigned to Karrenbrock eighty percent of the revenue from the lease until he received the cost incurred in purchasing and installing the equipment, together with a five percent commission and annual interest on the unpaid balance.  *Id.* at 1217.  The right to payment that Karrenbrock received is called a production payment.   *Id.* at 1217 n.3.   The agreement also gave Karrenbrock the option to receive the proceeds of any salvage sale of the equipment he provided.   Karrenbrock was paid in full out of the first month's production after the agreement was reached.   The issue in the case was whether Christie should report the money paid to Karrenbrock as Christie's income.

After an extensive review of the case law, the Circuit distinguished *Weinert* on the basis that Karrenbrock had the salvage value of the equipment as an alternative source of income.   *Id.* at 1220-21.   The Court held that "the party assuming the risk [of nonproduction] is the one who holds the economic interest, thereby sharing both the benefits of depletion and the burden of taxation." *Id.* at 1221.  In that case, the Circuit held, the party assuming the risk of nonproduction was Christie, the taxpayer.  *Id.*

Finally, in *Vest v. Commissioner*, 481 F.2d 238 (5th Cir. 1973), the Circuit dealt with water rights.  The Vests conveyed to Shell the rights to all water between 3,000 and 6,500 feet beneath their land together with a right of way for developing the water rights and a pipeline to distribute the water.   Shell in turn was obligated to make monthly payments to the Vests for water produced from their land, as well as other water brought

ORDER – PAGE 10

under the agreement or transported through the pipeline.  Shell did not drill any well or lay pipeline, but did make payments to the Vests for other water produced from neighboring landowners.  The dispute was over whether the transaction was a sale or a lease.

First, the Court noted that the labels used are not controlling.  *Id.* at 243.  The Court said "that a sale results where an agreement purports to transfer within a prescribed time period *all* or a *specific, predetermined* quantity of minerals in place in exchange for a fixed consideration."  *Id.* (citations omitted, emphasis in original).  The Court noted that in a sale transaction, the seller "also acquires a right to receive payments which is not dependent upon extraction by the transferee."  *Id.*

The Court acknowledged that the agreement before the Court was "a borderline transaction for tax purposes reflecting in varying degrees both sale and lease characteristics."  *Id.* at 244.  The Court noted that Shell did not acquire all of the water or a specific quantity, but rather the right to use water as needed.  If Shell did not extract water, the Vests received nothing.  *Id.*  Shell's obligation to pay was linked to extraction of water or use of the pipeline, *id.* at 244-45, and thus was "more in the nature of a lease." *Id.* at 245.  The Court noted that the right of way aspect of the transaction did not require allocation: "the grant of the right of way was a necessary part of this transaction, the

ORDER – PAGE 11

primary purpose of which was to secure the water rights." *Id.* at 245 n.15.  Thus, the *Vest* Court also used a primary purpose analysis.[10]

## B. Exxon Mobil's "Solely" Argument

Exxon Mobil makes an argument resting on the "payments are to be derived solely from the production of oil and gas" language in *Anderson* quoted above.  Exxon Mobil argues that Qatar and Petronas were compensated, at least in part, for value added after the wellhead.  Thus they were not looking to "payments . . . solely from the production of oil and gas."  Therefore, they did not retain an economic interest in the minerals in place.  Therefore, the transactions were sales, not mineral leases.  The Court has several problems with this argument.

First, *Anderson* is factually different from this case.  The issue that concerned the Supreme Court was that the reservation of a lien on the fee interest by the seller, OCC, "materially affects the transaction.  [OCC] is not dependent entirely upon the production of oil for the deferred payments; they may be derived from the sales of the fee title to the land conveyed."  310 U.S. at 412.  The Court thus was not considering a circumstance where a putative lessor might obtain ninety percent of its return from extraction of minerals and ten percent for something else.  In *Anderson*, the seller, OCC, might get 100% of its return from production; in the alternative event of a sale, OCC might get 100% of its return

---

[10] It does not appear that the difference in word choice between *Weinert*'s "predominance" and *Vest*'s "primary purpose" indicates any substantive difference.

ORDER – PAGE 12

from the sale. As the Court observed, in the event of a sale, OCC would clearly not be entitled to depletion, because its payment was due to a sale, not diminution of the quantity of minerals in place. *Id.* ("It is clear that payments derived from such sales would not be subject to an allowance for depletion of the oil reserves, for no oil would thereby have been severed from the ground . . . ."). Thus the facts in *Anderson* were more nearly all or nothing alternatives, not a mixture. Exxon Mobil thus tries to load "solely" with more freight than it can bear by arguing for an extension of *Anderson* beyond the facts before the Supreme Court in that case.

Second, Exxon Mobil's construction of *Anderson* conflicts with subsequent – and binding – Fifth Circuit precedent. In *Gray v. Commissioner*, *supra*, the Circuit held that the reservation of a twenty percent interest in the minerals patently reserved an economic interest in the minerals in place, notwithstanding a contingent interest in a gas processing and cycling plant. 183 F.3d at 331. In *Estate of Weinert*, *supra*, the transaction involved both extraction and processing. The Court applied a "predominance" test: "[t]he arrangement here was *predominantly* concerned with mineral production . . . ." 294 F.2d at 765 (emphasis added). The Court found an economic interest, notwithstanding the fact that some income resulted from processing, not extraction. Finally, in *Vest*, *supra*, the Court used a "primary purpose" analysis when Shell acquired the right to produce water from the lessor's property, as well as a right of way to construct a pipeline: "the grant of the right of way was a necessary part of this transaction, the primary purpose of which was

ORDER – PAGE 13

to secure the water rights."  481 F.2d at 245 n.15.  If Exxon Mobil's reading of *Anderson* were correct, all of these cases would have come out the other way – but they didn't.

Third, Exxon Mobil's gloss on *Anderson* does not make sense.  Read literally, Exxon Mobil's construction would allow for a penny of post-production revenue to transform a mineral lease into a sale.  Even assuming Exxon Mobil acknowledged some de minimis exception, a minimal amount of post-production revenue would have the same effect.  This is surely exalting form over substance, and not reflecting the economic reality of the transaction.  *See Anderson*, 310 U.S. at 411 (tax analysis turns on economic realities, not "the formalities of the conveyancer's art"); *Weinert*, 294 F.2d at 764-65 (would be "unreasonable" if "merely because one of the processes included fractionation, that the entire character of the leasehold . . . is destroyed").

Finally, Exxon Mobil's argument reflects a fundamental confusion between (a) what Qatar and Petronas provide to Exxon Mobil and (b) how the royalty is calculated.  An example may help: suppose A grows apples and provides them to B, who bakes and sells apple pies.  A and B agree that B will pay A for the apples based on the market price of apple pies.  The buyers of the pies are clearly paying for the baking, as well as the apples. This does not mean that A is now a baker or that A is being compensated for baking.  It simply means that A and B have agreed to value the ingredient in terms of the cost of the finished product.

Likewise here, Qatar and Petronas are not being compensated for post-extraction processing.  Exxon Mobil's *buyers* are certainly paying Exxon Mobil for post-production

ORDER – PAGE 14

processing, but that doesn't mean that Exxon Mobil is paying Qatar and Petronas for post-production processing – what they provide is minerals in place. The fact that their royalty may be based in part on the price of the processed product does not matter. "Under the economic interest test, the critical consideration is whether payment is dependent upon extraction, not the method by which that payment is calculated." *Wood*, 377 F.2d at 306. Payment to Qatar and Petronas is dependent upon extraction.[11]

The Court thus rejects Exxon Mobil's *Anderson* argument. The Court will follow binding Fifth Circuit precedent using a predominant or primary purpose test to identify the nature of the agreements at issue.

### III. THE AGREEMENTS ARE PRIMARILY LEASES

#### A. Dr. Carpenter

One of Exxon Mobil's main witnesses at trial was Dr. Paul Carpenter, Ph.D. Dr. Carpenter is an economist specializing in oil and gas. He is well qualified, both academically and by experience with oil and gas. He offered three opinions: (1) Exxon Mobil had "economic ownership" of the minerals under the DFAs and PSCs; (2) those agreements are economically "indivisible"; and (3) the compensation paid to the governments exceeded the value of the minerals at the wellhead, and thus some of the compensation was for downstream processing, i.e., Qatar and Petronas did not look solely

---

[11] See note 18 below for a discussion of Exxon Mobil's argument that Qatar and Petronas are compensated for intangible rights under the various agreements.

to extraction of minerals for their return.  *See* 2 Trans. 125-27.  The Court will address each opinion in turn.

Dr. Carpenter explained that "economic ownership" has four characteristics: (1) investment in exchange for certain exclusive rights; (2) expectation that rights provide opportunity for investment returns; (3) return on investment uncertain and dependent on external market factors; and (4) return exposed to upside and downside risks.  *See* PX 500 at 8 (slide 7).  Based on these criteria, Dr. Carpenter opined that Exxon Mobil had economic ownership under the DFAs and PSCs.  2 Trans. 137-40.

The Court has two reservations about this opinion.[12]  First, according to Dr. Carpenter, what Exxon Mobil has economic ownership of is the bundle of rights it obtained under the DFAs and PSCs.  *See* 2 Trans. 181.  It is somewhat circular to say the agreements give Exxon Mobil ownership of its rights under the agreements.  Dr. Carpenter never opines that Exxon Mobil is the owner of the minerals in place or that the agreements sold the minerals in place to Exxon Mobil, which is what the case law discussed above.  Second, and more significant, the concept of economic ownership does not match up well with the distinction in US tax law between sale or lease of a mineral interest.  Accordingly, the Court finds Dr. Carpenter's opinion regarding economic ownership to be irrelevant.

---

[12] The Court means from a legal perspective.  The Court does not pretend to criticize Dr. Carpenter's opinions from an economic perspective.

ORDER – PAGE 16

Next, Dr. Carpenter opined that Exxon Mobil's rights under the agreements were indivisible. From an economic perspective, this apparently means there is no economically correct way to allocate a dollar of revenue from the sale of processed minerals between the value of the minerals at the wellhead and the value of downstream activities, such as transportation, processing, and marketing. 2 Trans. 208-09. For reasons explained in Part III.B below, the Court does not believe it necessary to perform that allocation.[13] Accordingly, the Court finds Dr. Carpenter's opinion regarding economic indivisibility also to be irrelevant.

Finally, Dr. Carpenter then proceeded to divide revenue between production and downstream. In fairness, he did not purport to accomplish what he had just said was impossible. Rather he engaged in a "thought experiment" where he divided the agreements into two pieces: production and downstream.[14] For convenience, this Order will refer to those two hypothetical entities as producer and refiner. In determining value at the wellhead, Dr. Carpenter reasoned that the producer would not sell for less than it cost to produce the mineral at the wellhead, including a reasonable profit.[15] Likewise a refiner

---

[13] Dr. Carpenter's economic indivisibility opinion was from an economist's perspective. As reflected by his third opinion, in the real world business entities regularly make such allocations through negotiation. The Court is confident that if it needed to make such an allocation, with a proper record and its fact finder hat on, it could do so.

[14] There was testimony that in one earlier agreement, the deal was so divided. It worked out poorly because incentives were "misaligned." Thus it was more efficient economically to combine production and downstream activities into a single agreement. *See* 1 Trans. 51-52; 2 Trans. 147-50.

[15] Dr. Carpenter called this the upstream cost-based value. *See* PX 500 at 15 (slide 14).

ORDER – PAGE 17

would not buy for more than it could sell the end product less its expenses and a reasonable profit.[16]  Under the agreements in this case, there was a gap between those two numbers.[17]

Dr. Carpenter also calculated the payments Exxon Mobil made to Qatar and Petronas under the agreements based on production, which he called the contingent payments.  He compared the contingent payments to the producer's lowest price and found the contingent payments exceeded the producer's lowest price.  *See* PX 500 at 20, 24 (slides 19 & 23).  From this he concluded that at least some of the contingent payments were attributable to downstream activities.  *See* 2 Trans. 127, 165.  Thus, Exxon Mobil concludes, revenue to Qatar and Petronas was not attributable solely to extraction of minerals.

The Court has two problems with this opinion.  First, it is premised on Exxon Mobil's legal theory that Qatar and Petronas retain an economic interest only if they look solely to extraction for their return.  As discussed above in Part II.B, the Court does not adopt that position.  Dr. Carpenter does not opine whether Qatar and Petronas look primarily to the value of the minerals versus downstream value for their return.  Thus, under the legal standard adopted by the Court, this opinion is irrelevant.

Second, Dr. Carpenter's analysis has a significant flaw – he assumes the producer already has the right to extract the minerals and "gets access to extraction for free."  2

---

[16] Dr. Carpenter called this the wellhead netback value.  *See* PX 500 at 16 (slide 15).
[17] The two hypothetical entities would presumably negotiate a number somewhere in that gap.  *See* 2 Trans. 158-60.

ORDER – PAGE 18

Trans. 194-95.  That is plainly wrong.  The contingent payments to Qatar and Petronas *are*

the cost for access to extraction.[18]  If those costs are included in the hypothetical producer's

lowest acceptable wellhead price, as they should be, then by definition that lowest

---

[18] Dr. Carpenter opines that those payments include certain intangible rights under the agreements such as access to land and access to the domestic gas market in Malaysia.  *See* 2 Trans. 142-44, 209-10.  Dr. Carpenter argues that before these agreements to give Exxon Mobil access to the Malaysian domestic market, Exxon Mobil simply "flared off" (i.e., burned at or near the wellhead) the gas produced because it was worthless without a market.  Once Malaysia gave Exxon Mobil access to its domestic market, Exxon Mobil could then profitably sell the gas, so access to the market was a valuable intangible right, according to Dr. Carpenter.

The Court does not share the same understanding of the factual testimony regarding development of the domestic gas market in Peninsular Malaysia.  *See generally* 2 Trans. 31, 35-44.  One of Malaysia's policy goals was the development of a local gas market, which did not previously exist.  Accordingly, the PSCs and related agreements (Heads of Agreement and natural gas production sharing agreements) required Exxon Mobil to undertake substantial capital expenditures to create the gathering, processing, and transportation infrastructure so that Malaysia could develop a domestic market for its gas resources.  Thus, rather than giving Exxon Mobil access to an existing domestic market, the agreements required Exxon Mobil to undertake significant capital expenditures to create such a local market.  The Court is not under any illusion that Exxon Mobil did this out of altruistic motives – in the context of the overall relationship, Exxon Mobil expected to make money even allowing for that capital expense.  However, "access to the local market," or more aptly, the obligation to create the infrastructure to permit development of a local market, was more of an expense to Exxon Mobil, rather than an intangible benefit.

Likewise, the Court finds the right of access to land onshore for construction of the onshore facilities was not a significant intangible benefit.  It was simply necessary for both deals to operate.  There was no evidence offered at trial regarding the size of the onshore facilities or the reasonable rental value.  As in *Vest*, "the grant of the [surface rights] was a necessary part of this transaction, the primary purpose of which was to secure the [mineral] rights."  481 F.2d at 245 n.15.

The Court finds in the overall context of the agreements, those intangibles have minimal value as compared to the value of the right to extract minerals.  Thus the contingent payments are a close approximation of the parties' arms-length negotiated valuation of the minerals in place.

ORDER – PAGE 19

acceptable wellhead price will be greater than the contingent payments. Thus, it is not possible to use the size of the contingent payments to say that Qatar and Petronas were compensated for downstream activities. That is a sensible result. What Qatar and Petronas brought to the table was minerals in place. Their compensation was the agreed-upon price for Exxon Mobil to exploit those minerals in place.[19]

### B. The Qatar DFAs Are Primarily Leases

Multiple factors indicate that the DFAs are primarily leases. First, they entitle the JVCos to produce an undefined amount of gas over a fixed term, instead of conveying to the JVCos all or a fixed amount of the minerals in place.[20] Second, although the form of the transaction is certainly not dispositive, the agreements were structured as leases. Third, compensation to Qatar is dependent on extraction of minerals; if there is no extraction, Qatar receives no compensation. Qatar thus retains an economic interest in the minerals.

The Court certainly acknowledges that the DFAs are more than just a lease. They also provide for a substantial amount of processing. This reflects the economic realities of the situation. Qatar did not have a local market that would consume the gas produced under the DFAs. Due to the location of Qatar, there was no local distribution network that could

---

[19] That includes the value of their residual interest in the physical plants that reverted at the end of the agreements.

[20] *Cf. Vest v. Comm'r*, 481 F.2d 238, 243 (5th Cir. 1973) ("[A] sale results where an agreement purports to transfer within a prescribed time period *all* or a *specific, predetermined* quantity of minerals in place in exchange for a fixed consideration.") (emphasis in original).

ORDER – PAGE 20

transport the gas to a market. Thus, in order for any party to the DFAs to obtain a return on their investment, it was necessary to provide a way to deliver the gas to a viable market. The only way to accomplish this was to construct the infrastructure necessary to accomplish this. Exxon Mobil and Qatar chose to do this by incorporating the obligation to construct the gas liquification plant and transportation facilities into the DFAs. While those obligations could have been structured into a separate agreement, Exxon Mobil and Qatar for whatever reason[21] chose to combine both aspects into a single DFA.

The point is that extraction, processing, and transport were all necessary for Qatar's gas to have any value. Without processing and transport, there would be no extraction. What Qatar brought to the table was gas in place. What Exxon Mobil brought to the table was expertise and access to capital.[22] In negotiating the royalties paid to Qatar under the DFAs, the parties of necessity allocated the potential revenue stream between Qatar's minerals in place and Exxon Mobil's expertise and capital.[23]

The Court holds that, unlike *Weinert*, it is not necessary for the Court to allocate Exxon Mobil's revenue from Qatar into production and manufacturing. This was necessary

---

[21] *See supra* note 14.

[22] Of course the other members of the JVCos also provided capital. *See* 1 Trans. 60.

[23] It is tempting to be distracted by the enormous capital that Exxon Mobil invested in Qatar for post-extraction processing to produce LNG. The record showed that Exxon Mobil spent three dollars onshore in Qatar for every dollar it spent offshore. That is a rabbit trail to be avoided. The question is not what Exxon Mobil did with the gas after it was extracted, or how Qatar's compensation was calculated, the question is what Qatar provided – which was minerals in place. Qatar was not compensated for Exxon Mobil's post-extraction efforts; Qatar was compensated for extraction.

ORDER – PAGE 21

in *Weinert* because the two types of income were taxed differently.  Here Exxon Mobil's
revenue from Qatar will not be taxed differently; the characterization of the DFAs as sales
or leases affects the availability to Exxon Mobil of certain foreign tax credits.  Thus the
Court need only decide whether the DFAs are primarily sales or leases.

It is evident here that Qatar retains an economic interest in the DFAs.  Its return
from the projects is tied directly to extraction of minerals.  Likewise, the Court has no
difficulty in finding that the DFAs are primarily leases.

### C. The Malaysia PSCs Are Primarily Leases

The Malaysian scenario is roughly equivalent to Qatar with some salient
differences.  First, under the PSCs, Petronas would set annual budgets and annual
production.  Second, as part of its national priorities, Malaysia wanted to develop local gas
transportation infrastructure, so Exxon Mobil was obligated to help construct that
infrastructure.  Consequently, royalties due to Petronas were calculated based on delivery
to a designated point or export point.  Third, some payments to Petronas, specifically the
abandonment cess, were not dependent on production, but were an annual flat fee.[24]
Petronas received both production and cash payments pursuant to a fairly complex process.
It is not necessary to get into great detail for purposes of this Order.

The fact that Petronas annually set production does not greatly affect the
characterization of the PSCs, although it does make them less like a traditional mineral

---

[24] The abandonment cess was not required under all of the PSCs.

ORDER – PAGE 22

lease.  More important is the fact that the PSCs do not convey to Exxon Mobil all or a specified quantity of a mineral in place.

The fact that Exxon Mobil had to construct infrastructure and perform processing again makes this less like a traditional lease, but it is simply a factor for the Court to consider in making its assessment of whether the PSCs taken as a whole are primarily leases.

The fact that the abandonment cess was not based on production again makes the PSCs less like a traditional lease, but again that is a factor for the Court to consider in characterizing the PSCs.  The size of the abandonment cess, in comparison to the overall size of the transaction, is so small that the Court finds it is of de minimis importance.

As with the Qatar DFAs, the salient features are that the PSCs entitle Exxon Mobil to produce an unspecified amount of oil and gas for a fixed term, in exchange for which Exxon Mobil compensates Petronas based on a percentage of production.  The PSCs do not convey to Exxon Mobil all or a fixed quantity of the minerals in place.

Admittedly, the PSCs are not pure mineral leases; they call for post-wellhead transport and processing.

The Court finds that Petronas retained an economic interest in the minerals in place. The vast majority of its return on the projects derived from extraction.  If there was no extraction, Petronas received virtually nothing.  Taking into consideration all of the evidence regarding the transactions, the Court finds that the PSCs are primarily leases.

ORDER – PAGE 23

## IV. EXXON MOBIL IS NOT ENTITLED TO RELIEF UNDER SECTION 197

In Exxon Mobil's Brief in response to the United States' motion for partial summary judgment on the sale/lease issue, Exxon Mobil raises in a footnote for the first time a claim that it is entitled to sale treatment for the intangible downstream rights under IRC § 197. Exxon Mobil Brief at 17 n.22. [175]. The government responded that the section 197 claim is an impermissible variance. *See* Treas. Reg. § 301.6402-2(b)(1). Exxon Mobil has two responses: (1) the government waived that argument by not pleading it; (2) Exxon Mobil's section 197 argument is simply another legal argument in support of its claim for refund. The Court rejects both arguments.

First, it seems peculiar to argue that the government should have pled a defense to a claim that Exxon Mobil itself never pled. The Court finds no waiver. Second, Exxon Mobil's section 197 argument is not just another legal argument in support of its claim for a refund. It is expressly an alternative claim for a refund under a different theory. The Court holds that Exxon Mobil's section 197 claim is an impermissible variance.

Alternatively, Exxon Mobil's section 197 claim fails on the merits. Many of the intangible "rights" that Exxon Mobil cites are burdens, not benefits. *See supra* note 18 (discussing access to the Peninsular Malaysia local gas market). And the Court has found that the value of any true intangible rights are de minimis in the context of these transactions. Thus, an allocation would do Exxon Mobil no good.

ORDER – PAGE 24

## CONCLUSION

The Court has found this to be an extremely complex case, both factually and legally, and commends the lawyers for their skillful presentations.  In view of the Court's disposition of the sale/lease issue, it appears unnecessary for the Court to address the change in accounting method issue.  The Court believes it has addressed all the necessary issues above, however if either party believes the Court has omitted anything, the Court directs the parties to file any request for additional findings under Rule 52(b) within twenty-eight (28) days of the date of this Order.

Signed February 24, 2020.

David C. Godbey
United States District Judge

ORDER – PAGE 25

# TAB 5

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EXXON MOBIL CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-2921-N |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant United States of America's (the "Government")

motion for partial summary judgment on penalties [258] and Plaintiff Exxon Mobil Corp.'s

("Exxon Mobil") motions for partial summary judgment on penalties [261] and for

additional findings [277].

### I. BACKGROUND

The background is set forth in greater detail in this Court's Findings of Fact and

Conclusions of Law (Feb. 24, 2020) [276] ("FFCL"). In short, Exxon Mobil was involved

in multiple oil and gas ventures in Qatar and Malaysia, which for tax purposes were treated

as partnerships and reported on Exxon Mobil's consolidated tax returns. Exxon Mobil had

historically treated those transactions as mineral leases. In June 2014 and April 2015,

Exxon Mobil filed amended tax returns treating the transactions as purchases for tax years

2006-09. The IRS disallowed the refund claims in May 2016, contending that the

transactions were mineral leases and that the change in treatment was an impermissible

MEMOORANDUM OPINION AND ORDER – PAGE 1

change in accounting method.  The IRS later imposed a penalty under 26 U.S.C. § 6676 of approximately $200 million.  Exxon Mobil then filed this refund action.

The Court bifurcated the refund issues from the penalty issue.  The Court held a bench trial on the refund issues and found for the Government.  The Court determined that the transactions were primarily mineral leases, and thus did not need to reach the change in accounting method issue.  *See* FFCL.  The parties now have both moved for summary judgment on the penalty issue.

## II. "REASONABLE BASIS" IN SECTION 6676

### A. Basics

Section 6676 of the Code was originally enacted in 2007 to plug a perceived penalty hole.  As originally enacted, it provided, in pertinent part:

> SEC. 6676. ERRONEOUS CLAIM FOR REFUND OR CREDIT.
>     (a) CIVIL PENALTY.—If a claim for refund or credit with respect to income tax (other than a claim for a refund or credit relating to the earned income credit under section 32) is made for an excessive amount, unless it is shown that the claim for such excessive amount has a reasonable basis, the person making such claim shall be liable for a penalty in an amount equal to 20 percent of the excessive amount.

IRC § 6676(a) (2007) (Pub. L. 110-28 § 8247, 121 Stat. 190, 204 (2007)).  Neither the statute nor the implementing regulations define "reasonable basis."  In 2015, Congress amended the "reasonable basis" language:

> IN GENERAL.—Section 6676(a) is amended by striking "has a reasonable basis" and inserting "is due to reasonable cause".

MEMOORANDUM OPINION AND ORDER – PAGE 2

Pub. L. 114-113, Div. Q, Title II, § 209(c)(1), 129 Stat. 3040, 3085 (2015). The parties agree that the "reasonable basis" language controls here, but they disagree as to what exactly that means.

The IRS has advised that "reasonable basis" in section 6676 (before the 2015 amendment) has the same meaning as reasonable basis in section 6662, as defined in Treas. Reg. § 1.6662-4(e)(2)(i). *See* IRS Program Manager Technical Advice 2014-15, at 5-6 (August 6, 2014), *available at* https://www.irs.gov/pub/lanoa/PMTA-2014-015.pdf. That section incorporates by reference the definition of Treas. Reg. § 1.6662-3(b)(3), which provides:

> (3) Reasonable basis. Reasonable basis is a relatively high standard of tax reporting, that is, significantly higher than not frivolous or not patently improper. The reasonable basis standard is not satisfied by a return position that is merely arguable or that is merely a colorable claim. If a return position is reasonably based on one or more of the authorities set forth in § 1.6662–4(d)(3)(iii) (taking into account the relevance and persuasiveness of the authorities, and subsequent developments), the return position will generally satisfy the reasonable basis standard even though it may not satisfy the substantial authority standard as defined in § 1.6662–4(d)(2). (See § 1.6662–4(d)(3)(ii) for rules with respect to relevance, persuasiveness, subsequent developments, and use of a well-reasoned construction of an applicable statutory provision for purposes of the substantial understatement penalty.) In addition, the reasonable cause and good faith exception in § 1.6664–4 may provide relief from the penalty for negligence or disregard of rules or regulations, even if a return position does not satisfy the reasonable basis standard.

Treas. Reg. § 1.6662-3(b)(3). The authorities listed in Treas. Reg. § 1.6662-4(d)(3)(iii) are set forth in the margin.[1]

---

[1] "Applicable provisions of the Internal Revenue Code and other statutory provisions; proposed, temporary and final regulations construing such statutes; revenue rulings and revenue procedures; tax treaties and regulations thereunder, and Treasury Department and

MEMOORANDUM OPINION AND ORDER – PAGE 3

The reasonable basis test is one of several under the IRC for evaluating taxpayer positions. *See Chemtech Royalty Assocs. v. United States*, 823 F.3d 282, 287, 290 (5th Cir. 2016) (citing Treas. Reg. §§ 1.6662-3(b)(3), 1.6662-4(d)(2)).  These standards are on a continuum, from highest to lowest, as follows:

more likely than not

substantial authority

reasonable basis

not frivolous

*See id.*  Thus, although reasonable basis "is a relatively high standard of tax reporting," Treas. Reg. § 1.6662-3(b)(3), it is nonetheless the second lowest standard.

### B. Subjective vs. Objective

The Government argues that this Court should overlay a subjective element on "reasonable basis," as the Eighth Circuit did in *Wells Fargo & Co. v. United States*, 957 F.3d 840 (8th Cir. 2020).  *Wells Fargo* concerned a negligence penalty under IRC § 6662, which also has a "reasonable basis" defense.  The *Wells Fargo* court relied on a linguistic

---

other official explanations of such treaties; court cases; congressional intent as reflected in committee reports, joint explanatory statements of managers included in conference committee reports, and floor statements made prior to enactment by one of a bill's managers; General Explanations of tax legislation prepared by the Joint Committee on Taxation (the Blue Book); private letter rulings and technical advice memoranda issued after October 31, 1976; actions on decisions and general counsel memoranda issued after March 12, 1981 (as well as general counsel memoranda published in pre–1955 volumes of the Cumulative Bulletin); Internal Revenue Service information or press releases; and notices, announcements and other administrative pronouncements published by the Service in the Internal Revenue Bulletin. Conclusions reached in treatises, legal periodicals, legal opinions or opinions rendered by tax professionals are not authority."  Treas. Reg. § 1.6662-4(d)(3)(iii)

MEMOORANDUM OPINION AND ORDER – PAGE 4

analysis of the regulation: the section "provides a defense to the negligence penalty only when the taxpayer's 'return position is reasonably *based* on one or more of the [relevant] authorities.'" *Id.* at 852 (quoting Treas. Reg. § 1.6662-3(b)(3), emphasis and alteration in original).  Relying on Black's Law Dictionary's definition of "base," the court held that "in order to 'base' a return position on particular legal authority, a taxpayer must show that it actually relied upon those authorities in forming its position." *Id.*

There are two problems with importing the *Wells Fargo* holding from IRC § 6662 into IRC § 6676.  First, section 6662 deals with penalties for negligence.  "For purposes of this section, the term 'negligence' includes any failure to make a reasonable attempt to comply with the provisions of this title . . . ."  IRC § 6662(c).  *Accord* Treas. Reg. § 1.6662-3(b)(1) ("The term negligence includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return.  'Negligence' also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly.").  Section 6662 thus inherently focuses on the taxpayer's subjective conduct.  *See Wells Fargo*, 957 F.3d at 852 ("a 'negligence penalty' . . . suggests that the focus of the inquiry must be, at least in part, on the taxpayers actual conduct").

Section 6676, in contrast, focuses on whether the *claim* had a reasonable basis, not on whether the *taxpayer* had a reasonable basis.  *Accord* IRS Program Manager Technical Advice 2010-03, at 2-3 (Feb. 26, 2010), *available at* https://www.irs.gov/pub/lanoa/ pmta_2010-03.pdf ("Whether a claim has a reasonable basis, however, is not dependent on the subjective state of mind of the taxpayer presenting the claim or the actions of the

MEMOORANDUM OPINION AND ORDER – PAGE 5

taxpayer in determining the appropriateness of the claim.  The statute requires an examination of the claim itself to determine whether it has a reasonable basis.").  Thus, the difference in the statutory texts counsels against migrating *Wells Fargo* from section 6662 to section 6676.

Second, the scant legislative history for section 6676 argues against importing the *Wells Fargo* construction of section 6662 into section 6676.[2]  The Court was unable to locate any formal legislative history for the 2015 amendment to section 6676 in the form of congressional committee reports.  Two commentators have explained the 2015 amendment as follows:

> The change from the objective reasonable basis exception to a subjective reasonable cause exception had been recommended by, among others, the National Taxpayer Advocate for years.[748] Imposing a penalty without taking into account the taxpayer's particular facts and circumstances was considered to impair their right to a fair and just tax system.

> Although reasonable basis is not defined, the IRS has stated that, because the §6676 penalty is intended to supplement the §6662 accuracy-based penalties, it generally has the same meaning.[749]  Accordingly, reasonable basis generally is a relatively high standard that is significantly higher than not frivolous or not patently improper, but does not have to be supported by substantial authority. A return position that is merely arguable or that is merely a colorable claim does not qualify. Generally, there is a reasonable basis for a return position that is reasonably based on one or more of the authorities set forth in Reg. §1.6662-4(d)(3)(iii), taking into account the relevance and persuasiveness of the authorities and subsequent developments.[750]

---

[2] The Court found no useful history regarding the 2007 enactment of section 6676.  *See* STAFF OF JOINT COMM. ON TAXATION, 111th Cong., GENERAL EXPLANATION OF TAX LEGISLATION ENACTED IN THE 110TH CONGRESS 36-37 (Comm. Print 2009) (JCS-1-09), *available at* https://www.jct.gov/publications/2009/jcs-1-09/.  It was a small part of an omnibus appropriations bill, and most of the available history deals with other aspects of that bill.  *See also* H.R. Rep. No. 110-168 § 8247, at *76-77 (May 24, 2007).

MEMOORANDUM OPINION AND ORDER – PAGE 6

---

[748] National Taxpayer Advocate, Annual Report to Congress (Legislative Recommendation: Amend the Erroneous Refund Penalty to Permit Relief in Case of Reasonable Cause for Claim to Refundable Credits) at 544 (Dec. 31, 2011), National Taxpayer Advocate, Annual Report to Congress (Legislative Recommendation: Amend Section 6676 to Permit Reasonable Cause Relief) at 351 (Dec. 31, 2014); AICPA Legislative Proposals, Tax Penalty Legislative Proposals (Apr. 11, 2013); 2015 IRSAC Large Business and International Report.

[749] PMTA 2014-15; IRM 20.1.5.18(9) (04-22-19).

[750] See Reg. §1.6662-3(b)(3). See discussion at IV.B.3.a., above.

Alan J. Tarr & Pamela Jensen Drucker, BNA Tax Portfolio 634-3rd Civil Tax Penalties, *available at* https://www.bloomberglaw.com/product/tax/document/2698274344.

The cited National Taxpayer Advocate[3] 2014 Annual Report to Congress explains that "reasonable basis" is an objective test that penalizes unsophisticated lay taxpayers who are doing their best to comply, but may not have a reasonable basis, as defined in the regulations: "Section 6676 does not appear to require the IRS to take into account all the facts and circumstances, including the taxpayer's knowledge and experience with tax law and his or her efforts to comply with the law, in determining whether there was such reasonable basis." National Taxpayer Advocate, Annual Report to Congress (Legislative Recommendation: Amend Section 6676 to Permit Reasonable Cause Relief) at 351 (Dec. 31, 2014), *available at* https://www.taxpayeradvocate.irs.gov/wp-content/uploads/2020/08/2014-ARC_VOL-1_S2_LR-8-508.pdf (last visited Jan. 7, 2021).

---

[3] "The Taxpayer Advocate Service (TAS) is an independent organization within the Internal Revenue Service (IRS). Our job is to ensure that every taxpayer is treated fairly and that you know and understand your rights." https://taxpayeradvocate.irs.gov/about-us/ (last visited Jan. 7, 2021).

MEMOORANDUM OPINION AND ORDER – PAGE 7

The Report recommended precisely the language change adopted by Congress in 2015. Thus, the Report appears to be the most authoritative legislative history available. *See also* AICPA, *Tax Penalties Legislative Proposals* at 5 (April 11, 2013), *available at* https://www.aicpa.org/Advocacy/Tax/TaxLegislationPolicy/DownloadableDocuments/ AICPA-legislative-proposals-penalties-2013.pdf (making similar proposal) (last visited Jan. 7, 2021).

The legislative history, such as it is, teaches against extending the *Wells Fargo* holding to pre-amendment section 6676. There would be no reason to amend section 6676 in 2015 to provide for a subjective standard if that section already embodied a subjective standard. The Court thus declines the Government's proposal to apply a subjective gloss to pre-amendment section 6676.

### III. EXXON MOBIL HAD A REASONABLE BASIS FOR ITS CLAIMS

#### A. Sale vs. Mineral Lease

The Court has already discussed at length Exxon Mobil's position that the transactions were sales and not mineral leases. *See generally* FFCL. The Court acknowledged that this is "an extremely complex case, both factually and legally." *Id.* at 25. Although the Court ultimately rejected Exxon Mobil's position, it was only with considerable analysis. The Court readily holds that Exxon Mobil's sale vs. mineral lease position was reasonably based on one or more of the authorities set forth in Treas. Reg. § 1.6662–4(d)(3)(iii) (taking into account the relevance and persuasiveness of the authorities, and subsequent developments). *See generally* FFCL; *see also* Exxon Mobil Briefing [dkt.

MEMOORANDUM OPINION AND ORDER – PAGE 8

175, 257-1, 257-2, 257-3].  The Court therefore denies the Government's motion and grants

Exxon Mobil's motion on this point.

### B. Change in Accounting Method

The Court must take a bit more time with the change in accounting method issue, as

it has not previously addressed that issue.  IRC § 446(e) provides: "Except as otherwise

expressly provided in this chapter, a taxpayer who changes the method of accounting on

the basis of which he regularly computes his income in keeping his books shall, before

computing his taxable income under the new method, secure the consent of the Secretary."

Exxon Mobil did not seek or obtain approval from the Secretary before filing its refund

claims that changed the treatment of the Qatar and Malaysia transactions from mineral

leases to sales.  The question before the Court is whether Exxon Mobil has a reasonable

basis for its contention that the change in treatment from mineral lease to sale was not a

change in accounting method.[4]

Exxon Mobil generally points to its briefing on the merits of the change in

accounting issue to support its current argument that it had a reasonable basis.  *See, e.g.*,

Pl. Exxon Mobil's Brief in Support of Mot. for Partial Summ. J. Regarding Penalties at 12

[262] (citing to merits briefs at docket nos. 125, 178, 241, 242, 257-1, 257-2, 257-3).  The

Court generally agrees that Exxon Mobil's merits briefing reflects a reasonable basis.

---

[4] The Government makes much of the fact that Exxon Mobil's position on this has evolved over time.  While the Court acknowledges the rhetorical force of that claim, it is not directly pertinent to the question before the Court.  Because there is no subjective element to the reasonable basis inquiry, *see supra* Part II.B, it does not affect the Court's determination if Exxon Mobil articulated a different position in its pre-suit dealings with the IRS.

MEMOORANDUM OPINION AND ORDER – PAGE 9

Because the Court is not ruling on the merits of the change in accounting issue, it is not necessary for the Court to analyze in detail all of Exxon Mobil's briefing. One example suffices.

In *Plaintiff Exxon Mobil Corporation's Response to Government's Motion and Reply in Support of Exxon Mobil Corporation's Motion for Partial Summary Judgment on Change in Method of Accounting* 2-4 [178] Exxon Mobil argues that a change in method of accounting deals with *when*, not *whether*, an item is includable in income or allowed as a deduction. In support of that proposition, Exxon Mobil cited to: *Tate & Lyle, Inc. v. Comm'r*, 103 T.C. 656, 668-69 (1994), *rev'd on other grounds*, 87 F.3d 99 (3d Cir. 1996); *Knight-Ridder Newspapers, Inc. v. United States*, 743 F.2d 781, 798 (11th Cir. 1984). The Court holds that Exxon Mobil reasonably cited those cases for that proposition.[5]

*Tate & Lyle* dealt with whether a taxpayer should deduct interest owed to its foreign parent in the tax year when it accrued or in the tax year when it was paid. 103 T.C. at 657. The pertinent part of that opinion dealt with IRC § 267(a)(2), which also uses the term "method of accounting." *Id.* at 667-68.

> The accrual and cash methods of accounting (and any combination thereof) are procedures and rules governing the timing of items of income and deductions. The underlying assumption of requiring that taxable income be determined by the taxpayer's "method of accounting" and that the method "clearly reflect income" is that the method of accounting involves *when* an item of income or expense is to be reported for tax purposes. *See Schlude v. Commissioner*, 283 F.2d 234, 236–237 (8th Cir. 1960), revg. 32 T.C. 1271 (1959), vacated on other issue 367 U.S. 911 (1961). Indeed, section 1.446–1(e)(2)(ii)(a) and (b), Income Tax Regs., provides that a change in a method of accounting involves the proper time for the inclusion of an item of income

---

[5] Exxon Mobil also cited *W.A. Holt Co. v. Comm'r*, 368 F.2d 311, 312 (5th Cir. 1966) as support for that proposition. The Court finds that citation more problematic.

MEMOORANDUM OPINION AND ORDER – PAGE 10

or the taking of a deduction. *See Wayne Bolt & Nut Co. v. Commissioner*, 93 T.C. 500 (1989).

The total exclusion of an item from the recipient's gross income is a question of characterization that is unrelated to the taxpayer's method of accounting. In *Underhill v. Commissioner*, 45 T.C. 489, 496 (1966), we stated:

> Critical to respondent's position is a determination that the situation involves a "method of accounting"—a phrase which, at times, appears to have certain chameleon qualities. Whatever may be the subtleties of a "method of accounting" we do not think that they concern us in the instant situation. The issue before us is the extent to which payments received by * * * [the taxpayer] are taxable or nontaxable—i.e., the character of the payment—not the proper method or time of reporting an item the character of which is not in question. * * * [Citations omitted.]

The characterization of an item determines *whether* that item is includable or not includable in gross income. A method of accounting for income only determines *when* an item is includable in income.

*Id.* at 668-69 (emphasis in original).  *Tate & Lyle* thus supports Exxon Mobil's position that a method of accounting change relates to when, not whether, at item is properly included in income or allowed as a deduction.[6]

*Knight-Ridder* dealt in part with whether an advertising rebate reserve was an accounting method or an improper deduction.  743 F.2d at 797.  That distinction affected whether certain IRS claims were barred by limitations.  The court noted:

> The Internal Revenue Code does not specifically define an "accounting method." However, the implementing regulations provide:
>
> > A change in accounting method includes a change in the overall plan of accounting for gross income or deductions or a

---

[6] The Third Circuit reversed on the basis that a Treasury Regulation otherwise in issue was not arbitrary or capricious and that the retroactive application of that regulation did not violate due process.  87 F.3d 99 (1996).

MEMOORANDUM OPINION AND ORDER – PAGE 11

> change in the treatment of a *material item* used in such overall
> plan . . . .
> A material item is any item which *involves the proper time for
> the inclusion of the item in income or the taking of a deduction.*

Treas. Reg. § 1.446–1(e)(2)(ii)(a); 26 C.F.R. § 1.446–1(e)(2)(ii)(a) (1983)
(emphasis added); *see also* Treas. Reg. § 1.481–1(a)(1); 26 C.F.R. §
1.481(a)(1) (1983). The essential characteristic of a "material item" is that it
determines the timing of income or deductions. *See* [4 B. Bittker, *Federal
Taxation of Income, Estates and Gifts*] ¶ 105.6.2, at 124–25 [(1980)].

*Id.* at 797-98 (footnotes omitted). *Knight-Ridder* thus also supports Exxon Mobil's

position that an accounting method change affects when items appear in income, not

whether items appear in income.

Based on that understanding of method of accounting change, Exxon Mobil argued

that, in a mineral lease, the lessor's share of production never comes into the lessee's

income or out as a deduction. In a sale transaction, though, all production comes into the

buyer's income; the parties debate the subsequent tax consequences, but those are not

material to this point. The issue from Exxon Mobil's perspective is not what happens

subsequently, but rather that production that was not part of Exxon Mobil's income under

a mineral lease treatment becomes part of Exxon Mobil's income under sale treatment. It

thus is not an issue of *when* it is income or a deduction, but *whether* it is income. Thus,

according to Exxon Mobil's argument, the change from mineral lease to sale treatment is

not a change in method of accounting.

The Government certainly had responses to this argument, and were the Court to

decide the merits of the change in accounting method argument, it would need to consider

the relative merits of Exxon Mobil's and the Government's arguments. Here it is sufficient

MEMOORANDUM OPINION AND ORDER – PAGE 12

to hold that Exxon Mobil had colorable support for its legal contention that a change that affects *whether*, not *when*, an item comes into income is not an impermissible change in accounting method; Exxon Mobil further had a factual basis to argue that the change from mineral lease to sale treatment was a whether, not when, change and thus not an impermissible change in accounting method.  "If a return position is reasonably based on one or more of the authorities set forth in § 1.6662–4(d)(3)(iii) (taking into account the relevance and persuasiveness of the authorities, and subsequent developments), the return position will generally satisfy the reasonable basis standard . . . ."  Treas. Reg. § 1.6662-3(b)(3).  Exxon Mobil's return position thus satisfies the reasonable basis standard. Accordingly, the Court grants Exxon Mobil's motion and denies the Government's motion regarding penalty for impermissible change in accounting method.

## IV. ADDITIONAL FINDINGS

Exxon Mobil also moves for the Court to make additional fact findings based on the record at the bench trial.  The Court has reviewed Exxon Mobil's additional proposed findings and has determined that the proposed findings are not material to the Court's disposition of this case.  Accordingly, without regard to whether the evidentiary record supports such proposed findings, the Court denies Exxon Mobil's motion for additional findings.

## CONCLUSION

For the reasons stated, the Court grants Exxon Mobil's motion for partial summary judgment regarding penalty and denies the Government's motion.  The parties are directed to confer regarding whether any additional proceedings in the District Court are needed.  If

MEMOORANDUM OPINION AND ORDER – PAGE 13

either party believes that such proceedings are needed, the parties are directed to identify

the further proceedings needed in a joint status report filed within 28 days of the date of

this Order.  If the parties agree that no further proceedings in the District Court are needed,

the parties are directed to confer regarding a form of judgment.  If the parties are unable to

agree as to form, then each party shall submit its proposed form of judgment, together with

a brief discussion of the differences, within 28 days of the date of this Order.


Signed January 13, 2021.


_____
David C. Godbey
United States District Judge


MEMOORANDUM OPINION AND ORDER – PAGE 14

# TAB 6

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

EXXON MOBIL CORPORATION,

     Plaintiff,

v.

                              CIVIL ACTION NO. 3:16-cv-2921-N

UNITED STATES OF AMERICA,

     Defendant.

## FINAL JUDGMENT

By Order dated August 8, 2018, the Court granted Defendant United States' motion for partial summary judgment, and denied Plaintiff Exxon Mobil Corporation's motion for partial summary judgment, on Count I of the Original Complaint [80].

On February 24, 2020, the Court entered its Findings of Fact and Conclusions of Law [276] regarding Counts II and III of the Original Complaint, and in its Memorandum Opinion and Order of January 13, 2021 [290], the Court denied ExxonMobil's request for additional findings. Judgment is accordingly entered against ExxonMobil and in favor of the United States on all counts in the Original Complaint, and ExxonMobil will take nothing on its claims against the United States in the Original Complaint.

By Order dated January 13, 2021, the Court (1) denied the United States' motion for partial summary judgment regarding penalties; and (2) granted ExxonMobil's motion for partial summary judgment regarding penalties, thereby granting judgment in favor of ExxonMobil on Count I of the Supplemental Complaint [290].

Accordingly, the Court now renders judgment as follows:

FINAL JUDGMENT – PAGE 1

1.    ExxonMobil has judgment against the United States in the amount of $207,526,546 for the 26 U.S.C. § 6676 penalties paid for the 2006, 2007, 2008, and 2009 tax years set forth below:

| | |
|---|---|
| 2006 | $52,944,161 |
| 2007 | $59,595,206 |
| 2008 | $81,771,720 |
| 2009 | $13,215,459 |
| **Total** | **$207,526,546** |

2.    ExxonMobil also has judgment against the United States for overpayment interest allowed under 26 U.S.C. § 6611 at the applicable rate under 26 U.S.C. § 6621 on the penalty overpayment amounts awarded in this Judgment.

3.    The above overpayments are subject to 26 U.S.C. § 6402.

4.    All other relief not expressly granted is denied.  Each party shall bear its own costs. This is a final judgment.

Signed  February 19, 2021.

David C. Godbey
United States District Judge

FINAL JUDGMENT – PAGE 2

# TAB 7

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

EXXON MOBIL CORPORATION,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

CIVIL ACTION NO. 3:16-cv-2921

## ORIGINAL COMPLAINT

Exxon Mobil Corporation is the common parent of an affiliated group of corporations (collectively, "**ExxonMobil**") as defined in section 1504 of the Internal Revenue Code of 1986 (the "**Code**").[1]  ExxonMobil and its affiliates are engaged in the exploration, development, and production of crude oil and natural gas; the manufacture of petroleum products; and the transportation and marketing of crude oil, natural gas, petroleum, and petroleum products. ExxonMobil seeks a refund of federal income taxes that the United States of America, acting through the Commissioner of the Internal Revenue Service (the "**Commissioner**"), erroneously assessed and collected from ExxonMobil by denying its claims for refund as described below.

The Commissioner erroneously assessed and collected the taxes at issue in two ways. First, the Commissioner erroneously disallowed ExxonMobil's claims for a refund of income tax paid for 2008 and 2009 by determining that a certain federal credit for alcohol blending activities is included in gross income.  Second, the Commissioner erroneously disallowed ExxonMobil's claims for a refund of income tax paid for 2006, 2007, 2008, and 2009 by determining that certain transactions were mineral leases, rather than purchases, for federal income tax purposes.

---

[1] Unless otherwise stated, all "section" references herein are to the Code (26 U.S.C.), as amended, through the years in issue.

ExxonMobil brings this action to recover the erroneously assessed and collected federal income taxes, plus statutory interest thereon as provided by law, for ExxonMobil's taxable years 2006 through 2009 (collectively, the "**Disputed Tax Years**").[2]

## I. PARTIES

1.      Exxon Mobil Corporation is a New Jersey corporation with its global headquarters and principal place of business located at 5959 Las Colinas Boulevard, Irving, Texas 75039-2298.  Exxon Mobil Corporation's Employer Identification Number is 13-5409005, which is reflected on all returns and claims described below.

2.      Defendant is the United States of America.  Service of process may be made on Defendant by certified mail, return receipt requested, to the following:

      a.      Loretta E. Lynch
              Attorney General for the United States
              Department of Justice
              950 Pennsylvania Ave., N.W.
              Washington, D.C. 20530-0001

      b.      Civil Process Clerk
              United States Attorney
              1100 Commerce Street
              Third Floor
              Dallas, Texas 75242-1699

      c.      John A. Koskinen
              Commissioner
              Internal Revenue Service
              1111 Constitution Ave., N.W.
              Washington, D.C. 20224

---

[2] ExxonMobil's taxable year is the calendar year.

**ORIGINAL COMPLAINT – PAGE 2**

## II. JURISDICTION AND VENUE

### Jurisdiction

3.    The Court has jurisdiction over this dispute under 28 U.S.C. § 1346(a)(1) because this is an action against the United States for the recovery of internal revenue taxes erroneously assessed and collected from ExxonMobil.

a.    ExxonMobil timely filed a consolidated corporate income tax return for each of the Disputed Tax Years with the Internal Revenue Service Center in Austin, Texas, and has paid the total tax assessed for those years as follows:

| Taxable Year | Tax Paid |
|--------------|----------|
| 2006 | $3,695,187,422 |
| 2007 | $3,893,091,559 |
| 2008 | $1,741,428,305 |
| 2009 | $  139,912,688 |

b.    On June 26, 2014, ExxonMobil timely filed an Amended U.S. Corporation Income Tax Return ("**Form 1120X**") for 2006 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of federal income tax of $264,720,803 plus statutory interest.

c.    On June 26, 2014, ExxonMobil timely filed Form 1120X for 2007 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of federal income tax of $297,976,031 plus statutory interest.

d.    On April 13, 2015, ExxonMobil timely filed Form 1120X for 2008 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of federal income tax of $652,852,400 plus statutory interest.

e.    On April 13, 2015, ExxonMobil timely filed Form 1120X for 2009 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of federal income tax of $138,971,996 plus statutory interest.

f.      None of ExxonMobil's Form 1120X claims for refund have been allowed or paid by the Commissioner for any Disputed Tax Year.  The Commissioner disallowed such claims for refund by two notices of disallowance dated May 5, 2016.

g.      Therefore, the Court has jurisdiction because for each Disputed Tax Year ExxonMobil (i) made full payment of the taxes assessed, as required by 28 U.S.C. § 1346(a)(1) and *Flora v. United States*, 362 U.S. 145 (1960); (ii) timely filed its Form 1120X claims for refund, as required by sections 6511(a) and 7422(a); and (iii) filed this complaint within the time period prescribed in section 6532(a).

<u>Venue</u>

4.      Venue is proper in the Northern District of Texas under 28 U.S.C. § 1402 because Exxon Mobil Corporation's principal place of business is located in this judicial district.

### III. FACTUAL BACKGROUND

<u>The Alcohol Fuel Credit is excluded from gross income.</u>

5.      ExxonMobil Oil Corporation ("**EMOC**") is a member of the affiliated group of corporations for which ExxonMobil, as parent, files a consolidated federal income tax return. Thus, for federal income tax purposes, ExxonMobil takes into account the income, gains, deductions, losses, and credits of EMOC on its consolidated return.

6.      EMOC is a New York corporation, with its headquarters and principal place of business in Irving, Texas.  EMOC's business is the production, refining, marketing, and transportation of petroleum, natural gas, and petroleum products.

7.      Section 4081(a) imposes a federal excise tax on the removal of taxable fuel from a refinery or terminal; the entry into the United States of taxable fuel for consumption, use, or warehousing; and certain sales of a taxable fuel.  The rate of the section 4081 excise tax depends

21-10373.56

on the type of taxable fuel, and ranges from $0.184 per gallon for non-aviation gasoline to $0.244 per gallon for diesel fuel or kerosene.

8.    Taxpayers who incur federal excise taxes must file Form 720 quarterly and pay any excise tax not yet paid or otherwise satisfied.  Each entity liable for the section 4081 excise tax must file its own Form 720.  Unlike federal income tax returns, a common parent of an affiliated group of corporations cannot file a single Form 720 for its affiliated group.

9.    In connection with its refining and terminal operations, EMOC incurred $3,106,273,065 of section 4081 excise tax liability in 2008 and $2,899,496,300 of section 4081 excise tax liability in 2009.

10.    To promote energy independence and encourage the use of alternative fuels, Congress has long subsidized the blending of alcohol with gasoline.  The American Jobs Creation Act of 2004 (Pub. L. 108-357, title III, § 301(a), October 22, 2004; effective December 31, 2004) enacted section 6426(b), which provided a credit for blending alcohol with taxable fuel (the "**Alcohol Fuel Credit**").  The Alcohol Fuel Credit replaced the prior subsidy, which reduced excise tax rates for taxable fuels containing certain amounts of alcohol.

11.    The Alcohol Fuel Credit is equal to the number of gallons of alcohol a taxpayer blends with a taxable fuel that the taxpayer either sells or uses in its trade or business, multiplied by an applicable rate.  For 2008 and 2009 the applicable rate was $0.51 per gallon and $0.45 per gallon, respectively.

12.    Section 6426(a) provides that the Alcohol Fuel Credit is to be used "against the tax imposed by section 4081."  To the extent a taxpayer's Alcohol Fuel Credit exceeds its section 4081 excise tax in a given year, the taxpayer can elect to receive either a cash payment under section 6427(e) or an income tax credit under section 34 or section 40.

13.    Section 9503(b)(1)(D) provides that taxes collected under section 4081 are directed to the Highway Trust Fund.  Section 9503(b)(1) further provides that the amount of section 4081 taxes to be received by the Highway Trust Fund must be "without reduction for credits under section 6426," including the Alcohol Fuel Credit.  Section 9601 provides that the General Fund, which collects most federal taxes, shall transfer over to the Highway Trust Fund any Alcohol Fuel Credit used by a taxpayer against its section 4081 excise tax liability.

14.    EMOC blended alcohol with the taxable fuel it produced as part of its refining and terminal operations, entitling it to an Alcohol Fuel Credit of $453,269,805 in 2008 and $509,917,115 in 2009.  EMOC claimed these credits on quarterly Forms 720 for those periods.

15.    For federal income tax purposes, taxable income is gross income less allowable deductions.  Section 63(a).  Gross income includes proceeds from the sale of products less the direct costs attributable to the production of those products, known as "cost of goods sold." Section 61(a)(3); 26 C.F.R. § 1.61-3(a).  In the case of a seller of petroleum products, section 4081 excise taxes form a component of the taxpayer's cost of goods sold.

16.    The Alcohol Fuel Credit is excluded from gross income.  On its originally-filed consolidated corporate income tax returns for 2008 and 2009, ExxonMobil reduced cost of goods sold by the amount of the Alcohol Fuel Credit EMOC received in each year, which caused a corresponding overstatement of gross income.  ExxonMobil reversed this cost of goods sold reduction in its refund claims filed for 2008 and 2009, resulting in a decrease in gross income of $453,269,805 for 2008 and $509,917,115 for 2009.

### The DFA transactions are purchases for federal income tax purposes.

17.    ExxonMobil and the national oil company of the State of Qatar formed several joint stock companies over several years.  The joint stock companies were formed to develop and

**ORIGINAL COMPLAINT – PAGE 6**

produce offshore natural gas reserves and to construct and operate facilities necessary to transport, manufacture, market, export, and deliver liquefied natural gas ("**LNG**") to foreign locations and buyers.  Additionally, the joint stock companies were formed to construct facilities to produce, manufacture, and market condensate and liquefied petroleum gas from the same gas reserves.  The joint stock companies are classified as partnerships for federal income tax purposes.

18.    Under certain Development and Fiscal Agreements (collectively, the "**DFAs**"), the joint stock companies purchased various rights, including the right to develop and exploit certain offshore natural gas reserves.  As a result, the joint stock companies acquired operating mineral interests in such offshore natural gas reserves for federal income tax purposes.

19.    Under the DFAs, among other commitments, the joint stock companies agreed to make certain contractual payments (the "**DFA Payments**") to the State of Qatar in the future based on the value of LNG, condensate, and liquefied petroleum gas manufactured from such natural gas.  The DFA Payments primarily are based on the greater of a fixed amount per one million British thermal units or a variable amount based on a formula tied to published foreign crude oil and gas prices.  The valuation point for determining the amount of the DFA Payments occurs only after substantial non-extraction activities have occurred.

20.    For federal income tax purposes, the transactions under the DFAs, under all the facts and circumstances, are purchases because the State of Qatar did not retain an economic interest in the minerals in place under 26 C.F.R. § 1.611-1(b)(1) and controlling case law.  *See, e.g., Comm'r v. Sw. Exploration Co.*, 350 U.S. 308 (1956); *Anderson v. Helvering*, 310 U.S. 404 (1940); *Palmer v. Bender*, 287 U.S. 551 (1933); *Burnet v. Harmel*, 287 U.S. 103 (1932).  The State of Qatar became entitled to, and has received, payments that are substantially unrelated to

the value of the natural gas at the point of extraction and that reflect the significant value of petroleum products manufactured and marketed by the joint stock companies. Therefore, the DFA transactions are purchases, not mineral leases, and ExxonMobil properly reported the DFA Payments as deferred purchase payments of principal and interest under section 483.

21.    The method for calculating the unstated interest on the deferred purchase payments is set forth in 26 C.F.R. § 1.483-4.

22.    The principal portion of these payments increases depletable basis, and the interest expense portion of these payments is apportioned between U.S. and foreign source income.

23.    For the Disputed Tax Years, these adjustments increase taxable income by increasing foreign source income more than U.S. source income is reduced. Additional foreign tax credits satisfy the taxes that would be owed on the additional foreign source income. Thus, the claims reflect a refund of income taxes paid that results principally from the reduction of U.S. source income.

<u>The PSC transactions are purchases for federal income tax purposes.</u>

24.    The Malaysian national oil and gas company (the "**MNOC**") is vested with the entire ownership in, and the exclusive rights to explore and exploit, oil and gas lying onshore or offshore in that country. The MNOC has formed a subsidiary (the "**Subsidiary**") to engage in the exploration, development, and production of oil and gas.

25.    Under certain production sharing contracts (collectively, the "**PSCs**"), ExxonMobil, or ExxonMobil and the Subsidiary, obtained various rights, including the rights to explore, develop, produce, transport, process, store, and market oil and gas from offshore Malaysia. As a result, ExxonMobil acquired operating mineral interests in such offshore oil and gas reserves for federal income tax purposes.

26.    Under the PSCs, among other commitments, ExxonMobil agreed to make certain contractual payments (the "**PSC Payments**") to the MNOC in the future based on the value of the petroleum after transportation, storage, processing, and marketing.

27.    Pursuant to the PSCs, ExxonMobil has made investments both onshore and offshore in Malaysia, including significant investments in offshore platforms; a pumping, compression, and pipeline network; and transportation, storage, processing, and terminal facilities (collectively, the "**Petroleum Operations**").  The valuation point for determining the amount of the PSC Payments occurs only after substantial non-extraction activities associated with the Petroleum Operations have taken place.

28.    For federal income tax purposes, the transactions under the PSCs, under all the facts and circumstances, are purchases because the MNOC did not retain an economic interest in the minerals in place under 26 C.F.R. § 1.611-1(b)(1) and controlling case law.  *See, e.g., Comm'r v. Sw. Exploration Co.*, 350 U.S. 308 (1956); *Anderson v. Helvering*, 310 U.S. 404 (1940); *Palmer v. Bender*, 287 U.S. 551 (1933); *Burnet v. Harmel*, 287 U.S. 103 (1932).  The MNOC became entitled to, and has received, payments that are substantially unrelated to the value of the crude oil and natural gas at the point of extraction and that reflect the significant value of petroleum after being transported, stored, processed, and marketed by ExxonMobil.  Therefore, the PSC transactions are purchases, not mineral leases, and ExxonMobil properly reported the PSC Payments as deferred purchase payments of principal and interest under section 483.

29.    The method for calculating the unstated interest on the deferred purchase payments is set forth in 26 C.F.R. § 1.483-4.

30.    The principal portion of these payments increases depletable basis, and the interest expense portion of these payments is apportioned between U.S. and foreign source income.

31.   For the Disputed Tax Years, these adjustments increase taxable income by increasing foreign source income more than U.S. source income is reduced.  Additional foreign tax credits satisfy the taxes that would be owed on the additional foreign source income.  Thus, the claims reflect a refund of income taxes paid that results principally from the reduction of U.S. source income.

## IV. CLAIMS FOR RELIEF

### COUNT I – OVERPAYMENT OF INCOME TAX – ALCOHOL FUEL CREDIT

32.   ExxonMobil incorporates by reference the allegations contained in the above paragraphs.

33.   The Commissioner erroneously disallowed ExxonMobil's claims for a refund of income tax paid for 2008 and 2009 as a result of erroneously determining that the Alcohol Fuel Credit is included in gross income.

34.   ExxonMobil seeks recovery for such portions of the overpayment of federal income taxes for 2008 and 2009 that were erroneously assessed and collected by the Commissioner as a result of this erroneous determination and correlative adjustments, including any additional carrybacks or carryovers that may be applied to the Disputed Tax Years.

35.   ExxonMobil is the sole owner of this claim and has made no assignment or transfer of any part of this claim.

### COUNT II – OVERPAYMENT OF INCOME TAX – DFAs

36.   ExxonMobil incorporates by reference the allegations contained in the above paragraphs.

37.   The Commissioner erroneously disallowed ExxonMobil's claims for a refund of income tax paid for the Disputed Tax Years as a result of erroneously determining that the DFA transactions are mineral leases and not purchases for federal income tax purposes.

ORIGINAL COMPLAINT – PAGE 10

38.    ExxonMobil seeks recovery for such portions of the overpayment of federal income taxes for the Disputed Tax Years that were erroneously assessed and collected by the Commissioner as a result of this erroneous determination and correlative adjustments, including any additional carrybacks or carryovers that may be applied to the Disputed Tax Years.

39.    ExxonMobil is the sole owner of this claim and has made no assignment or transfer of any part of this claim.

### COUNT III – OVERPAYMENT OF INCOME TAX – PSCs

40.    ExxonMobil incorporates by reference the allegations contained in the above paragraphs.

41.    The Commissioner erroneously disallowed ExxonMobil's claims for a refund of income tax paid for the Disputed Tax Years as a result of erroneously determining that the PSC transactions are mineral leases and not purchases for federal income tax purposes.

42.    ExxonMobil seeks recovery for such portions of the overpayment of federal income taxes for the Disputed Tax Years that were erroneously assessed and collected by the Commissioner as a result of this determination and correlative adjustments, including any additional carrybacks or carryovers that may be applied to the Disputed Tax Years.

43.    ExxonMobil is the sole owner of this claim and has made no assignment or transfer of any part of this claim.

### V. CONDITIONS PRECEDENT

44.    All conditions precedent have been satisfied.

### VI. PRAYER FOR RELIEF

FOR ALL THESE REASONS, ExxonMobil prays that the Court enter judgment against the United States:

**ORIGINAL COMPLAINT – PAGE 11**

a. Awarding ExxonMobil the overpayments of taxes for the taxable years 2006, 2007, 2008, and 2009 in the amounts set forth in paragraphs 3(b)-(e) of this complaint, or such other amount as is legally refundable, plus statutory interest as provided by law; and

b. Awarding ExxonMobil all other relief to which it is entitled.

Respectfully submitted,

THOMPSON & KNIGHT LLP

By: _____

    Emily A. Parker
    Texas Bar No. 15482500
    emily.parker@tklaw.com

    Mary A. McNulty
    Texas Bar No. 13839680
    mary.mcnulty@tklaw.com

    William M. Katz, Jr.
    Texas Bar No. 00791003
    william.katz@tklaw.com

1722 Routh Street, Suite 1500
Dallas, Texas 75201
(214) 969-1700
FAX (214) 969-1751

MILLER & CHEVALIER, CHARTERED

    Kevin L. Kenworthy
    D.C. Bar No. 414887
    kkenworthy@milchev.com

    George A. Hani
    D.C. Bar No. 451945
    ghani@milchev.com

900 16th Street NW
Washington, D.C. 20006
(202) 626-5800
FAX (202) 626-5801

**ATTORNEYS FOR PLAINTIFF
EXXON MOBIL CORPORATION**

**TAB 8**

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

EXXON MOBIL CORPORATION,

        Plaintiff,

v.

                                  CIVIL ACTION NO. 3:16-cv-2921-N

UNITED STATES OF AMERICA,

        Defendant.

<u>**PLAINTIFF EXXON MOBIL CORPORATION'S**</u>

<u>**FIRST SUPPLEMENTAL COMPLAINT**</u>

Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, Exxon Mobil Corporation, the common parent of an affiliated group of corporations (collectively, "**ExxonMobil**"), files this complaint to supplement, but not amend, its Original Complaint in this lawsuit. The Original Complaint focuses on the improper disallowance of claims for refund of income tax paid related to alcohol blending activities and the improper characterization of certain transactions as mineral leases, rather than purchases, for federal income tax purposes. In contrast, this First Supplemental Complaint seeks a refund of penalties and any related interest that the Commissioner of the Internal Revenue Service (the "**IRS**") erroneously or illegally assessed and collected without authority from ExxonMobil on the income tax refund claims at issue in this lawsuit.

As set forth in the Original Complaint, ExxonMobil timely filed claims for refund of federal income taxes erroneously assessed and collected from ExxonMobil for its 2006 – 2009 tax years on the grounds that certain transactions were purchases, rather than mineral leases, for federal income tax purposes (the "**Purchase Refund Claims**"). ExxonMobil is entitled to a

refund of the section 6676 penalties[1] (the "**Section 6676 penalties**") that the Commissioner illegally or erroneously assessed and collected on the Purchase Refund Claims for five reasons. First, the Purchase Refund Claims were not made for an excessive amount because they are allowable in full. Second, the Purchase Refund Claims have a reasonable basis, and therefore the Section 6676 penalties do not apply. Third, before the initial determination of the assessment of the Section 6676 penalties, the IRS failed to obtain the written managerial approval of the Section 6676 penalties required by section 6751(b)(1). Fourth, the IRS's assessment of the Section 6676 penalties on ExxonMobil for making the Purchase Refund Claims violates the Petitions Clause of the First Amendment and is unconstitutional. Fifth, and alternatively, the IRS failed to follow its rule of equity and good conscience and therefore abused its discretion by imposing the Section 6676 penalty on ExxonMobil four times when the grounds for each of the Purchase Refund Claims were substantially the same and the IRS addressed them together.

ExxonMobil files this First Supplemental Complaint to recover the erroneously or illegally assessed and collected Section 6676 penalties and any related interest erroneously assessed and collected thereon, plus statutory interest as provided by law, for ExxonMobil's taxable years 2006 through 2009 (collectively, the "**Disputed Tax Years**").[2]

## I. PARTIES

1.     The parties remain the same.

## II. JURISDICTION AND VENUE

### Jurisdiction

2.     The Court has jurisdiction over this dispute under 28 U.S.C. § 1346(a)(1) because this is an action against the United States for the recovery of penalties and other sums

---

[1] Unless otherwise stated, all "section" references herein are to the Internal Revenue Code of 1986 (26 U.S.C.), as amended, as in effect for the applicable time.
[2] ExxonMobil's taxable year is the calendar year.

erroneously or illegally assessed and collected without authority from ExxonMobil under the internal-revenue laws.

      a.    On July 7, 2016, the IRS proposed the Section 6676 penalties.  On July 12, 2016, ExxonMobil signed Form 5838-EC, *Agreement to Assessment and Collection of IRC section 6676 Erroneous Claim for Refund or Credit of Penalty*, and returned it to the IRS with directions to apply a deposit made on November 19, 2014 to pay the Section 6676 penalties.

      b.    On September 19, 2016, the IRS assessed the Section 6676 penalties and thereafter applied ExxonMobil's deposits to pay the penalties.

      c.    The total Section 6676 penalties assessed and paid for each of the Disputed Tax Years is as follows:

| Taxable Year | Penalty Paid |
|---|---|
| 2006 | $52,944,161 |
| 2007 | $59,595,206 |
| 2008 | $81,771,720 |
| 2009 | $13,215,459 |

      d.    On September 30, 2016, ExxonMobil timely filed Form 843, *Claim for Refund and Request for Abatement* ("**Form 843**"), for 2006 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of penalties of $52,944,161 plus statutory interest.

      e.    On September 30, 2016, ExxonMobil timely filed Form 843 for 2007 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of penalties of $59,595,206 plus statutory interest.

      f.    On September 30, 2016, ExxonMobil timely filed Form 843 for 2008 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of penalties of $81,771,720 plus statutory interest.

g.     On September 30, 2016, ExxonMobil timely filed Form 843 for 2009 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of penalties of $13,215,459 plus statutory interest.  ExxonMobil's Forms 843 for its 2006-2009 tax years filed on September 30, 2016, and referred to in subparagraphs 2d, e, f, and g are collectively referred to herein as the "First Penalty Refund Claim."

h.     On March 13, 2017, ExxonMobil timely filed a second Form 843 for 2006 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of penalties of $52,944,161 plus statutory interest on grounds that were not included in the First Penalty Refund Claim.

i.     On March 13, 2017, ExxonMobil timely filed a second Form 843 for 2007 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of penalties of $59,595,206 plus statutory interest on grounds that were not included in the First Penalty Refund Claim.

j.     On March 13, 2017, ExxonMobil timely filed a second Form 843 for 2008 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of penalties of $81,771,720 plus statutory interest on grounds that were not included in the First Penalty Refund Claim.

k.     On March 13, 2017, ExxonMobil timely filed a second Form 843 for 2009 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of penalties of $13,215,459 plus statutory interest on grounds that were not included in the First Penalty Refund Claim.  ExxonMobil's Forms 843 for its 2006-2009 tax years filed on March 13, 2017, and referred to in subparagraphs 2h, i, j, and k are collectively referred to herein as the "Second Penalty Refund Claim."

l.      On May 9, 2017, ExxonMobil timely filed a third Form 843 for 2006 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of penalties of $52,944,161 plus statutory interest on grounds that were not included in the First Penalty Refund Claim or Second Penalty Refund Claim.

m.      On May 9, 2017, ExxonMobil timely filed a third Form 843 for 2007 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of penalties of $59,595,206 plus statutory interest on grounds that were not included in the First Penalty Refund Claim or Second Penalty Refund Claim.

n.      On May 9, 2017, ExxonMobil timely filed a third Form 843 for 2008 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of penalties of $81,771,720 plus statutory interest on grounds that were not included in the First Penalty Refund Claim or Second Penalty Refund Claim.

o.      On May 9, 2017, ExxonMobil timely filed a third Form 843 for 2009 with the Internal Revenue Service Center in Ogden, Utah, claiming a refund of penalties of $13,215,459 plus statutory interest on grounds that were not included in the First Penalty Refund Claim or Second Penalty Refund Claim.  ExxonMobil's Forms 843 for its 2006-2009 tax years filed on May 9, 2017, and referred to in subparagraphs 2l, m, n, and o are collectively referred to herein as the "Third Penalty Refund Claim."

p.      The Third Penalty Refund Claim also claimed a refund of interest to the extent that the IRS did not apply ExxonMobil's deposits to the payment of the Section 6676 penalties, as ExxonMobil instructed, and erroneously accrued and collected interest.

q.      The IRS has not allowed or disallowed any of the First Penalty Refund Claim, the Second Penalty Refund Claim, or the Third Penalty Refund Claim.

r.    Therefore, the Court has jurisdiction because for each Disputed Tax Year ExxonMobil (i) made full payment of the Section 6676 penalties assessed and any interest accrued thereon, as required by 28 U.S.C. § 1346(a)(1) and *Flora v. United States*, 362 U.S. 145 (1960); (ii) timely filed its Form 843 claims for refund, as required by sections 6511(a) and 7422(a); and (iii) filed this First Supplemental Complaint within the time period prescribed in section 6532(a).

s.    On September 22, 2017, the Court granted Plaintiff's Motion for Leave to File a Supplemental Complaint and allowed Plaintiff to file a supplemental complaint on or before fourteen days after the earlier of the following events:  (a) the disallowance by the IRS of the third refund claim filed May 9, 2017, or (b) the expiration of the statutory six-month waiting period on November 8, 2017.  Because the IRS has not disallowed the third refund claim, ExxonMobil files this Supplemental Complaint on or before fourteen days after November 8, 2017.

## Venue

3.    Venue is proper in the Northern District of Texas under 28 U.S.C. § 1402 because Exxon Mobil Corporation's principal place of business is located in this judicial district.

### III. BACKGROUND

<u>No Excessive Amount of Refund</u>

4.    Section 6676(a) imposes a twenty percent (20%) penalty on the "excessive amount" of a claim for refund of income tax. Section 6676(b) defines the "excessive amount" as the amount by which the amount of the refund claim for any taxable year exceeds the amount of the refund claim allowable for such taxable year.

5.    As set forth in the Original Complaint, the Purchase Refund Claims are allowable in full.  As a result, there is no "excessive amount" of the Purchase Refund Claims to which the section 6676 penalty applies.

<u>Purchase Refund Claims have a Reasonable Basis</u>

6.    ExxonMobil filed the Purchase Refund Claims on June 26, 2014 and April 13, 2015.  The Purchase Refund Claims have a reasonable basis, as set forth in the Original Complaint, and were filed before December 19, 2015 (when 26 U.S.C. § 6676 was amended to change the standard from reasonable basis to reasonable cause).  Therefore, the Section 6676 penalties do not apply.

<u>IRS Failed to Obtain Statutorily Required Managerial Approval</u>

7.    Before the initial determination of the assessment of the Section 6676 penalties, the IRS failed to obtain the written managerial approval of the Section 6676 penalties required by section 6751(b)(1).  Consequently, the IRS erroneously assessed the Section 6676 penalties. *Chai v. Comm'r*, 851 F.3d 190, 223 (2d Cir. 2017).

<u>Section 6676 Penalties are Unconstitutional</u>

8.    The Petition Clause of the First Amendment prohibits the government from imposing monetary penalties on efforts to obtain redress from the government.  U.S. Const., amend. I.  A tax refund claim is a petition for redress that is protected by the Petition Clause of

the First Amendment, unless it is a sham petition. *Ryan, LLC v. Lew*, 934 F. Supp. 2d 159, 172 (D.D.C. 2013); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1080 n.4 (8th Cir. 1999). The Purchase Refund Claims are claims well-supported by the facts and law, as set forth in the Original Complaint, and are not sham petitions. Therefore, the IRS's assessment of the Section 6676 penalties on ExxonMobil for making the Purchase Refund Claims violates the Petition Clause of the First Amendment and is unconstitutional.

<u>IRS Failed to Follow its Procedures</u>

9.    IRS procedures require the IRS to apply a rule of equity and good conscience in determining whether to impose the Section 6676 penalty on multiple claims. I.R.M. § 20.1.5.16. The IRS failed to follow its rule of equity and good conscience and therefore abused its discretion by imposing the Section 6676 penalty on ExxonMobil four times when the grounds for each of the Purchase Refund Claims were substantially the same and the IRS addressed them together.

<u>No Interest on Section 6676 Penalties</u>

10.    ExxonMobil instructed the IRS to apply deposits to pay the Section 6676 penalties within 10 business days of their assessments. To the extent that the IRS did not apply ExxonMobil's deposits to the payment of the Section 6676 penalties within 10 business days of their assessment, the IRS erroneously accrued and collected interest under section 6601(e)(2)(A), (3).

## IV. CLAIMS FOR RELIEF

## COUNT I – SECTION 6676 PENALTIES

11.    ExxonMobil incorporates by reference the allegations contained in the above paragraphs.

12.    The IRS erroneously failed to allow ExxonMobil's claims for refund of the Section 6676 penalties because (i) the Purchase Refund Claims are allowable in full, so there is no excessive amount to which the section 6676 penalty applies; (ii) the Purchase Refund Claims have a reasonable basis; (iii) before the initial determination of the assessment of the Section 6676 penalties, the IRS failed to obtain the written managerial approval of the Section 6676 penalties required by section 6751(b)(1); (iv) the IRS's assessment of the Section 6676 penalties on ExxonMobil for making the Purchase Refund Claims violates the Petition Clause of the First Amendment and is unconstitutional; and (v) the IRS failed to follow its rule of equity and good conscience and therefore abused its discretion by imposing the Section 6676 penalty on ExxonMobil four times when the grounds for each of the Purchase Refund Claims were substantially the same and the IRS addressed them together.

13.    ExxonMobil seeks recovery of the Section 6676 penalties paid for the Disputed Tax Years that were erroneously or illegally assessed and collected without authority by the IRS and any related interest erroneously accrued thereon and collected from ExxonMobil.

14.    ExxonMobil is the sole owner of this claim and has made no assignment or transfer of any part of this claim.

## V. CONDITIONS PRECEDENT

15.    All conditions precedent have been satisfied.

## VI. PRAYER FOR RELIEF

FOR ALL THESE REASONS, ExxonMobil prays that, in addition to the relief requested in the Original Complaint, the Court enter judgment against the United States:

a.    Awarding ExxonMobil the overpayments of penalties for the taxable years 2006, 2007, 2008, and 2009 in the amounts set forth in paragraph 2(c) of this First Supplemental Complaint and any related interest erroneously accrued and collected, or such other amount as is legally refundable, plus statutory interest as provided by law; and

b.      Awarding ExxonMobil all other relief to which it is entitled.

Respectfully submitted,

THOMPSON & KNIGHT LLP

By: _____

Emily A. Parker
Texas Bar No. 15482500
emily.parker@tklaw.com
Mary A. McNulty
Texas Bar No. 13839680
mary.mcnulty@tklaw.com
William M. Katz, Jr.
Texas Bar No. 00791003
william.katz@tklaw.com
J. Meghan Nylin
Texas Bar No. 24070083
meghan.nylin@tklaw.com
Leonora S. Meyercord
Texas Bar No. 24074711
lee.meyercord@tklaw.com

1722 Routh Street, Suite 1500
Dallas, Texas 75201
(214) 969-1700
FAX (214) 969-1751

MILLER & CHEVALIER, CHARTERED

Kevin L. Kenworthy
D.C. Bar No. 414887
kkenworthy@milchev.com
George A. Hani
D.C. Bar No. 451945
ghani@milchev.com

900 16th Street NW
Washington, D.C. 20006
(202) 626-5800
FAX (202) 626-5801

**ATTORNEYS FOR PLAINTIFF
EXXON MOBIL CORPORATION**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was filed and served electronically through ECF on November 17, 2017, on all counsel of record.

*/s/  William M. Katz, Jr.*
William M. Katz, Jr.

# TAB 9

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

EXXON MOBIL CORPORATION,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

CIVIL ACTION NO. 3:16-cv-2921-N

---

**PLAINTIFF EXXON MOBIL CORPORATION'S RULE 52(B) MOTION
FOR ADDITIONAL FINDINGS**

---

The Court conducted a bench trial on the substantive tax issues on June 19-21 and 24, 2019.[1]  On February 24, 2020, the Court entered its Findings of Fact and Conclusions of Law (the "Decision") on the substantive tax issues and directed "the parties to file any request for additional findings under Rule 52(b) within twenty-eight (28) days of the date of this Order," or by March 23, 2020.  Decision at 25 [Dkt. 276].  Accordingly, ExxonMobil requests the additional findings discussed below.

Factual findings help an appellate court review a district court's decision.  *See Matter of Tex. Extrusion Corp.*, 836 F.2d 217, 220 (5th Cir. 1988).  Thus, findings of fact should be

---

[1] On March 22, 2019, the Court granted ExxonMobil's motion to bifurcate and scheduled a June 2019 trial on the substantive tax issues and a November 2019 trial on the penalty issues.  [Dkt. 149.]  The Court later stayed all matters in this case "pending resolution of the first phase bench trial."  [Dkt. 268.]  Now that the Court has issued its decision, the parties must address the penalty issues and are conferring about a proposed schedule.  If the parties cannot reach an agreement, they will ask the Court to set an appropriate schedule.

sufficiently detailed to permit the appellate court to obtain "a full understanding of the issues on appeal." *Chandler v. City of Dallas*, 958 F.2d 85, 90 (5th Cir. 1992) (quoting *Tex. Extrusion*, 836 F.2d at 221); *see* 9C CHARLES ALAN WRIGHT ET AL. FEDERAL PRACTICE AND PROCEDURE § 2582 (3d ed.) ("The primary purpose of Rule 52(b) is to enable the appellate court to obtain a correct understanding of the factual issues determined by the trial court as a basis for the conclusions of law and the judgment entered thereon."); *see also In re Cantera Dorado, Inc*., 512 B.R. 126, 129 (D.P.R. 2014) (noting that Rule 52(b) permits a court "to 'amplify or expand' [its] initial factual findings in order to improve the appellate court's review of the record" (quoting *Nat'l Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial, Inc*., 899 F.2d 119, 122 (1st Cir. 1990))). Consistent with these principles, ExxonMobil requests the additional findings below to provide the appellate court with a more thorough understanding of the facts underlying the Decision.

1.      The DFAs expressly grant numerous rights to the JVCos, including the rights to build, own, and operate transportation, storage, processing, liquefaction, and marketing facilities and businesses to manufacture, export, and deliver LNG, condensates, and LPG, and other petroleum byproducts to the international market.[2]

2.      The amount of production under the DFAs was defined by and subject to a ceiling.[3]

---

[2] *See* PTX 040/J006-0022-0024 (RL1 DFA); PTX 051/J011-0011-0014 (RL2 DFA); PTX 077/J013-0007-0012 (RL3 DFA); PTX 061/J019-0017-0029 (Sponsors' DFA); PTX 095/J016-0007-0012 (QG2 DFA); 1 Tr. 57:20-59:18, 62:16-63:1, 74:1-75:22 (Billings).

[3] *See* PTX 040/J006-0022, 0024-0025 (RL1 DFA); PTX 042/J008-0014-0016, 0018-0019 (RL1 Second Amended and Restated DFA); PTX 051/J011-0011-0012, 0014 (RL2 DFA); PTX 061/J019-0017, 0020-0021 (Sponsors' DFA); PTX 063-0017-0018, 0020-0021 (Sponsors' Amended and Restated DFA); 1 Tr. 57:20-58:4, 74:1-75:16 (Billings); *See* PTX 077/J013-0007-0009 (RL3 DFA); PTX 095/J016-0007-0009 (QG2 DFA); 1 Tr. 57:20-58:4, 74:1-75:16, 75:23-76:13 (Billings).

3.      Under the PSCs, ExxonMobil obtained various rights, including the rights to transport, process, store, and market oil and gas from offshore Malaysia.[4]

4.      If the JVCos or ExxonMobil breach their obligations under the DFAs or PSCs, SOQ and Petronas may recover damages.[5]  For example, if ExxonMobil fails to build the facilities to manufacture LNG, SOQ may still recover damages from ExxonMobil, even though there is no production.[6]

5.      The JVCos' onshore activities, which are all well beyond the point of extraction, constitute the overwhelming majority of each JVCo's total capital investment.[7]  ExxonMobil invested $15 billion in the onshore facilities and $5 billion in the offshore facilities, and only a portion of the $5 billion was necessary for extraction of the gas.[8]

6.      Most of the JVCos also made significant post-extraction investments in large insulated LNG ships that enabled them to transport the LNG to international markets.[9]

---

[4] *See* PTX 185-0047 (1976 PSC); PTX 192/J021-0018, 0027 (PM5 PSC); PTX 199/J026-0018, 0027 (PM8 PSC); PTX 221/J034-0013, 0072-0073 (Amended NGPSA); PTX 215/J032-0020, 0027 (1995 PSC); PTX 209/J029-0021, 0033 (PM9 PSC); PTX 222/J036-0021, 0045 (GPSC); PTX 229/J039-0016, 0026-0027 (2008 PSC); 2 Tr. 45:5-46:7 (Dingle).

[5] *See* PTX 040/J006-0050-0051 (RL1 DFA); PTX 051/J011-0028-0029 (RL2 DFA); PTX 077/J013-0036-0037 (RL3 DFA); PTX 061/J019-0040-0041 (Sponsors' DFA); PTX 095/J016-0038-0039 (QG2 DFA); Malaysia Contracts Act of 1950, Sections 74, 76 (Dkt. 163, Exhibit 3); PTX 215/J032-0095-0098 (1995 PSC); PTX 229/J039-0076 (2008 PSC); PTX 222/J036-0137 (GPSC); PTX 192/J021-0091-0094 (PM5 PSC); PTX 199/J026-0091-0094 (PM8 PSC); PTX 209/J029-0121-0124 (PM9 PSC).

[6] *See* PTX 040/J006-0050-0051 (RL1 DFA); PTX 051/J011-0028-0029 (RL2 DFA); PTX 077/J013-0036-0037 (RL3 DFA); PTX 061/J019-0040-0041 (Sponsors' DFA); PTX 095/J016-0038-0039 (QG2 DFA).

[7] *See* 2 Tr. 128:19-130:13 (Carpenter); PTX 500, slide 1; 1 Tr. 56:15-18; 65:21-66:3 (Billings).

[8] *See* 2 Tr. 128:19-130:13 (Carpenter).

[9] *See* PTX 040/J006-0022-0023 (RL1 DFA); PTX 051/J011-0012-0013, 0015 (RL2 DFA); PTX 077/J013-0010-0012 (RL3 DFA); PTX 061/J019-0018, 0023 (Sponsors' DFA); PTX 095/J016-0010, 0012 (QG2 DFA); 1 Tr. 56:15-18, 58:5-25, 70:6-13, 71:4-15 (Billings); 1 Tr. 115:4-13; 2 Tr. 13:15-16:22 (Sibal); PTX 499, slides 20-25; 2 Tr. 98:22-99:13 (McGill).

7.    On a dollars-per-MMBtu basis during 2006-2009, the JVCos' average LNG revenues from sales to international markets were more than seventeen times higher than the Al Khaleej gas project's average gas revenues from sales to the domestic Qatari market.[10]   The domestic gas was sold after transportation and processing and without liquefaction, so more than 94% of the LNG revenues were attributable to liquefaction.[11]

For the reasons given above, ExxonMobil respectfully requests that the Court enter these additional findings under Rule 52(b).

---

[10] PTX 500, slide 20.

[11] *See* 2 Tr. 157:18–23 (Carpenter); PTX 500, slide 20.

21-10373.5192

Respectfully submitted,

THOMPSON & KNIGHT LLP

Emily A. Parker
Texas Bar No. 15482500
emily.parker@tklaw.com
Mary A. McNulty
Texas Bar No. 13839680
mary.mcnulty@tklaw.com
William M. Katz, Jr.
Texas Bar No. 00791003
william.katz@tklaw.com
J. Meghan Nylin
Texas Bar No. 24070083
meghan.nylin@tklaw.com
Leonora S. Meyercord
Texas Bar No. 24074711
lee.meyercord@tklaw.com
Richard B. Phillips, Jr.
State Bar No. 24032833
rich.phillips@tklaw.com
Dina McKenney
Texas Bar No. 24092809
dina.mckenney@tklaw.com

1722 Routh Street, Suite 1500
Dallas, Texas 75201
(214) 969-1700
FAX (214) 969-1751

MILLER & CHEVALIER, CHARTERED

Kevin L. Kenworthy
D.C. Bar No. 414887
kkenworthy@milchev.com
George A. Hani
D.C. Bar No. 451945
ghani@milchev.com
Andrew L. Howlett
D.C. Bar No. 1010208
ahowlett@milchev.com

21-10373.5193

# TAB 10

Form **720**

(Rev. January 2009)

Department of the Treasury
Internal Revenue Service

# Quarterly Federal Excise Tax Return

▶ See the Instructions for Form 720.

OMB No. 1545-0023

Check here if:
☐ Final return
☐ Address change

Name

Number, street, and room or suite no.
(If you have a P.O. box, see the instructions.)

City, state, and ZIP code. (If you have a foreign address, see the instructions.)

Quarter ending

Employer identification number

| FOR IRS USE ONLY | |
|---|---|
| T | |
| FF | |
| FD | |
| FP | |
| I | |
| T | |

## Part I

| IRS No. | Environmental Taxes (attach Form 6627) | | Tax | IRS No. |
|---|---|---|---|---|
| 18 | Domestic petroleum oil spill tax | | | 18 |
| 21 | Imported petroleum products oil spill tax | | | 21 |
| 98 | Ozone-depleting chemicals (ODCs) | | | 98 |
| 19 | ODC tax on imported products | | | 19 |

| IRS No. | Communications and Air Transportation Taxes (see instructions) | | Tax | IRS No. |
|---|---|---|---|---|
| 22 | Local telephone service and teletypewriter exchange service | | | 22 |
| 26 | Transportation of persons by air | | | 26 |
| 28 | Transportation of property by air | | | 28 |
| 27 | Use of international air travel facilities | | | 27 |

| IRS No. | Fuel Taxes | Number of gallons | Rate | Tax | IRS No. |
|---|---|---|---|---|---|
| 60 | (a)  Diesel fuel, tax on removal at terminal rack | | $.244 | | |
| | (b)  Diesel fuel, tax on taxable events other than removal at terminal rack | | .244 | | 60 |
| | (c)  Diesel fuel, tax on sale or removal of biodiesel mixture other than removal at terminal rack | | .244 | | |
| 104 | Diesel-water fuel emulsion | | .198 | | 104 |
| 105 | Dyed diesel fuel, LUST tax | | .001 | | 105 |
| 107 | Dyed kerosene, LUST tax | | .001 | | 107 |
| 119 | LUST tax, other exempt removals (see instructions) | | .001 | | 119 |
| 35 | (a)  Kerosene, tax on removal at terminal rack (see instructions) | | .244 | | |
| | (b)  Kerosene, tax on taxable events other than removal at terminal rack | | .244 | | 35 |
| 69 | Kerosene for use in aviation (see instructions) | | .219 | | 69 |
| 77 | Kerosene for use in commercial aviation (other than foreign trade) | | .044 | | 77 |
| 111 | Kerosene for use in aviation, LUST tax on nontaxable uses | | .001 | | 111 |
| 79 | Other fuels (see instructions) | | | | 79 |
| 62 | (a)  Gasoline, tax on removal at terminal rack | | .184 | | |
| | (b)  Gasoline, tax on taxable events other than removal at terminal rack | | .184 | | 62 |
| | (c)  Gasoline, tax on sale or removal of alcohol fuel mixture other than removal at terminal rack | | .184 | | |
| 14 | Aviation gasoline | | .194 | | 14 |
| 112 | Liquefied petroleum gas (LPG) | | .183 | | 112 |
| 118 | "P Series" fuels | | .184 | | 118 |
| 120 | Compressed natural gas (CNG) (GGE = 126.67 cu. ft.) | | .183 | | 120 |
| 121 | Liquefied hydrogen | | .184 | | 121 |
| 122 | Any liquid fuel derived from coal (including peat) through the Fischer-Tropsch process | | .244 | | 122 |
| 123 | Liquid fuel derived from biomass | | .244 | | 123 |
| 124 | Liquefied natural gas (LNG) | | .243 | | 124 |

| IRS No. | Retail Tax | | Rate | Tax | IRS No. |
|---|---|---|---|---|---|
| 33 | Truck, trailer, and semitrailer chassis and bodies, and tractors | | 12% of sales price | | 33 |

| IRS No. | Ship Passenger Tax | Number of persons | Rate | Tax | IRS No. |
|---|---|---|---|---|---|
| 29 | Transportation by water | | $3 per person | | 29 |

| IRS No. | Other Excise Tax | Amount of obligations | Rate | Tax | IRS No. |
|---|---|---|---|---|---|
| 31 | Obligations not in registered form | | $ .01 | | 31 |

For Privacy Act and Paperwork Reduction Act Notice, see the instructions.    Cat. No. 10175Y    Form **720** (Rev. 1-2009)

Form 720 (Rev. 1-2009)

Page **2**

| IRS No. | Manufacturers Taxes | Number of tons | Sales price | Rate | Tax | IRS No. |
|---|---|---|---|---|---|---|
| 36 | Coal—Underground mined | | | $1.10 per ton | | 36 |
| 37 | | | | 4.4% of sales price | | 37 |
| 38 | Coal—Surface mined | | | $ .55 per ton | | 38 |
| 39 | | | | 4.4% of sales price | | 39 |
| | | | | Number of tires | Tax | IRS No. |
| 108 | Taxable tires other than biasply or super single tires | | | | | 108 |
| 109 | Taxable biasply or super single tires (other than super single tires designed for steering) | | | | | 109 |
| 113 | Taxable tires, super single tires designed for steering | | | | | 113 |
| 40 | Gas guzzler tax. Attach Form 6197. Check if one-time filing. . . . . . . .☐ | | | | | 40 |
| 97 | Vaccines (see instructions) | | | | | 97 |
| | **Foreign Insurance Taxes**—Policies issued by foreign insurers | Premiums paid | | Rate | Tax | IRS No. |
| 30 | Casualty insurance and indemnity bonds | | | $ .04 | | 30 |
| | Life insurance, sickness and accident policies, and annuity contracts | | | .01 | | |
| | Reinsurance | | | .01 | | |
| **1** | **Total.** Add all amounts in Part I. Complete Schedule A unless one-time filing    ▶ | | | | $ | |

**Part II**

| IRS No. | | | Rate | Tax | IRS No. |
|---|---|---|---|---|---|
| 41 | Sport fishing equipment (other than fishing rods and fishing poles) | | 10% of sales price | | 41 |
| 110 | Fishing rods and fishing poles (limits apply, see instructions) | | 10% of sales price | | 110 |
| 42 | Electric outboard motors | | 3% of sales price | | 42 |
| 114 | Fishing tackle boxes | | 3% of sales price | | 114 |
| 44 | Bows, quivers, broadheads, and points | | 11% of sales price | | 44 |
| 106 | Arrow shafts | | $ .45 per shaft | | 106 |
| | | Number of gallons | Rate | Tax | |
| 64 | Inland waterways fuel use tax | | $ .20 | | 64 |
| 125 | LUST tax on inland waterways fuel use (see instructions) | | .001 | | 125 |
| 51 | Alcohol and cellulosic biofuel sold as but not used as fuel | | | | 51 |
| 117 | Biodiesel sold as but not used as fuel | | | | 117 |
| | **Floor Stocks Tax** | | | Tax | |
| 20 | Ozone-depleting chemicals (floor stocks). Attach Form 6627. | | | | 20 |
| **2** | **Total.** Add all amounts in Part II    ▶ | | | $ | |

**Part III**

| | | | |
|---|---|---|---|
| 3 | Total tax. Add line 1, Part I, and line 2, Part II    ▶ | **3** | |
| 4 | Claims (see instructions; complete Schedule C) . . . . . ▶ | **4** | |
| 5 | Deposits made for the quarter . . . ▶ | **5** | |
| | ☐ Check here if you used the safe harbor rule to make your deposits. | | |
| 6 | Overpayment from previous quarters . ▶ | **6** | |
| 7 | Enter the amount from Form 720X included on line 6, if any . . . . ▶ | **7** | |
| 8 | Total of lines 5 and 6 . . . . . . . ▶ | **8** | |
| 9 | Add lines 4 and 8    ▶ | **9** | |
| 10 | **Balance Due.** If line 3 is greater than line 9, enter the difference. Pay the full amount with the return(see instructions)    ▶ | **10** | |
| 11 | **Overpayment.** If line 9 is greater than line 3, enter the difference. Check if you want the overpayment: ☐ **Applied to your next return, or** ☐ **Refunded to you.** | **11** | |

**Third Party Designee**

Do you want to allow another person to discuss this return with the IRS (see the instructions)?    ☐ **Yes.** Complete the following.    ☐ **No**

Designee name ▶ ____    Phone no. ( )    Personal identification number (PIN) ▶ ____

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ Signature ____    Date ____    ▶ Title ____

Type or print name below signature.    Telephone number ( )

**Paid Preparer's Use Only**

Preparer's signature ____    Date ____    Check if self-employed ☐    Preparer's SSN or PTIN ____

Firm's name (or yours if self-employed), address, and ZIP code ▶ ____    EIN ____    Phone no. ( )

Form **720** (Rev. 1-2009)

# TAB 11

# What is LNG?



**LNG is mostly methane, liquefied and stored at ambient pressure and at its bubble point temperature**

**Physical properties of LNG components:**

|  | Normal Boiling Point | Freezing Point |
|---|---|---|
| Nitrogen | -320 F | -346 F |
| Methane | -259 F (-160 C) | -296 F |
| Ethane | -127 F | -297 F |
| Propane | -44 F | -306 F |
| Isobutane | 11 F | -255 F |
| Normal Butane | 31 F | -217 F |
| Isopentane | 82 F | -256 F |
| Normal Pentane | 97 F | -202 F |
| Normal Hexane | 156 F | -140 F |
| Benzene | 176 F | 42 F |

**And of other compounds of interest:**

|  | Normal Boiling Point | Freezing Point |
|---|---|---|
| Water | 212 F | 32 F |
| Carbon Dioxide | -109 F* | -70 F** |
| Ethylene | -155 F | -273 F |

\* $CO_2$ boiling point at 5.2 atmospheres        \*\* CO2 sublimation point at atmospheric pressure

CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER

PTX 467-0004

EM_06-09_0325044

Case: 21-10373    Document: 38    Page: 146    Date Filed: 07/21/2021

21-10373.6977

# The LNG Value Chain

**ExxonMobil**

CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER

PIX 467-0007

EM_06-09_0325047



**Production**



**Wellstream Transport**



**Treating and Liquefaction**



**Storage and Loading**



**Shipping**



**Receiving Terminal**

21-10373.6980

7

# Components of Liquefaction Plant

**ExxonMobil**

CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER

**PTX 467-0021**

EM_06-09__0325061



```
                    Acid Gas          Refrigerant
                    Disposal          Preparation  →  Refrigeration
                       ↑              & Storage            ↑ ↓
                       |                  ↑                |
Inlet Facilities → Treating/ → Heavy          → Liquefaction
                   Dehydration  Hydrocarbon
                                Removal

                            Utilities
```

21-10373.6994

21

# Harbor at Ras Laffan



CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER

**PTX 467-0112**

EM_06-09_0325152



Feb 24, 2011 Simultaneous Loading of Six LNG Carriers

# LNG Receiving Terminal Schematic







RasGas

ExxonMobil

Train 7
Train 6
Train 5
Train 4
Train 3
Train 2
Train 1

AKG 2
AKG 1

Helium Plant

© RasGas Company Limited 2010

CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER

2:16-cv-02921-N-BH 0170
PTX 467-0197

EM_06-09_0325237
21-i0373.7170

# TAB 12

# Asset Overview - TCOT



## History
- Commissioned In 1983
- Operated by ExxonMobil for PETRONAS

### Major Milestones
- 1st crude in Nov 1983
- 1st off-gas sales to GPP in Dec 1984
- TCOT Process Upgrade Project in 1996

## Infrastructure
- 2-Train crude stabilization plant
- Crude Handling : 385,000 barrel / day
- Gas Handling : 20 mmscfd ( Turbo Booster Compressor)
  32 mmscfd ( Vapour Recovery Compressor)
- Produced Water Handling : 30,000 barrel / day
- Storage Capacity : Crude ( 2,500,000 barrels)
  Condensate ( 600,000 barrels )

## Current Production Rates*
- Incoming Crude : 230-270 KBD
- Total offgas : 30-40 mmscfd
- Water production : 5-15 KBD

10/30/2007 4:38 PM

ExxonMobil Production Company
ExxonMobil Proprietary

tabbies®

PL 318

EXHIBIT

21-10373.4064
EM_06-09_0002375



# Asset Overview - OSC



### History
- Commissioned in 1992
- Operated by ExxonMobil for PETRONAS

#### Major milestones
- 1991 : Phase II Delivery System Facility – PTG-03
- 1997 : Lawit Onshore Slug Catcher Facilities - PTG-06
- 1998 : OSC Water Handling PTG-08
- 2001 : Angsi Host Tie-in PTG-17

### Infrastructure
- 3-train gas handling plant
- Gas Handling : 1,800 mmscfd
- Condensate Handling : 15 000 barrel/day
- Slug Handling Capability : 11 000 barrel
- Produced Water Handling : 1200 barrel/day
- Designed as unmanned facility ; DCS mimicked in TCOT Control Room

### Current Production Rates
- Gas Sales : 1200-1700 mmscfd
- Condy Sales : 6.0 – 16.0 KBD

10/30/2007 4:38 PM

ExxonMobil Production Company
ExxonMobil Proprietary

21-10373.4905
EM_06-09_0002376

# TAB 13

## CERTIFICATE OF SERVICE

I, Kannon K. Shanmugam, a member of the Bar of this Court and counsel for appellant Exxon Mobil Corporation certify that, on July 21, 2021, a copy of the attached Record Excerpts was filed with the Clerk through the Court's electronic filing system.  I further certify that all parties required to be served have been served.

/s/ Kannon K. Shanmugam
KANNON K. SHANMUGAM